1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 9  JANE AND JOHN DOES 1 - 10, <br> individually and on behalf of others <br> 10  similarly situated, <br><br> 11           Plaintiffs, <br><br> 12      v. <br><br> 13  UNIVERSITY OF WASHINGTON, a <br> Washington public corporation; DAVID <br> 14  DALEIDEN, an individual; and ZACHARY <br> FREEMAN, an individual, <br><br> 15 <br>          Defendants. <br> 16 | No. <br><br> COMPLAINT - CLASS ACTION |

17      Plaintiffs, Jane and John Does, by and through their attorneys of record, bring this Class

18  Action Complaint on behalf of themselves and all those similarly situated against Defendants

19  University of Washington, David Daleiden, and Zachary Freeman.  Doe Plaintiffs seek to enjoin

20  the University of Washington from disclosing records in response to public records requests

21  submitted by Defendants Daleiden and Freemen unless their personal identifying information is

22  redacted from the records.  The records sought relate to the donation and transfer of fetal tissue

23  involving the University of Washington's Birth Defects Research Laboratory.  Doe Plaintiffs do

24  not object to disclosure of the substantive records themselves, but merely seek to have their

25  personal identifying information withheld to protect their safety and privacy.  In support of their

26  Complaint, Doe Plaintiffs allege as follows:

COMPLAINT - 1

## I.  PARTIES

### Proposed Class Representatives

1.  John Doe 1, who is an employee of Seattle Children's Hospital, and at all relevant times was a resident of the State of Washington.

2.  Jane Doe 2, who is an employee of the University of Washington's Birth Defects Research Laboratory.

3.  Jane Doe 3, who is an employee of Planned Parenthood of Greater Washington and North Idaho ("**PPGWNI**"), and at all relevant times was a resident of the State of Washington.

4.  Jane Doe 4, who is a former employee of Planned Parenthood Federation of America ("**PPFA**"), and at all relevant times was a resident of the State of New York.

5.  Jane Doe 5, who is an employee of Cedar River Clinics, and at all relevant times was a resident of the State of Washington.

6.  Jane Doe 6, who is an employee of Evergreen Hospital Medical Center, and at all relevant times was a resident of the State of Washington.

7.  Jane Doe 7, who is an employee of the University of Washington ("**UW**"), and at all relevant times was a resident of the State of Washington.

8.  Jane Doe 8, who is an employee of the University of Washington ("**UW**"), and at all relevant times was a resident of the State of Washington.

9.  This action is a class action filed by Jane and John Does 1-10 filed on behalf of all persons similarly situated (collectively, "Doe Plaintiffs").

### Defendants

10.  Defendant University of Washington ("UW") is a Washington public corporation.

11.  Defendant David Daleiden ("Daleiden") is an individual, also named here in his capacity as founder of the Center for Medical Progress.  On information and belief, Daleiden is a resident of the State of California.

COMPLAINT - 2

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1    12.    Defendant Zachary Freeman ("Freeman") is an individual and, on information

2    and belief, a resident of the State of Washington.

3                              **II.  JURISDICTION AND VENUE**

4    17.    Jurisdiction is proper in this Court under RCW 2.08.010, RCW 4.28.020, and

5    RCW 4.28.080.

6    18.    Venue is proper in this Court under RCW 42.56.540 because UW maintains the

7    records at issue in King County, Washington.

8                                       **III.  FACTS**

9    19.    The UW's Birth Defects Research Laboratory ("BDRL") is a lab and repository

10   that collects, identifies, processes, and distributes fetal tissue for research purposes to non-profit

11   and academic facilities across the country.

12   20.    Daleiden is an anti-abortion activist, founder of the Center for Medical Progress,

13   and creator of secretly-recorded videos, which showed Planned Parenthood employees

14   discussing fetal tissue donation.

15   21.    Freeman is the Director of Communications for the Family Policy Institute of

16   Washington, an anti-abortion organization which advocates for, among other policy initiatives,

17   defunding Planned Parenthood.

18   22.    On February 10, 2016, Daleiden submitted a request under Washington's Public

19   Records Act to the UW, seeking documents, communications, invoices, and purchase orders

20   exchanged between certain members and affiliates PPFA, PPGWNI, Cedar River Clinics, and

21   BDRL from 2010 to the present ("PR-2016-00109" or "Daleiden Request").  Attached at **Exhibit**

22   **A** is a copy of the Daleiden Request.

23   23.    Also on February 10, 2016, Freeman submitted a public records request to the

24   UW, seeking, slightly more broadly, documents, communications, invoices, and purchase orders

25   between "any executives, agents, employees, representatives, or volunteers . . . [of] any Planned

26   Parenthood affiliates in Washington State" and UW's fetal tissue laboratory from 2008 to the

COMPLAINT - 3

1   present ("PR-2016-00117" or "Freeman Request").   Attached at **Exhibit B** is a copy of the

2   Freeman Request.

3   24.   On or about July 21, 2016, UW notified "Individuals identified in records

4   responsive to David Daleiden request," including Plaintiff Does, that Daleiden had submitted a

5   public records request.  Attached at **Exhibit C** is a copy of the notice provided to Doe Plaintiffs

6   by the UW regarding the Daleiden Request.  The notice stated that the UW "intends to release

7   the requested records on August 5, 2016" and that if the Doe Plaintiffs "believe that some or all

8   of the records are exempt from public disclosure, you may wish to seek a court order to enjoin

9   the release."  The UW identified the deadline for providing it a "signed court order enjoining the

10  release" as August 4, 2016.

11  25.   On July 26, 2016, UW notified "Individuals identified in records responsive to

12  Zachary Freeman request," including certain Doe Plaintiffs, that Freeman had submitted a public

13  records request.  Attached at **Exhibit D** is a copy of the notice provided to certain Doe Plaintiffs

14  by the UW regarding the Freeman Request.  The notice stated that the UW "intends to release the

15  requested records on August 10, 2016" and that if Jane Does "believe that some or all of the

16  records are exempt from public disclosure, you may wish to seek a court order to enjoin the

17  release."  The UW identified the deadline for filing pleadings to enjoin release as August 9,

18  2016.

19  26.   Through counsel, the Doe Plaintiffs asked Daleiden and Freeman whether,

20  without narrowing the scope of the public records request, they would agree to accept the records

21  with redactions to the personal identifying information of the Doe Plaintiffs and all others

22  similarly situated.  Attached at **Exhibits E and F** are copies of those letters.  Daleiden and

23  Freeman both expressed willingness to consider redactions, but no agreement was reached

24  regarding the scope.  Accordingly, the Doe Plaintiffs were forced to file this action to protect

25  their safety and privacy, as well as that of all others similarly situated.

26

COMPLAINT - 4

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

27.     Jane and John Does 1 and 3-6, and all those similarly situated, are or were employed by a private entity involved in research using fetal tissue or fetal tissue donation procurement—including, but not limited to Seattle Children's Hospital, PPFA, PPGWNI, and Cedar River Clinics—or are or were contracting with, representing, interning, or volunteering for the same.  While some may be publicly associated with a respective private entity, these Doe Plaintiffs' names and/or other personal identifying information (work addresses, work or cell phone numbers, email addresses) are not publicly connected with involvement in fetal tissue donation or research.

28.     Jane Does 2, 7 and 8, and all those similarly situated, are or were employed by public agencies involved in research using fetal tissue or fetal tissue donation procurement—including, but not limited to, the UW, and specifically the BDRL—or are or were contracting with, representing, interning, or volunteering for the same.  While some may be publicly associated with their respective agencies, these Doe Plaintiffs' names and/or other personal identifying information (work addresses, work or cell phone numbers, email addresses) are not publicly connected with involvement in fetal tissue donation or research.

29.     The current political climate has heightened attention and awareness of fetal tissue donation and research, including the role played by providers of medical services who facilitate tissue donation by patients who consent to donating, as well as the work of researchers who use fetal tissue in their research.  Daleiden and the Center for Medical Progress played a direct role in creating that political climate, which has resulted in investigations by numerous state Attorneys General and federal congressional committees.  So far, none of the investigations have found any evidence of wrongdoing.  Also as a result of the same climate and attention, employees of such medical providers across the country, including in Washington State and including several individual Doe Plaintiffs, have been harassed, threatened, or witnessed incidents of violence due to their possible affiliation with fetal tissue donations.

COMPLAINT - 5

1    30.    The Doe Plaintiffs reasonably fear for their safety and privacy if their personal

2    identifying information is released and have no adequate remedy at law.

3                        **IV.  CLASS ACTION ALLEGATIONS**

4    31.    "Class" Definition. Pursuant to CR 23(b), Doe Plaintiffs 1-10 bring this case as a

5    class action on behalf of themselves and all individuals similarly situated as members of the

6    "Class."  The proposed Class, which Doe Plaintiffs 1-10 seek to represent, are those individuals

7    whose names and/or personal identifying information (work addresses, work or cell phone

8    numbers, email addresses ) are contained in documents prepared, owned, used, or retained by the

9    UW that are related to fetal tissue research or donations (the "**Documents**").  Doe Plaintiffs

10   include individuals who are or were employed by a private entity or public agency involved in

11   research using fetal tissue or fetal tissue donation procurement—including, but not limited to,

12   PPFA, PPGWNI, Cedar River Clinics, and the UW—or are or were contracting with,

13   representing, volunteering, or interning for the same.  Excluded from the Class are Defendants'

14   legal representatives, assignees, and successors.  Also excluded are the judge to whom this case

15   is assigned and any member of the judge's immediate family.

16   32.    Numerosity. On information and belief, there are at least 150 members in the

17   Class who are geographically dispersed throughout the State of Washington and the nation, who

18   are unable or reluctant to sue individually.  The members of the Class are so numerous that

19   joinder of each individual member is impracticable and the disposition of the claims of the Class

20   in a single action will provide substantial benefits to all parties and the Court.

21   33.    Commonality.  The questions of law and fact common to all Doe Plaintiffs and

22   members of the Class include, but are not necessarily limited to, whether the constitutional Right

23   to Privacy or Right to Associate exempt Plaintiff Does' and Class members' personal

24   information from disclosure here, and whether the Court should issue a temporary or permanent

25   order enjoining release of the unredacted Documents by UW.  Additional questions of law and

26

COMPLAINT - 6

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1  fact include, but are not limited to whether the personal information of the Doe Plaintiffs

2  employed by the UW is exempt from disclosure under RCW 42.56.230.

3       34.    Typicality.  Doe Plaintiffs claims are typical of the claims of the Class.  All

4  claims for all Doe Plaintiffs and members of the Class arise out of the same conduct by

5  Defendants and are based on the same legal and remedial theories.

6       35.    Adequacy.  Doe Plaintiffs are adequate representatives of the Class because their

7  interests do not conflict with the interests of the Class members they seek to represent.

8  Moreover, Doe Plaintiffs have retained counsel competent and experienced in prosecuting class

9  actions, intend to prosecute this action vigorously, and have the financial resources to do so.

10 Thus, the interests of Class members will be fairly and adequately protected.

11      36.    Appropriateness of Injunctive and Declaratory Relief.  Defendants have acted and

12 will act on grounds generally applicable to the Class, thereby making final injunctive and

13 corresponding declaratory relief appropriate with respect to the Class as a whole.  Prosecution of

14 separate actions by individual members of the Class would create the risk of inconsistent or

15 varying adjudications with respect to individual members of the Class that would establish

16 incompatible standards of conduct for Defendant UW.

17                      **FIRST CLAIM:  DECLARATORY JUDGMENT**

18      37.    Doe Plaintiffs repeat and reallege the allegations contained in the preceding

19 paragraphs.

20      38.    A substantial and actual controversy exists between Doe Plaintiffs and Defendants

21 on a matter of public importance, namely whether the Doe Plaintiffs' personal identifying

22 information is exempt from disclosure under Washington's Public Records Act, RCW Ch. 42.56.

23      39.    Under the Public Records Act, the actual or threatened disclosure of certain

24 information maintained by a public agency may be enjoined.  Here, Doe Plaintiffs seek a

25 declaratory judgment that their personal identifying information is exempt from disclosure.  A

26 declaratory judgment establishing the parties' legal rights in this regard will be conclusive.

COMPLAINT - 7

**SECOND CLAIM: VIOLATION OF RIGHT TO PRIVACY UNDER FEDERAL AND STATE CONSTITUTIONS**

41.     Doe Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs.

42.     Doe Plaintiffs' right to the nondisclosure of their personal identifying information is protected under the federal and Washington State constitutions.

43.     To the extent the PRA would mandate public disclosure of Doe Plaintiffs' personal identifying information, it would do so unreasonably, unnecessarily, or arbitrarily, and therefore unconstitutionally.

**THIRD CLAIM: VIOLATION OF RIGHT TO ASSOCIATE UNDER FEDERAL AND STATE CONSTITUTIONS**

44.     Doe Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs.

45.     The organizations with which Doe Plaintiffs associate are engaged in a form of expression protected under the federal and Washington State constitutions.

46.     Doe Plaintiffs' right to associate with the organizations in question is therefore likewise protected under the federal and Washington State constitutions.

47.     To the extent the PRA would mandate public disclosure of Doe Plaintiffs' personal identifying information, it would substantially chill both Doe Plaintiffs' participation in the expressive organizations in question, and the expression of the organizations themselves, in violation of the federal and Washington State constitutions.

**FOURTH CLAIM:  INJUNCTIVE RELIEF UNDER PUBLIC RECORDS ACT**

48.     Doe Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs.

49.     Doe Plaintiffs' personal identifying information is exempt from disclosure under the Public Records Act.  Disclosure of Doe Plaintiffs' personal identifying information would not be in the public interest, and would substantially and irreparably damage the Doe Plaintiffs

COMPLAINT - 8

1    and the vital governmental interest in ensuring the safety and privacy of individuals who are

2    employed by, contracting with, representing, interning, or volunteering for private organizations

3    who collaborate with governmental agencies, or those individuals who are employed by the

4    governmental agencies themselves.

5          50.    Doe Plaintiffs have no adequate remedy at law.  Final injunctive relief is

6    necessary to protect Plaintiffs and members of the Class from the release of exempt and private

7    information.

8                                **V.  PRAYER FOR RELIEF**

9          WHEREFORE, Doe Plaintiffs request judgment and seek relief against Defendants as

10   follows:

11         A.     For certification of a class as defined above;

12         B.     For appointment of Plaintiffs as representatives of the certified class;

13         C.     For appointment of the undersigned counsel as counsel for the certified class:

14         D.     Declaratory judgment that the Doe Plaintiffs' personal identifying information is

15   exempt from disclosure under the Public Records Act;

16         E.     Temporary, preliminary, and permanent injunctive relief enjoining UW from

17   publicly disclosing the Doe Plaintiffs' identities and/or personal identifying information,

18   including name, address, telephone number(s), and email address(es); any order directing release

19   of the records should call for redaction of the Doe Plaintiffs' identities and/or personal

20   identifying information; and

21         F.     For such other and further relief as the Court deems just and proper.

22

23

24

25

26

COMPLAINT - 9

1    DATED:  August 3, 2016.

2

**STOEL RIVES LLP**

Vanessa Soriano Power, WSBA No. 30777
3    vanessa.power@stoel.com

4

s/ Jill D. Bowman
5    Jill D. Bowman, WSBA No. 11754
jill.bowman@stoel.com

6

Stoel Rives LLP
7    600 University Street, Suite 3600
Seattle, WA 98101-4109
8    Telephone: (206) 624-0900/Fax: (206) 386-7500

9    Cooperating Attorney for Legal Voice

10   **LEGAL VOICE**

11
s/ Janet S. Chung
Janet S. Chung, WSBA No. 28535
12   jchung@legalvoice.com
Legal Voice
13   907 Pine Street, Suite 500
Seattle, WA 98101-1818
14   Telephone: (206) 682-9552/Fax: (206) 682-9556

15   **CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
16

17   s/ David Edwards
David Edwards, WSBA No. 44680
18   dedwards@corrcronin.com

19   s/ Steven W. Fogg
Steven W. Fogg, WSBA No. 23528
20   sfoff@corrcronin.com

21   s/ Mallory Bouchee
Mallory Bouchee, WSBA No. 50194
22   mbouchee@corrcronin.com
1001 Fourth Avenue, Suite 3900
23   Seattle, WA 98154-1051
Telephone: (206) 625-8600/Fax: (206) 625-0900

24
*Attorneys for Plaintiffs*
25

26

COMPLAINT - 10

87043506.2 0099880-01061

**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*