UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE AND JOHN DOES 1 - 10, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, a Washington public corporation; DAVID DALEIDEN, an individual; and ZACHARY FREEMAN, an individual;<br><br>Defendants. | No.<br><br>**MOTION FOR CLASS CERTIFICATION**<br><br>**Note for Motion: August 26, 2016** |

MOTION FOR CLASS CERTIFICATION – 1

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

87483350.1 0099880-01061

## I. INTRODUCTION, STATEMENT OF FACTS, AND RELIEF REQUESTED

Defendants David Daleiden and Zachary Freeman are anti-abortion activists who have submitted requests to the University of Washington ("UW") under the Public Records Act ("PRA"), seeking documents related to fetal tissue research or donations ("Requests"). Plaintiffs Jane and John Does 1-10 are current and former employees, contractors, representatives, volunteers, or interns of various entities involved in fetal tissue research or donations who have been notified that their names and/or other identifying information appear in the documents that are intended to be released ("Documents"). Public disclosure of the Documents without redaction of the identifying information of Plaintiffs and others similarly situated would violate constitutional protections and express PRA exemptions.[1]

There are approximately 150 individuals impacted by the proposed disclosures in response to the Requests, all of whom will be benefited by the relief of a single declaratory and injunctive order requiring the redaction of their personal identifying information from the Documents. Accordingly, in the interests of judicial economy and uniformity, Plaintiffs respectfully request that this Court certify—pursuant to FRCP 23(a) and b(2)—a Class consisting of:

> All individuals whose names and/or personal identifying information (work addresses, work or cell phone numbers, email addresses ) are contained in documents prepared, owned, used, or retained by the UW that are related to fetal tissue research or donations.

Plaintiffs also request that Vanessa Power, Jill Bowman, Janet Chung, Steven Fogg, David

---

[1] The facts relating to this case have been previously set out in Plaintiffs' concurrently filed Motion for Temporary Restraining Order and Preliminary Injunction and Plaintiffs will not burden the Court by further reiterating them here.

MOTION FOR CLASS CERTIFICATION – 2

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

87483350.1 0099880-01061

Edwards, and Mallory Bouchee be appointed as joint class counsel.

## II.  STATEMENT OF ISSUES

Should the court certify the proposed Class under FRCP 23(a) and 23(b)(2)?

## III.  EVIDENCE RELIED UPON

This motion is based upon the Declarations of Vanessa Power, David Edwards, and Janet Chung in Support of the Motion for Class Certification, filed herewith, and the pleadings concurrently filed in this case.

## IV.  AUTHORITY

The decision to grant or deny class certification is within the trial court's discretion. *See Parra v. Bashas', Inc.*, 536 F.3d 975, 977 (9th Cir. 2008).  To grant class certification, the Court determines whether the prerequisites of FRCP 23(a) are satisfied and that the class fits within at least one of the categories of FRCP 23(b). *See* FRCP 23.  This determination is made without respect to the merits of the case.  *See Stockwell v. City and County of San Francisco*, 749 F.3d 1107, 1111-12 (2014).

### A.  This Action Satisfies All Four Requirements of Rule 23(a)

In order to achieve class status, a putative class must satisfy four prerequisites:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

FRCP 23(a).  Plaintiffs meet these requirements.

#### 1.  The Class is Numerous

The proposed Class here includes approximately 150 members.  There is no magic number for determining whether a class size is sufficiently numerous, but "[i]n general, courts

MOTION FOR CLASS CERTIFICATION – 3

**Corr Cronin Michelson Baumgardner Fogg & Moore LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

87483350.1 0099880-01061

find the numerosity requirement satisfied when a class includes at least 40 members." *Rannis v. Recchia*, 380 F. Appx. 646, 651 (9th Cir. 2010); *see also Dunakin v. Quigley*, 99 F. Supp. 3d. 1297, 1326-27 (W.D. Wash. 2015) (Robart, J.) (granting class status to a group of approximately 300); *McCluskey v. Trustees of Red Dot Corp. Employee Stock Ownership Plan & Trust*, 268 F.R.D. 670, 673 (W.D. Wash. 2010) (Martinez, J.) (granting class status to a group of 27 plaintiffs). Typically, a fact-specific inquiry is appropriate to determine whether joinder would be impracticable. Impracticable does not mean impossible, but that it would be "difficult[] or inconvenien[t to] join[] all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913–14 (9th Cir. 1964).

In assessing impracticality of joinder, courts consider factors such as "(1) the judicial economy that will arise from avoiding multiple actions; (2) the geographic dispersion of members of the proposed class; (3) the financial resources of those members; (4) the ability of the members to file individual suits; and (5) requests for prospective relief that may have an effect on future class members." *McCluskey* at 674. All of these factors support a class action here. The alternative to class certification would be joining all individuals named in the records or the filing of separate lawsuits, which would only serve to impose unnecessary administrative burdens on the Court and financial burdens on the plaintiffs. These individual lawsuits would repetitively seek the exact same non-monetary relief for members distributed across and outside the State, making a single class action a far more practical solution to the challenge of disclosure under the Public Records Act. Finally, although this action does not seek relief from future requests, a class action would provide the State more guidance than would individualized actions on how to handle similar requests in the future. Thus, the requirement of numerosity is met.

MOTION FOR CLASS CERTIFICATION – 4

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

87483350.1 0099880-01061

### 2. There Are Numerous Common Questions of Law and Fact

Rule 23 requires that there are common issues of law or fact to all the class members. "What matters to class certification is . . . the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (internal citations omitted). This requirement is "construed permissively" and poses a "limited burden" because it "only requires a single significant question of law or fact." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998); *Mazza v. Am. Honda Motor Co.*, Inc., 666 F.3d 581, 589 (9th Cir. 2012). Here, the members of the proposed Class have common questions of law and fact on nearly every issue. All have personal identifying information that is found in the Documents. All wish to preclude the dissemination of that information. All rely, at a minimum, on the right to privacy and association that would be violated should their personal identifying information be released in response to the Requests. The ultimate legal question at the heart of this case—namely whether an exemption to the PRA prohibits release of the Documents without redaction—is universally applicable to all members of the proposed Class.

The only potential dissimilarity between the members of the proposed Class is that some class members are current or former employees of a public agency, and others are private citizens who interacted with the public agency. In particular, there is a potential that public employees are entitled to an additional argument for redaction under RCW 42.56.230(3). However—as detailed in Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction—the application of RCW 42.56.230(3) overlaps significantly with the right to privacy and association held by all class members. Thus, this potential dissimilarity does not present a conflict and does not weigh against certification because there are still multiple questions of law and fact that relate to all potential members of the proposed Class. Given these

MOTION FOR CLASS CERTIFICATION – 5

**CORR CRONIN MICHELSON BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

87483350.1 0099880-01061

facts, the commonality requirement is satisfied.

### 3. Plaintiffs Satisfy the Typicality Requirement

The third class action prerequisite is that the claims or defenses of the representative parties are typical of the claims or defenses of the class. "[T]he commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Wal-Mart*, 564 U.S. at 349 n. 5 (citation omitted). Plaintiffs represent a broad cross section of the types of individuals who would have personal identifying information contained in the Documents. Accordingly, Plaintiffs would suffer harms similar to those of the other members of the proposed Class, including disclosure of their information to the public and along with it the risk of harassment, anxiety, and physical harm. *See, e.g.*, Declarations of Jane and John Does (detailing the Does' reasonable fears relating to the disclosure of their personal information). Because the Plaintiffs represent the factual and legal issues that could arise among all the members of the proposed Class, the positions of the Doe Plaintiffs are typical of the class as a whole.

### 4. The Named Plaintiffs and Their Counsel Will Fairly and Adequately Protect the Interests of the Class

Finally, class certification can be granted only if "the representative parties will fairly and adequately protect the interests of the class." This prong has two sub-parts: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). The answers to both inquiries support certification of the proposed Class.

MOTION FOR CLASS CERTIFICATION – 6

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

87483350.1 0099880-01061

First, the Does are seeking declaratory and injunctive relief, and all of the other members of the proposed class are seeking the same declaratory and injunctive relief. There are no damages at stake, and thus, no conflict of interest between the representatives and the members of the proposed Class that would preclude the Does from making decisions that would benefit the remainder of the class. Indeed, the procedural posture of this action minimizes the possibility of conflict; the action seeks the redaction of the personal identifying information of the members of the proposed Class, and members are free to contact the Attorney General to have their information released if they disagree and would like their information disclosed nonetheless. Further, counsel for the proposed Class are serving pro bono and have no interest in the outcome of the case other than obtaining the declaratory and injunctive relief sought by all members of the proposed Class. Moreover, counsel have significant experience in litigation under the Public Records Act and with complex class action litigation. *See generally* Power Decl., Edwards Decl., Chung Decl.

Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the resources to do so. Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the Proposed Class. Thus, the adequacy of representation requirement is satisfied.

**B. Plaintiffs Meet the Requirements for Certification Under Rule 23(b)**

In addition to satisfying the four requirements of Rule 23(a), the proposed Class must qualify as at least one of the types of class actions identified in Rule 23(b). Here, Plaintiffs seek certification under CR 23(b)(2),[2] which applies whenever "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Rule

---

[2] The proposed Class could be certified under any of the Rule 23(b) class types, but Plaintiffs seek certification under Rule 23(b)(2) because it presents the clearest example of why a class is warranted in this case.

MOTION FOR CLASS CERTIFICATION – 7

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

87483350.1 0099880-01061

23(b)(2). "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Wal-Mart*, 564 U.S. at 360. "In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Id.*

This case arises from UW's decision to release the Documents without redacting the personal identifying information relating to members of the proposed Class. All members of the proposed Class will be equally impacted by a single declaratory ruling that the disclosure of such information is exempted under the PRA and a single injunctive order requiring UW to redact that information in compliance with the PRA. Moreover, injunctive relief on behalf of the proposed Class achieves systemic changes to UW's PRA process that would obviate the need for future lawsuits seeking similar relief. *See, e.g.*, *Dunakin*, 99 F. Supp. 3d. at 1333 ("If the putative class members were to proceed on an individual basis, they might obtain the individual services they seek without obtaining systemic changes to DHHS's conduct that would benefit the class as a whole, a result that could lead to countless individual claims seeking the exact same relief."). Accordingly, this proposed Class fits squarely within Rule 23(b)(2) and is appropriate for certification.

**C. The Court Should Approve Class Counsel**

Plaintiffs also seek appointment of Vanessa Power, Jill Bowman, Janet Chung, Steven Fogg, David Edwards, and Mallory Bouchee as joint class counsel. Pursuant to Rule 23(g), the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

MOTION FOR CLASS CERTIFICATION – 8

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

87483350.1 0099880-01061

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class when determining whom to appoint.

The accompanying declarations of David Edwards, Vanessa Power, and Janet Chung demonstrate that counsel meet these requirements. This Court should approve the undersigned counsel to represent the proposed Class.

## V. CONCLUSION

In light of the foregoing, the class should be certified and class counsel should be approved.

DATED: August 3, 2016.

**STOEL RIVES LLP**

*/s/ Vanessa Soriano Power*

Vanessa Soriano Power, WSBA No. 30777
vanessa.power@stoel.com
Jill D. Bowman, WSBA No. 11754
jill.bowman@stoel.com

Stoel Rives LLP
600 University Street, Suite 3600
Seattle, WA 98101-4109
Telephone: (206) 624-0900
Fax: (206) 386-7500

Cooperating Attorney for Legal Voice

**LEGAL VOICE**
Janet S. Chung, WSBA No. 28535
jchung@legalvoice.com
Legal Voice
907 Pine Street, Suite 500
Seattle, WA 98101-1818
Telephone: (206) 682-9552
Fax: (206) 682-9556

MOTION FOR CLASS CERTIFICATION – 9

**CORR CRONIN MICHELSON BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

87483350.1 0099880-01061

| | |
|---|---|
| 1 | |
| 2 | **CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP** |
| 3 | David Edwards, WSBA No. 44680 |
| | dedwards@corrcronin.com |
| 4 | Steven W. Fogg, WSBA No. 23528 |
| | sfoff@corrcronin.com |
| 5 | Mallory Bouchee, WSBA No. 50194 |
| | mbouchee@corrcronin.com |
| 6 | 1001 Fourth Avenue, Suite 3900 |
| | Seattle, WA 98154-1051 |
| 7 | Telephone: (206) 625-8600 |
| | Fax: (206) 625-0900 |
| 8 | |
| 9 | *Attorneys for Plaintiffs* |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

MOTION FOR CLASS CERTIFICATION – 10

**CORR CRONIN MICHELSON BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

87483350.1 0099880-01061