UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE AND JOHN DOES 1 - 10, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, a Washington public corporation; DAVID DALEIDEN, an individual; and ZACHARY FREEMAN, an individual,<br><br>Defendants. | No. 2:16-cv-01212<br><br>SECOND AMENDED COMPLAINT - CLASS ACTION |

Plaintiffs, Jane and John Does, by and through their attorneys of record, bring this Class Action Complaint on behalf of themselves and all those similarly situated against Defendants University of Washington, David Daleiden, and Zachary Freeman. Doe Plaintiffs seek to enjoin the University of Washington from disclosing records in response to public records requests submitted by Defendants Daleiden and Freemen unless their personal identifying information is redacted from the records. The records sought relate to the donation and transfer of fetal tissue involving the University of Washington's Birth Defects Research Laboratory. Doe Plaintiffs do not object to disclosure of the substantive records themselves, but merely seek to have their personal identifying information withheld to protect their safety and privacy. In support of their Complaint, Doe Plaintiffs allege as follows:

SECOND AMENDED COMPLAINT - 1

## I.  PARTIES

### Proposed Class Representatives

1. John Doe 1, who is an employee of Seattle Children's Hospital, and at all relevant times was a resident of the State of Washington.

2. Jane Doe 2, who is an employee of the University of Washington's Birth Defects Research Laboratory.

3. Jane Doe 3, who is an employee of Planned Parenthood of Greater Washington and North Idaho ("**PPGWNI**"), and at all relevant times was a resident of the State of Washington.

4. Jane Doe 4, who is a former employee of Planned Parenthood Federation of America ("**PPFA**"), and at all relevant times was a resident of the State of New York.

5. Jane Doe 5, who is an employee of Cedar River Clinics, and at all relevant times was a resident of the State of Washington.

6. Jane Doe 6, who is an employee of Evergreen Hospital Medical Center, and at all relevant times was a resident of the State of Washington.

7. Jane Doe 7, who is an employee of the University of Washington ("**UW**"), and at all relevant times was a resident of the State of Washington.

8. Jane Doe 8, who is an employee of the University of Washington ("**UW**"), and at all relevant times was a resident of the State of Washington.

9. This action is a class action filed by Jane and John Does 1-10 filed on behalf of all persons similarly situated (collectively, "Doe Plaintiffs").

### Defendants

10. Defendant University of Washington ("UW") is a Washington public corporation.

11. Defendant David Daleiden ("Daleiden") is an individual, also named here in his capacity as founder of the Center for Medical Progress. On information and belief, Daleiden is a resident of the State of California.

SECOND AMENDED COMPLAINT - 2

12. Defendant Zachary Freeman ("Freeman") is an individual and, on information and belief, a resident of the State of Washington.

## II.  JURISDICTION AND VENUE

17. Jurisdiction is proper in this Court under 28 U.S.C. § 1331.

18. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because the UW maintains all or substantially all of the records at issue in Seattle, Washington, or because Seattle is where the decision was made to produce the records at issue.

## III.  FACTS

19. The UW's Birth Defects Research Laboratory ("BDRL") is a lab and repository that collects, identifies, processes, and distributes fetal tissue for research purposes to non-profit and academic facilities across the country.

20. Daleiden is an anti-abortion activist, founder of the Center for Medical Progress, and creator of secretly-recorded videos, which showed Planned Parenthood employees discussing fetal tissue donation.

21. Freeman is the Director of Communications for the Family Policy Institute of Washington, an anti-abortion organization which advocates for, among other policy initiatives, defunding Planned Parenthood.

22. On February 10, 2016, Daleiden submitted a request under Washington's Public Records Act to the UW, seeking documents, communications, invoices, and purchase orders exchanged between certain members and affiliates PPFA, PPGWNI, Cedar River Clinics, and BDRL from 2010 to the present ("PR-2016-00109" or "Daleiden Request").  Attached at **Exhibit A** is a copy of the Daleiden Request.

23. Also on February 10, 2016, Freeman submitted a public records request to the UW, seeking, slightly more broadly, documents, communications, invoices, and purchase orders between "any executives, agents, employees, representatives, or volunteers . . . [of] any Planned Parenthood affiliates in Washington State" and UW's fetal tissue laboratory from 2008 to the

SECOND AMENDED COMPLAINT - 3

1  present ("PR-2016-00117" or "Freeman Request").  Attached at **Exhibit B** is a copy of the Freeman Request.

2  24.  On or about July 21, 2016, UW notified "Individuals identified in records responsive to David Daleiden request," including Plaintiff Does, that Daleiden had submitted a public records request. Attached at **Exhibit C** is a copy of the notice provided to Doe Plaintiffs by the UW regarding the Daleiden Request. The notice stated that the UW "intends to release the requested records on August 5, 2016" and that if the Doe Plaintiffs "believe that some or all of the records are exempt from public disclosure, you may wish to seek a court order to enjoin the release." The UW identified the deadline for providing it a "signed court order enjoining the release" as August 4, 2016.

25.  On July 26, 2016, UW notified "Individuals identified in records responsive to Zachary Freeman request," including certain Doe Plaintiffs, that Freeman had submitted a public records request. Attached at **Exhibit D** is a copy of the notice provided to certain Doe Plaintiffs by the UW regarding the Freeman Request. The notice stated that the UW "intends to release the requested records on August 10, 2016" and that if Jane Does "believe that some or all of the records are exempt from public disclosure, you may wish to seek a court order to enjoin the release." The UW identified the deadline for filing pleadings to enjoin release as August 9, 2016.

26.  Through counsel, the Doe Plaintiffs asked Daleiden and Freeman whether, without narrowing the scope of the public records request, they would agree to accept the records with redactions to the personal identifying information of the Doe Plaintiffs and all others similarly situated. Attached at **Exhibits E and F** are copies of those letters. Daleiden and Freeman both expressed willingness to consider redactions, but no agreement was reached regarding the scope. Accordingly, the Doe Plaintiffs were forced to file this action to protect their safety and privacy, as well as that of all others similarly situated.

SECOND AMENDED COMPLAINT - 4

27. Jane and John Does 1 and 3-6, and all those similarly situated, are or were employed by a private entity involved in research using fetal tissue or fetal tissue donation procurement—including, but not limited to Seattle Children's Hospital, PPFA, PPGWNI, and Cedar River Clinics—or are or were contracting with, representing, interning, or volunteering for the same. While some may be publicly associated with a respective private entity, these Doe Plaintiffs' names and/or other personal identifying information (work addresses, work or cell phone numbers, email addresses) are not publicly connected with involvement in fetal tissue donation or research.

28. Jane Does 2, 7 and 8, and all those similarly situated, are or were employed by public agencies involved in research using fetal tissue or fetal tissue donation procurement—including, but not limited to, the UW, and specifically the BDRL—or are or were contracting with, representing, interning, or volunteering for the same. While some may be publicly associated with their respective agencies, these Doe Plaintiffs' names and/or other personal identifying information (work addresses, work or cell phone numbers, email addresses) are not publicly connected with involvement in fetal tissue donation or research.

29. The current political climate has heightened attention and awareness of fetal tissue donation and research, including the role played by providers of medical services who facilitate tissue donation by patients who consent to donating, as well as the work of researchers who use fetal tissue in their research. Daleiden and the Center for Medical Progress played a direct role in creating that political climate, which has resulted in investigations by numerous state Attorneys General and federal congressional committees. So far, none of the investigations have found any evidence of wrongdoing. Also as a result of the same climate and attention, employees of such medical providers across the country, including in Washington State and including several individual Doe Plaintiffs, have been harassed, threatened, or witnessed incidents of violence due to their possible affiliation with fetal tissue donations.

SECOND AMENDED COMPLAINT - 5

30.     The Doe Plaintiffs reasonably fear for their safety and privacy if their personal identifying information is released and have no adequate remedy at law.

## IV.  CLASS ACTION ALLEGATIONS

31.     <u>"Class" Definition</u>. Pursuant to CR 23(b), Doe Plaintiffs 1-10 bring this case as a class action on behalf of themselves and all individuals similarly situated as members of the "Class."  The proposed Class, which Doe Plaintiffs 1-10 seek to represent, are those individuals whose names and/or personal identifying information (work addresses, work or cell phone numbers, email addresses ) are contained in documents prepared, owned, used, or retained by the UW that are related to fetal tissue research or donations (the "**Documents**").  Doe Plaintiffs include individuals who are or were employed by a private entity or public agency involved in research using fetal tissue or fetal tissue donation procurement—including, but not limited to, PPFA, PPGWNI, Cedar River Clinics, and the UW—or are or were contracting with, representing, volunteering, or interning for the same.  Excluded from the Class are Defendants' legal representatives, assignees, and successors.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

32.     <u>Numerosity</u>. On information and belief, there are at least 150 members in the Class who are geographically dispersed throughout the State of Washington and the nation, who are unable or reluctant to sue individually.  The members of the Class are so numerous that joinder of each individual member is impracticable and the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

33.     <u>Commonality</u>. The questions of law and fact common to all Doe Plaintiffs and members of the Class include, but are not necessarily limited to, whether the constitutional Right to Privacy or Right to Associate exempt Plaintiff Does' and Class members' personal information from disclosure here, and whether the Court should issue a temporary or permanent order enjoining release of the unredacted Documents by UW.  Additional questions of law and

SECOND AMENDED COMPLAINT - 6

1  fact include, but are not limited to whether the personal information of the Doe Plaintiffs
2  employed by the UW is exempt from disclosure under RCW 42.56.230.

3  34. <u>Typicality</u>.  Doe Plaintiffs claims are typical of the claims of the Class.  All claims for all Doe Plaintiffs and members of the Class arise out of the same conduct by Defendants and are based on the same legal and remedial theories.

6  35. <u>Adequacy</u>.  Doe Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class members they seek to represent. Moreover, Doe Plaintiffs have retained counsel competent and experienced in prosecuting class actions, intend to prosecute this action vigorously, and have the financial resources to do so. Thus, the interests of Class members will be fairly and adequately protected.

11  36. <u>Appropriateness of Injunctive and Declaratory Relief</u>.  Defendants have acted and will act on grounds generally applicable to the Class, thereby making final injunctive and corresponding declaratory relief appropriate with respect to the Class as a whole.  Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant UW.

**FIRST CLAIM:  DECLARATORY JUDGMENT**

18  37. Doe Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs.

20  38. A substantial and actual controversy exists between Doe Plaintiffs and Defendants on a matter of public importance, namely whether the Doe Plaintiffs' personal identifying information is exempt from disclosure under Washington's Public Records Act, RCW Ch. 42.56.

23  39. Under the Public Records Act, the actual or threatened disclosure of certain information maintained by a public agency may be enjoined.  Here, Doe Plaintiffs seek a declaratory judgment that their personal identifying information is exempt from disclosure.  A declaratory judgment establishing the parties' legal rights in this regard will be conclusive.

SECOND AMENDED COMPLAINT - 7

**SECOND CLAIM: VIOLATION OF RIGHT TO PRIVACY UNDER FEDERAL AND STATE CONSTITUTIONS**

41. Doe Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs.

42. Doe Plaintiffs' right to the nondisclosure of their personal identifying information is protected under the federal and Washington State constitutions.

43. To the extent the PRA would mandate public disclosure of Doe Plaintiffs' personal identifying information, it would do so unreasonably, unnecessarily, or arbitrarily, and therefore unconstitutionally.

**THIRD CLAIM: VIOLATION OF RIGHT TO ASSOCIATE UNDER FEDERAL AND STATE CONSTITUTIONS**

44. Doe Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs.

45. The organizations with which Doe Plaintiffs associate are engaged in a form of expression protected under the federal and Washington State constitutions.

46. Doe Plaintiffs' right to associate with the organizations in question is therefore likewise protected under the federal and Washington State constitutions.

47. To the extent the PRA would mandate public disclosure of Doe Plaintiffs' personal identifying information, it would substantially chill both Doe Plaintiffs' participation in the expressive organizations in question, and the expression of the organizations themselves, in violation of the federal and Washington State constitutions.

**FOURTH CLAIM:  INJUNCTIVE RELIEF UNDER PUBLIC RECORDS ACT**

48. Doe Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs.

49. Doe Plaintiffs' personal identifying information is exempt from disclosure under the Public Records Act.  Disclosure of Doe Plaintiffs' personal identifying information would not be in the public interest, and would substantially and irreparably damage the Doe Plaintiffs

SECOND AMENDED COMPLAINT - 8

1  and the vital governmental interest in ensuring the safety and privacy of individuals who are
2  employed by, contracting with, representing, interning, or volunteering for private organizations
3  who collaborate with governmental agencies, or those individuals who are employed by the
4  governmental agencies themselves.

5  50.  Doe Plaintiffs have no adequate remedy at law.  Final injunctive relief is
6  necessary to protect Plaintiffs and members of the Class from the release of exempt and private
7  information.

## V.  PRAYER FOR RELIEF

WHEREFORE, Doe Plaintiffs request judgment and seek relief against Defendants as follows:

A.  For certification of a class as defined above;

B.  For appointment of Plaintiffs as representatives of the certified class;

C.  For appointment of the undersigned counsel as counsel for the certified class:

D.  Declaratory judgment that the Doe Plaintiffs' personal identifying information is exempt from disclosure under the Public Records Act;

E.  Temporary, preliminary, and permanent injunctive relief enjoining UW from publicly disclosing the Doe Plaintiffs' identities and/or personal identifying information, including name, address, telephone number(s), and email address(es); any order directing release of the records should call for redaction of the Doe Plaintiffs' identities and/or personal identifying information; and

F.  For such other and further relief as the Court deems just and proper.

SECOND AMENDED COMPLAINT - 9

| | |
|---|---|
| 1  DATED: August 3, 2016. | **STOEL RIVES LLP** |
| 2 | */s/ Vanessa Soriano Power/* |
| 3 | Vanessa Soriano Power, WSBA No. 30777 |
| | vanessa.power@stoel.com |
| 4 | |
| | s/ Jill D. Bowman |
| 5 | Jill D. Bowman, WSBA No. 11754 |
| | jill.bowman@stoel.com |
| 6 | |
| 7 | Stoel Rives LLP |
| | 600 University Street, Suite 3600 |
| | Seattle, WA 98101-4109 |
| 8 | Telephone: (206) 624-0900/Fax: (206) 386-7500 |
| 9 | Cooperating Attorney for Legal Voice |
| 10 | **LEGAL VOICE** |
| 11 | |
| | s/ Janet S. Chung |
| 12 | Janet S. Chung, WSBA No. 28535 |
| | jchung@legalvoice.com |
| 13 | Legal Voice |
| | 907 Pine Street, Suite 500 |
| 14 | Seattle, WA 98101-1818 |
| | Telephone: (206) 682-9552/Fax: (206) 682-9556 |
| 15 | **CORR CRONIN MICHELSON** |
| 16 | **BAUMGARDNER & PREECE LLP** |
| 17 | s/ David Edwards |
| | David Edwards, WSBA No. 44680 |
| 18 | dedwards@corrcronin.com |
| 19 | s/ Steven W. Fogg |
| | Steven W. Fogg, WSBA No. 23528 |
| 20 | sfogg@corrcronin.com |
| 21 | s/ Mallory Bouchee |
| | Mallory Bouchee, WSBA No. 50194 |
| 22 | mbouchee@corrcronin.com |
| | 1001 Fourth Avenue, Suite 3900 |
| 23 | Seattle, WA 98154-1051 |
| | Telephone: (206) 625-8600/Fax: (206) 625-0900 |
| 24 | |
| | *Attorneys for Plaintiffs* |
| 25 | |
| 26 | |

SECOND AMENDED COMPLAINT - 10

| | |
|---|---|
| **From:** | David Daleiden |
| **To:** | pubrec@uw.edu |
| **Subject:** | Public Records: Fetal Tissue Documents |
| **Date:** | Wednesday, February 10, 2016 3:44:20 PM |

9 February 2016

**University of Washington**

Public Records and Open Meetings

4311 11th Ave NE, Ste. 360

Box 354997

Seattle, WA 98105

pubrec@uw.edu

Dear Public Records Officer:

Under the **Washington Public Records Act § 45.56** *et seq.*, I am requesting an opportunity to inspect or obtain copies of all documents that relate to the **purchase, transfer, or procurement of human fetal tissues**, human fetal organs, and/or human fetal cell products at the University of Washington Birth Defects Research Laboratory from **2010 to present**. Without prejudice to this general request, in particular I request access to and a copy of documents relating to:

**1)** All communications between the **University of Washington,** the **UW Birth Defects Research Laboratory, Alan Fantel,** or **Ian Glass;** and **Cedar River Clinics, Planned Parenthood of Greater Washington and North Idaho**, **Connie Cantrell**, **Karl Eastlund**, **Andrew Triplett**, **Denise Bayuszik**, or **Erica Garza**; including invoices, purchase orders, grant applications, contracts, materials transfer agreements, rent/lease agreements, and memoranda of understanding regarding the collection of fetal or placental tissues,

**2)** All invoices or purchase orders for fetal specimens procured by the University of

Washington's **Birth Defects Research Laboratory** from 2010 to present,

3) All communications and documents about any cost reimbursement from the University of Washington's **Birth Defects Research Laboratory** to **Planned Parenthood of Greater Washington and North Idaho**, and any communications with **Deborah VanDerhei**, from 2010 to present,

4) All invoices or purchase orders for fetal specimens from **Advanced Bioscience Resources, Inc.** from 2010 to present,

5) All invoices or purchase orders for fetal specimens or cell products from **Da Vinci Biosciences, LLC** or **DV Biologics, LLC**, from 2010 to present,

6) All invoices or purchase orders for fetal specimens or cell products from **StemExpress, LLC** from 2010 to present,

7) All invoices or purchase orders for fetal specimens or cell products from **Novogenix Laboratories, LLC**, from 2010 to present,

8) All communications with **Planned Parenthood of Greater Washington and North Idaho, Planned Parenthood Federation of America**, and affiliates, including invoices, purchase orders, contracts, materials transfer agreements, rent/lease agreements, and memoranda of understanding, regarding procurement or disposition of fetal or placental tissue, from 2010 to present,

9) Any other communications, emails, or other documents regarding items **1-8**.

If there are any fees for searching or copying these records, please inform me if the cost will exceed $100. However, I would also like to request a waiver of all fees in that the disclosure of the requested information is in the public interest and will contribute significantly to the public's understanding of bioethical regulations and fetal research. This information is not

being sought for commercial purposes.

The Washington Public Records Act requires that a response to this request be made within **5 business days**. If access to the records I am requesting will take longer, please contact me with information about when I might expect copies or the ability to inspect the requested records.

If you deny any or all of this request, please cite each specific statutory exemption you feel justifies the refusal to release the information and notify me of the appeal procedures available to me under the law. Also, please provide all segregable portions of otherwise exempt material. Please be advised that I am prepared to pursue whatever legal remedy necessary to obtain access to the requested records, and that violation of the open records law may result in the award of attorney fees and damages.

Thank you for your help accessing this information. Respectfully submitted,

David Daleiden

530.574.4045

david.daleiden@gmail.com

**The Center for Medical Progress**

15333 Culver Dr, Ste. 340-819

Irvine, CA 92647

Zachary Freeman
16108 Ash Way, Suite 113
Lynnwood, Washington 98087

February 10, 2016

Univ. of Washington School of Medicine
Office of Research and Graduate Education
Box 358048
Seattle, Washington 98195-4725

Attn: John T. Slattery, PhD.

Re: Public Records Request Regarding Communication with Planned Parenthood

Dear Dr. Slattery,

**Pursuant to RCW 42.17.010 to 42.17.350, and RCW 42.56.001 to 42.56.904,** I am requesting the following information be furnished to me in a timely fashion, in accordance with the requirements that the statute provides:

- All communications between the University of Washington Birth Defects Research Laboratory (UWBDRL) and any executives, agents, employees, representatives, or volunteers from Planned Parenthood of Greater Washington and North Idaho, Planned Parenthood of the Great Northwest and Hawaiian Islands, or any Planned Parenthood affiliates in Washington State, beginning January 1, 2008.
- Any itemized receipts or invoices pertaining to the transfer of funds either to or from a Planned Parenthood affiliate or organization.
- All documentation pertaining to the process or procedure of UWBDRL's acquisition of fetal tissue collected by Planned Parenthood.

Please respond in writing to my requests by mail or email address, listed below. As provided in the statutes, I will look for your response within five (5) business days from receipt of this letter.

Best Regards,

*[signature]*

Zachary Freeman
(615) 330-0341
zgf615@gmail.com



**UNIVERSITY OF WASHINGTON**
Office of Public Records and Open Public Meetings
4311 11th Ave NE Suite 360, Seattle, WA 98105

Thursday, July 21, 2016

To: Individuals identified in records responsive to David Daleiden request

Re: public records request PR-2016-00109

The University of Washington has received the attached request for records under the Washington State Public Records Act. Pursuant to RCW 42.56.540, we are providing this notice to you as a person to whom at least some of the responsive requests pertain.

The University intends to release the requested records on August 5, 2016. If you believe that some or all of the records are exempt from public disclosure, you may wish to seek a court order to enjoin the release.

In order to prevent the release of the records on August 5, 2016, you must provide this office with a copy of the signed court order enjoining the release by August 4, 2016. If you are represented by legal counsel in this matter, please have your attorney contact the University's lawyer, Nancy Garland, at 206.543.4150.

If I do not have a copy of a signed court order preventing release of the records from you or your legal counsel by August 4, 2016, the University will release the documents at noon on August 5, 2016.

Sincerely

Perry M. Tapper
Compliance Officer



**UNIVERSITY OF WASHINGTON**
Office of Public Records and Open Public Meetings
4311 11th Ave NE Suite 360, Seattle, WA 98105

Tuesday, July 26, 2016

To: Individuals identified in records responsive to Zachary Freeman request

Re: public records request PR-2016-00117

The University of Washington has received the attached request for records under the Washington State Public Records Act. Pursuant to RCW 42.56.540, we are providing this notice to you, as a person to whom at least some of the responsive requests pertain.

The University intends to release the requested records on August 10, 2016. If you believe that some or all of the records are exempt from public disclosure, you may wish to seek a court order to enjoin the release.

If you intend to seek a court order, you must provide this office with a copy of the signed court order enjoining the release by August 9, 2016. If you are represented by legal counsel in this matter, please have your attorney contact the University's lawyer, Nancy Garland, at 206.543.4150.

If I do not have this information from you by August 9, 2016, I assume you have no interest in asking the court for an enjoinment and therefore the University will release the documents at noon on August 10, 2016.

Sincerely

Perry M. Tapper
Compliance Officer

tel.: 206.543.9180     fax: 206.616.6294     email: pubrec@u.washington.edu     website: http://depts.washington.edu/pubrec/



600 University Street, Suite 3600
Seattle, Washington  98101
T. 206.624.0900
F. 206.386.7500
www.stoel.com

VANESSA SORIANO POWER
*Direct (206) 386-7553*
Vanessa.power@stoel.com

July 22, 2016

**VIA EMAIL: DAVID.DALEIDEN@GMAIL.COM**
**VIA U.S. FIRST-CLASS MAIL**

David Daleiden
The Center for Medical Progress
15333 Culver Dr., Ste. 340-819
Irvine, CA 92647

Re:   University of Washington Public Records Request - PR-2016-00109

Dear Mr. Daleiden:

I am writing regarding your public records request to the University of Washington, PR-2016-00109.  I represent individuals who received notice from the University of Washington that some of the records pertain to them and, absent an order enjoining disclosure, the records will be disclosed.  The individuals do not contest disclosure of the substance of the records, but believe that their identities and/or other personal identifying information are exempt from disclosure.

The purpose of this letter is to ask whether you would consider agreeing to accept the records with limited redactions, precluding disclosure of the identities and other personal identifying information of individuals.

I look forward to hearing from you.

Very truly yours,

*Vanessa Soriano Power*

Vanessa Soriano Power

87233663.1 0099880-01061



600 University Street, Suite 3600
Seattle, Washington  98101
T. 206.624.0900
F. 206.386.7500
www.stoel.com

VANESSA SORIANO POWER
*Direct (206) 386-7553*
Vanessa.power@stoel.com

July 27, 2016

**VIA EMAIL: ZGF615@GMAIL.COM**
**VIA U.S. FIRST-CLASS MAIL**

Zachary Freeman
16108 Ash Way, Suite 113
Lynnwood, Washington 98087

Re:   University of Washington Public Records Request - PR-2016-00117

Dear Mr. Freeman:

I am writing regarding your public records request to the University of Washington, PR-2016-00117.  I represent individuals who received notice from the University of Washington that some of the records pertain to them and, absent an order enjoining disclosure, the records will be disclosed.  The individuals do not contest disclosure of the substance of the records, but believe that their identities and/or other personal identifying information are exempt from disclosure.

The purpose of this letter is to ask whether you would consider agreeing to accept the records with limited redactions, precluding disclosure of the identities and other personal identifying information of individuals.

I look forward to hearing from you.

Very truly yours,

*Vanessa Soriano Power*

Vanessa Soriano Power

87237697.1 0099880-01061