1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOES 1-10, et al., | CASE NO. C16-1212JLR |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER |
| v. | |
| UNIVERSITY OF WASHINGTON, et al., | |
| Defendants. | |

## I.    INTRODUCTION

This matter comes before the court on Plaintiffs Jane Does 1-10 and John Does

1-10's (collectively, "Plaintiffs") motion for a temporary restraining order ("TRO").

(Mot. (Dkt. # 2).)  Plaintiffs seek to prevent Defendant University of Washington from

disclosing personal information pursuant to requests issued by Defendants David

Daleiden and Zachary Freeman under the Public Records Act ("PRA"), RCW ch. 42.56.

(*See generally* Mot.; Compl. (Dkt. # 1); 1st Am. Compl. (Dkt. # 22); 2d Am. Compl.

1   (Dkt. # 23).)  Having considered Plaintiffs' motion and the related filings, the appropriate

2   portions of the record, and the relevant law, and considering itself fully advised,[1] the

3   court GRANTS the motion and RESTRAINS the University of Washington from

4   releasing, altering, or disposing of the requested documents or disclosing the personal

5   identifying information of Plaintiffs pending further order of this court.

6                                    **II.    BACKGROUND**

7           On February 9, 2016, Mr. Daleiden issued a PRA request to the University of

8   Washington seeking to "inspect or obtain copies of all documents that relate to the

9   **purchase, transfer, or procurement of human fetal tissues**, human fetal organs, and/or

10  human fetal cell products at the University of Washington Birth Defects Research

11  Laboratory from **2010 to present**."  (Power Decl. (Dkt. # 5) ¶ 4, Ex. C (emphasis in

12  original).)  On February 10, 2016, Mr. Freeman issued a similar PRA request to the

13  University of Washington.  (*Id.* ¶ 6, Ex. E.)  Among other documents, these PRA requests

14  sought communications between the University of Washington or its Birth Defects

15  Research Laboratory on the one hand, and Cedar River Clinics, Planned Parenthood of

16  Greater Washington and North Idaho, or certain employees of Cedar River and Planned

17  Parenthood on the other hand.  (*Id.* at 1; *see also* Power Decl. Ex. C at 1.)  On July 21,

18  2016, the University of Washington notified Plaintiffs that absent a court order issued by

19  August 4, 2016, it would provide documents responsive to Mr. Daleiden's PRA request

20  without redaction at 12:00 p.m. on August 5, 2016.  (Does 1, 3-8 Decls. (Dkt. ## 6, 8-13)

21  _____

22          [1] The court finds a hearing unnecessary and impracticable in advance of the release of
    records, which is scheduled to begin on August 5, 2016.

1    ¶ 3, Ex. A.)  On July 26, 2016, the University of Washington issued a similar notice

2    related to Mr. Freeman's request and indicated that absent a court order, the University of

3    Washington would provide responsive documents without redaction on August 10, 2016.

4    (Does 1, 3-4 Decls. ¶ 4, Ex. B.)[2]

5           Plaintiffs object to disclosure of this information in unredacted form because it

6    includes personal information such as direct work phone numbers, work emails and

7    personal cell phone numbers.  (Mot. at 4; *see, e.g.,* Doe 5 Decl. ¶ 5 ("Any email contacts

8    I had with the BDRL would have highly personal information such as my name, email

9    address, and phone number.").)  On August 1, 2016, Plaintiffs notified Defendants of

10   their intent to file a complaint and motion for a TRO on August 3, 2016.  (Power Decl.

11   ¶¶ 14-15, Exs. M, N, O.)  Over the next two days, Plaintiffs discussed with Mr. Daleiden

12   (through counsel) and Mr. Freeman the possibility of amending the PRA requests to

13   allow for redactions.  (*Id.* ¶¶ 16-17, Exs. P, Q.)  However, the parties were unable to

14   come to an agreement.  (*Id.*)

15          Accordingly, on August 3, 2016, Plaintiffs filed a complaint on behalf of a

16   putative class seeking to enjoin the University of Washington from issuing unredacted

17   documents in response to the PRA requests.  (Compl.; *see also* 1st Am. Compl. (filed the

18   same day); 2d Am. Compl. (same).)  Plaintiffs simultaneously filed a motion seeking a

19

20   _____

21        [2] Jane Doe 2 omitted exhibits from her declaration, but the other Doe declarations
     sufficiently demonstrate that the University of Washington issued similar letters to individuals
22   implicated in the relevant PRA request.

ORDER- 3

1  TRO and preliminary injunction against disclosure.  (Mot.)  The component of that

2  motion seeking a TRO is now before the court.

3  ### III.   ANALYSIS

4  Federal Rule of Civil Procedure 65 empowers the court to issue a TRO.  Fed. R.

5  Civ. P. 65.  A plaintiff seeking a TRO in federal court must meet the standards for issuing

6  a preliminary injunction.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d

7  832, 839 n.7 (9th Cir. 2001).  Accordingly, Plaintiffs must establish that (1) they are

8  likely to succeed on the merits, (2) they are likely to suffer irreparable harm in the

9  absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an

10  injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20

11  (2008).[3]

12  Plaintiffs' motion and the evidence submitted therewith establishes the *Winter*

13  requirements.  Plaintiffs demonstrate that their claim has a likelihood of success on the

14  merits by arguing that this court has previously held that the PRA carves out disclosures

15  that would violate individuals' rights under the state and federal constitutions.  (Mot. at

16  7-13 (citing *Roe v. Anderson*, No. C14-5810RBL, 2015 WL 4724739 , at *3 (W.D. Wash.

17  Aug. 10, 2015)).)  Plaintiffs also show that absent a temporary restraining order, they will

18  likely suffer irreparable harm to their rights and safety via disclosure of personal

19

---

20  [3] Although the court need not reach this basis for relief here, a preliminary injunction is
21  also "appropriate when a plaintiff demonstrates that serious questions going to the merits were
    raised and the balance of hardships tips sharply in the plaintiff's favor," provided the plaintiff
22  also demonstrates that irreparable harm is likely and that the injunction is in the public interest.
    *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

1   identifying information.  (*See* Mot. at 5-6, 15; *see also* Doe Decls.)  In contrast, Mr.

2   Daleiden and Mr. Freeman will suffer minimal prejudice from a slight delay in

3   disclosure, during which the parties will brief the motion for a preliminary injunction and

4   the court will rule on that aspect of Plaintiffs' motion.[4]  The court therefore concludes

5   that the balance of equities favors Plaintiffs and that a TRO is in the public interest.

6        The court may grant a TRO "only if the movant gives security in an amount that

7   the court considers proper to pay the costs and damages sustained by any party found to

8   have been wrongfully . . . restrained."  Fed. R. Civ. P. 65(c).  However, a district court

9   "may dispense with the filing of a bond when it concludes there is no realistic likelihood

10  of harm to the defendant from enjoining his or her conduct."  *Jorgensen v. Cassiday*, 320

11  F.3d 906, 919 (9th Cir. 2003).  The only prejudice to Mr. Daleiden and Mr. Freeman is

12  the minimal burden caused by the delay.  *See supra* n.4.  The court therefore finds that

13  any potential costs and damages to Defendants are de minimis and declines to impose a

14  bond requirement.

15       Although Defendants have received notice of this lawsuit and motion, they have

16  not had the opportunity to respond.  *See* Local Rules W.D. Wash. LCR 65(b)(5) ("If the

17  movant meets the requirements of Fed. R. Civ. P. 65(b), the court may grant the motion

18  without awaiting a response."); *cf.* Fed. R. Civ. P. 65(b)(1) ("The court may issue a

19  temporary restraining order without written or oral notice to the adverse party or its

20  _____

21  [4] The TRO entered herein not only prevents the University of Washington from releasing
    the subject documents, but also from altering or disposing of them.  This requirement ensures
22  that the only foreseeable prejudice that Mr. Daleiden and Mr. Freeman face is from the minor
    delay in obtaining the documents.

ORDER- 5

1   attorney only if:  (A) specific facts in an affidavit or a verified complaint clearly show

2   that immediate and irreparable injury, loss, or damage will result to the movant before the

3   adverse party can be heard in opposition; and (B) the movant's attorney certifies in

4   writing any efforts made to give notice and the reasons why it should not be required.").

5   The court could not reasonably obtain a response from Defendants because absent an

6   order from the court, the University of Washington will disclose the information less than

7   48 hours from now.  (*See generally* Does 1-8 Decls. Exs. A, B.)  Plaintiffs have

8   demonstrated immediate and irreparable injury that would ensue and show that

9   Defendants have actual notice of the lawsuit.  (*See generally* Does 1-8 Decls.; *see also*

10  Power Decl. ¶¶ 14-15, Exs. M, N, O.)  Accordingly, the court finds it appropriate to

11  impose the TRO without first considering a response from Defendants.

12          Pursuant to Federal Rule of Civil Procedure 65(b)(2), the TRO instituted by this

13  order expires 14 days from the date of filing unless the court issues an extension.  *See*

14  Fed. R. Civ. P. 65(b)(2).  In addition, the court RENOTES Plaintiffs' motion for a

15  preliminary injunction for August 19, 2016.  *See* Fed. R. Civ. P. 65(b)(3) ("If the [TRO]

16  is issued without notice, the motion for a preliminary injunction must be set for hearing at

17  the earliest possible time . . . .").  Defendants' response is due no later than August 15,

18  2016, and Plaintiffs' reply, if any, is due no later than August 19, 2016.  Plaintiffs must

19  serve Defendants as soon as possible and in no event later than August 5, 2016, and must

20  promptly file proof of service on the docket.

21. //

22  //

1

## IV.   CONCLUSION

2       Based on the foregoing analysis, the court GRANTS Plaintiffs' motion for a

3   temporary restraining order (Dkt. # 2) and RESTRAINS the University of Washington

4   from releasing, altering, or disposing of the requested documents or disclosing the

5   personal identifying information of Plaintiffs pending further order of this court.  Unless

6   the court orders otherwise, the TRO expires 14 days from the date of this order at 11:59

7   PM.  The court RENOTES Plaintiffs' motion for a preliminary injunction (Dkt. # 2) for

8   August 19, 2016.  Finally, the court ORDERS Plaintiffs to serve Defendants no later than

9   August 5, 2016, and file proof of service on the docket.

10       Dated this 3ʳᵈ day of August, 2016.

11

12

                                    JAMES L. ROBART
13                                  United States District Judge

14

15

16

17

18

19

20

21

22

ORDER- 7