UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOES 1-10, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, et al.,<br><br>Defendants. | CASE NO. C16-1212JLR<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR AN EXTENSION OF THE TRO |

## I. INTRODUCTION

Before the court is Plaintiffs Jane Does 1-10 and John Does 1-10's (collectively, "Plaintiffs") motion to extend the duration of the existing temporary restraining order ("TRO") in this matter. (Mot. (Dkt. # 35).) On August 3, 2016, the court imposed a TRO pursuant to Federal Rule of Civil Procedure 65 prohibiting Defendant University of Washington ("UW") from (1) "releasing, altering, or disposing of" documents that Defendants David Daleiden and Zachary Freeman previously requested from UW under

1  the Public Records Act ("PRA"), RCW ch. 42.56, or (2) "disclosing the personal

2  identifying information of Plaintiffs" that may be contained in those documents.  (TRO

3  (Dkt. # 27) at 2.)  Without a further order of the court, the TRO expires on August 17,

4  2016, at 11:59 p.m.  (*See id.* at 7.)  Plaintiffs seek an extension of the TRO until the court

5  issues an order on Plaintiffs' pending motion for a preliminary injunction (TRO/PI Mot.

6  (Dkt. # 2)).  (*See generally* Mot.)

7       UW does not oppose Plaintiffs' motion (UW Resp. (Dkt. # 41)), but Mr. Daleiden

8  and Mr. Freeman do (Daleiden Resp. (Dkt. # 43); Freeman Resp. (Dkt. # 47)).  The court

9  has considered the motion, materials filed in support thereof and opposition thereto,[1] the

10  relevant portions of the record, and the applicable law.  Being fully advised,[2] the court

11  GRANTS Plaintiffs' motion and extends the duration of the TRO until such time as the

12  court resolves Plaintiffs' pending motion for a preliminary injunction.

13  //

---

[1] On August 17, 2016, Plaintiffs filed a reply memorandum in support of their motion to extend the TRO.  (Reply (Dkt. # 52).)  Mr. Daleiden filed an objection to this reply memorandum asserting that a reply is not permitted under Local Rule LCR 65(b)(5).  (Obj. (Dkt # 53) at 1 (citing Local Rule W.D. Wash. LCR 65(b)(5)).)  Local Rule LCR 65(b) applies to motions for temporary restraining orders.  *See* W.D. Wash. Local Rule 65(b) (making multiple references to motions for temporary restraining orders).  Plaintiffs' motion sought to extend the duration of an existing TRO.  The standards for such motions are distinct.  *Compare Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (reciting four-part test for a TRO), *with* Fed. R. Civ. P. 65(b)(2) (stating that the court may for "good cause" extend the period of a TRO).  Local Rule LCR 65(b) is thus inapplicable to motions to extend the period of a TRO.  Moreover, the reply memorandum had no impact on the court's ruling herein.  Accordingly, the court overrules Mr. Daleiden's objection to Plaintiffs' reply memorandum and denies his request to file a surreply.

[2] No party requested oral argument with respect to Plaintiffs' motion, and the court does not deem it necessary for resolution of the issues contained therein.  *See* Local Rule W.D. Wash. LCR 7(b)(4).

ORDER- 2

## II. BACKGROUND

On February 9, 2016, Mr. Daleiden issued a PRA request to the University of Washington seeking to "inspect or obtain copies of all documents that relate to the **purchase, transfer, or procurement of human fetal tissues**, human fetal organs, and/or human fetal cell products at the University of Washington Birth Defects Research Laboratory from **2010 to present**." (Power Decl. (Dkt. # 5) ¶ 4, Ex. C (emphasis in original).) On February 10, 2016, Mr. Freeman issued a similar PRA request to the University of Washington. (*Id.* ¶ 6, Ex. E.) Among other documents, these PRA requests sought communications between UW or its Birth Defects Research Laboratory on the one hand, and Cedar River Clinics, Planned Parenthood of Greater Washington and North Idaho, or certain individuals or employees of Cedar River and Planned Parenthood on the other hand. (*Id.* at 1; *see also id.* ¶ 4, Ex. C at 1-2.) Mr. Daleiden's PRA request specifically provides the names of eight such individuals. (*Id.* ¶ 4, Ex. C at 1-2.)

On July 21, 2016, UW notified Plaintiffs that absent a court order issued by August 4, 2016, it would provide documents responsive to Mr. Daleiden's PRA request without redaction at 12:00 p.m. on August 5, 2016. (Does 1, 3-8 Decls. (Dkt. ## 6, 8-13) ¶ 3, Ex. A.) On July 26, 2016, the UW issued a similar notice related to Mr. Freeman's request and indicated that absent a court order, UW would provide responsive documents without redaction on August 10, 2016. (Does 1, 3-4 Decls. ¶ 4, Ex. B.)[3]

---

[3] Jane Doe 2 omitted exhibits from her declaration, but the other Doe declarations sufficiently demonstrate that UW issued similar letters to individuals implicated in the relevant PRA request.

Plaintiffs object to disclosure of the requested documents in unredacted form because the documents include personally indentifying information such as direct work phone numbers, work emails, personal cell phone numbers, and other information. (Mot. at 4; *see, e.g.*, Doe 5 Decl. ¶ 5 ("Any email contacts I had with the BDRL would have highly personal information such as my name, email address, and phone number."); *see also* 2d Am. Compl. (Dkt. # 23) at 1 ("Doe Plaintiffs . . . seek to have their personal identifying information withheld to protect their safety and privacy.").) On August 1, 2016, Plaintiffs notified Defendants of their intent to file a complaint and motion for a TRO on August 3, 2016. (Power Decl. ¶¶ 14-15, Exs. M, N, O.) Over the next two days, Plaintiffs discussed with Mr. Daleiden (through counsel) and Mr. Freeman the possibility of amending their PRA requests to allow for redactions. (*Id.* ¶¶ 16-17, Exs. P, Q.) The parties were unable to come to an agreement. (*Id.*)

On August 3, 2016, Plaintiffs filed a complaint on behalf of a putative class seeking to enjoin UW from issuing unredacted documents in response to the PRA requests. (Compl. (Dkt. # 1); *see also* 1st Am. Compl. (Dkt. # 22) (filed the same day); 2d Am. Compl. (same).) Plaintiffs simultaneously filed a motion seeking both a TRO and a preliminary injunction against disclosure. (TRO/PI Mot.)

On August 3, 2016, the court granted Plaintiffs' motion for a TRO but set the TRO to expire on August 17, 2016, at 11:59 p.m. (TRO at 7.) The TRO restrains UW "from releasing, altering, or disposing of the requested documents or disclosing the personal identifying information of Plaintiffs pending further order of this court." (*Id.*) The court also noted Plaintiff's conjoined motion for a preliminary injunction for August 19, 2016.

1  (*Id.*)  Plaintiffs now move for an extension of the TRO until such time as the court hears

2  and decides Plaintiffs' motion for a preliminary injunction.  (Mot. at 1.)

3  UW does not oppose Plaintiffs' motion for an extension of the TRO.  (UW Resp.)

4  However, both Mr. Freeman and Mr. Daleiden oppose the motion on similar grounds.

5  (*See generally* Freeman Resp.; Daleiden Resp.)  First, they assert that Plaintiffs' claims

6  are moot because Mr. Freeman and Mr. Daleiden have agreed to the redaction of (1)

7  "[t]he personal contact information for all individuals identified in the requested records,"

8  and (2) "[t]he names of all individuals identified in the records, except for the names of

9  the eight individuals listed in Mr. Daleiden's PRA."  (Daleiden Resp. at 2; *see also*

10 Freeman Resp. at 2-3.)  Second, they argue that the TRO is overbroad because it enjoins

11 UW from releasing even redacted documents.  (Daleiden Resp. at 5-8; Freeman Resp. at

12 4.)  The court will address each of these arguments in turn.

13                          **III.    ARGUMENT**

14     Federal Rule of Civil Procedure 65(b)(2) requires:

15     Every temporary restraining order issued without notice must state the date
       and hour it was issued; describe the injury and state why it is irreparable;
16     state why the order was issued without notice; and be promptly filed in the
       clerk's office and entered in the record. The order expires at the time after
17     entry—not to exceed 14 days—that the court sets, unless before that time
       the court, for good cause, extends it for a like period or the adverse party
18     consents to a longer extension. The reasons for an extension must be
       entered in the record.
19
20 Fed. R. Civ. P. 65(b)(2).  Based on Rule 65(b)(2), the court set the present TRO to expire

21 on August 17, 2016 at 11:59 p.m.  (*See* TRO at 7.)  Accordingly, Plaintiffs must establish

22 "good cause" to extend the TRO beyond that time.  Fed. R. Civ. P. 65(b)(2).

ORDER- 5

Plaintiffs assert that there is good cause to extend the TRO until the court rules on their motion for a preliminary injunction for two reasons. (Mot. at 2-7.) First, Plaintiffs assert there was no need for the court to restrict the TRO to the 14-day period referenced in Rule 65(b)(2) because Defendants had notice of Plaintiffs' original motion for a TRO. (*Id.* at 2 (citing Power Decl. (Dkt. # 5) ¶¶ 14-15 and Edwards Decl. (Dkt. # 36) ¶ 2).) Indeed, as Plaintiffs point out, counsel for Mr. Daleiden filed a notice of appearance and two pro hac vice applications before the court entered its TRO demonstrating that Mr. Daleiden had prior notice. (*See* Dkt. ## 24-26.) Thus, Plaintiffs contend that the 14-day time limit referenced in Rule 65(b)(2) for temporary restraining orders issued without notice is inapplicable here. (*See generally* Mot. at 2-3.) Defendants have not denied they indeed received proper notice of Plaintiffs' motion for a TRO, nor have they addressed Plaintiffs' assertion that the court was not bound by Rule 65(b)(2)'s 14-day time limit. (*See generally* Freeman Resp.; Daleiden Resp.)

Second, Plaintiffs assert that there is good cause to extend the TRO because otherwise they will be at risk of losing their opportunity to seek relief at a preliminary injunction hearing. (Mot. at 3.) Plaintiffs assert that nothing has occurred to alter the court's analysis in its TRO and an extension is warranted to maintain the status quo and prevent the harm to Plaintiffs that the court identified in its previous order. (*Id.*)

The court agrees with Plaintiffs on both counts. There is no longer any need under Rule 65(b)(2) for the court to restrict the TRO to a 14-day period because Defendants received proper notice of Plaintiffs' motion and have now had an opportunity to respond. (*See* Daleiden Resp.; Freemand Resp.); *see also* Fed. R. Civ. P. 65(b)(4) (providing that

ORDER- 6

on 2 days' notice, the party adverse to a TRO may move to dissolve or modify the order). Thus, the 14-day restriction of Rule 65(b)(2) no longer applies. In addition, the court agrees that nothing has occurred to alter the analysis contained in the original TRO, and the court adopts and incorporates herein the findings and conclusions contained in that order concerning the requirements of *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). (*See* TRO at 4-6.) Accordingly, the court extends the present TRO until such time as the court rules on Plaintiffs' motion for preliminary injunction.

Defendants' counter arguments are both unavailing.[4] Defendants first contend that Plaintiffs' claims are moot because Defendants have agreed to amend their PRA requests to permit UW to redact (1) individuals' names, except for the names of the eight individuals contained in Mr. Daleiden's PRA request, and (2) any "personal contact information." (Daleiden Resp. at 2-5.) Defendants assert that none of the eight individuals named in Mr. Daleiden's PRA request are Doe Plaintiffs, and therefore their offer to accept redacted disclosures moots all of the Doe Plaintiffs' claims. Defendants further contend that because the Does Plaintiffs' claims are moot, they cannot represent a class of similarly situated plaintiffs, and accordingly, the court should deny Plaintiffs'

---

[4] UW does not oppose Plaintiffs' request for an extension of the TRO. (UW Resp.) However, UW does seek clarification whether it "is permitted to disclose to the plaintiffs' attorneys, the University's records that pertain to their clients." (*Id.* at 1.) Defendants oppose any alteration in the TRO that would permit UW to make such a disclosure to Plaintiffs. (*See* Daleiden Resp. at 6-7.) Accordingly, the court declines to modify its TRO to permit such a disclosure. Instead, the court will address this issue based on the additional briefing and argument and more robust record it anticipates receiving in response to Plaintiffs' motion for a preliminary injunction.

ORDER- 7

motion and permit the TRO to lapse. (*See id.* at 4-5 (citing *Genesis Healthcare Corp. v. Symczyk*, --- U.S. ---, 133 S. Ct. 1523, 1529 (2013)).)

The court disagrees that Plaintiffs' claims are moot for two reasons. First, the present record does not show that none of the eight individuals identified in Mr. Daleiden's PRA request are Doe Plaintiffs. In response to a request for clarification as to whether Plaintiffs' counsel represented the eight individuals identified in Mr. Daleiden's PRA request, Plaintiffs' counsel stated: "The eight named individuals are potential class members . . . and we are working with those individuals and others in the class to determine if your proposed redactions will be acceptable." (Trissell Decl. (Dkt. # 44) ¶¶ 7-8.) Of course, all of the Doe Plaintiffs are also "potential class members." Thus, Plaintiffs' counsel's response does not resolve whether any of the eight individuals named in the PRA request are Doe Plaintiffs in addition to potential class members. Further, Plaintiffs have a pending motion seeking permission to proceed in pseudonym. (Pseudonym Mot. (Dkt. # 15).) Accordingly, Plaintiffs' counsel may have felt ethically constrained from revealing the identity of any Doe Defendants—whether or not those individuals may have been otherwise known to Defendants' counsel. On the present record, Defendants have not established and the court cannot conclude that the eight individuals named in Mr. Daleiden's PRA request are not Doe Plaintiffs.

Second, even if none of the eight individuals named in Mr. Daleiden's PRA request are Doe Plaintiffs, Defendants' proposed redactions do not moot Plaintiffs' claims. There is a difference between the personal contact information that Mr. Daleiden and Mr. Freeman have agreed UW may redact from documents responsive to their PRA

requests and the personally identifying information at issue in Plaintiffs' claims.  (*See* 2d Am. Compl. at 1 ("Doe Plaintiffs seek to enjoin [UW] from disclosing records in response to public records requests submitted by Defendants Daleiden and Freeman unless their personal identifying information is redacted from the records.").)  Defendants' apparent agreement to the redaction of email addresses, phone numbers, and the like, may not be sufficient to protect Plaintiffs' identities.  Indeed, UW, the entity upon which the PRA appears to impose the responsibility for producing the documents at issue, has stated that "[p]ersonally identifiable information is logically a broader category than just names and contact information" and "would include any information from which a person's identity could be derived with reasonable certainty."  (UW Resp to PI Mot. (Dkt. # 45) at 2 n.2.)  Thus, on the present record, Defendants have not established and the court cannot conclude that Plaintiffs' claims are moot.

Nevertheless, although Plaintiffs have a pending motion for class certification, the class is still a putative one.  The Ninth Circuit counsels that "injunctive relief generally should be limited to apply only to named plaintiffs where there is no class certification." *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1501 (9th Cir. 1996); *see also Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983).  The Ninth Circuit has also held, however, that an injunction is not overbroad if it extends benefits to persons other than those before the court "if such breadth is necessary to give prevailing parties the relief to which they are entitled." *Easyriders*, 92 F.2d at 1501-02.  This is one such instance.  Because Plaintiffs seek to proceed as Does, the court can ensure that Plaintiffs receive the relief to which they are entitled under the TRO only by including all putative class

members within its scope. Further, any prejudice to Defendants as a result of the TRO including putative class members is minimal to nonexistent. Neither Mr. Daleiden nor Mr. Freeman assert that they have suffered any prejudice (*see* Daleiden Resp.; Freeman Resp.), and UW has not objected to the TRO or its scope (*see* UW Resp.).

The court concludes that the circumstances that lead it to issue the TRO on August 3, 2016, persist, and that Plaintiffs have established good cause for an extension of the TRO until such time as the court rules on Plaintiffs' motion for a preliminary injunction. The court further concludes that neither of the objections raised by Defendants warrant denying Plaintiffs' motion or reducing the scope of the original TRO. Accordingly, the court ORDERS that its August 3, 2016, TRO (Dkt. # 27) is extended until such time as the court resolves Plaintiffs' pending motion for a preliminary injunction. The court DIRECTS the parties to bring to the court's attention via motion any change in circumstances in the interim that might warrant either lifting the TRO or altering its scope.

## IV.   CONCLUSION

Based on the foregoing analysis, the court GRANTS Plaintiffs' motion (Dkt. # 35) to extend the duration of the present TRO (Dkt. # 27). The TRO will remain in effect

//
//
//
//
//

until such time as the court resolves Plaintiffs' pending motion for a preliminary injunction or until further order from this court.

Dated this 17th day of August, 2016.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER- 11