1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10

| JANE DOES 1-10, et al., | CASE NO. C16-1212JLR |
|---|---|
| Plaintiffs, | ORDER GRANTING MOTION TO PROCEED IN PSEUDONYM |
| v. | |
| UNIVERSITY OF WASHINGTON, et al., | |
| Defendants. | |

11
12
13
14
15
16

## I.    INTRODUCTION

Before the court is Plaintiffs Jane Does 1-10 and John Does 1-10's (collectively, "Doe Plaintiffs") motion for permission to proceed in pseudonym.  (Mot. (Dkt. # 15).) No party has filed a response to Plaintiffs' motion.  (*See generally* Dkt.)  The court has reviewed the motion, the relevant portions of the record, and the governing law.  Being fully advised, the court GRANTS Plaintiffs' motion.

//

17
18
19
20
21
22

ORDER- 1

## II.     BACKGROUND

Defendants David Daleiden and Zachary Freeman issued requests to Defendant University of Washington ("UW") under the Public Records Act ("PRA"), RCW ch. 42.56, for documents related to fetal tissue research and donations.  (*See* Power Decl. (Dkt. # 5) ¶¶ 4, 6, Exs. C, E.)  Doe Plaintiffs assert that the requested documents identify them and thereby implicate their constitutional rights.  (*See* Mot. at 1.)  To protect their identities, Doe Plaintiffs filed a putative class action lawsuit against Defendants alleging violations of their rights to privacy and freedom of association under the constitutions of the both United States and Washington State.  (*See* Compl. (Dkt. # 1); *see also* SAC (Dkt. # 23) ¶¶ 31-36 (asserting class allegations), 41-43 (alleging violation of right to privacy), 44-47 (alleging violation of freedom of association).)  Doe Plaintiffs seek both declaratory and injunctive relief under the PRA.  (*See* SAC ¶¶ 37-39, 48-50.)

On the same day that they filed suit, Doe Plaintiffs also filed a motion seeking both a temporary restraining order ("TRO") and a preliminary injunction.  (TRO/PI Mot. (Dkt. # 2).)  The court granted Doe Plaintiffs' motion for a TRO (TRO (Dkt. # 27)) and later extended the TRO until such time as the court rules on Doe Plaintiffs' pending motion for a preliminary injunction (8/17/16 Ord. (Dkt. # 54)).

Doe Plaintiffs also moved to proceed in pseudonym.  (*See generally* Mot.)  In support of their motion, Doe Plaintiffs rely on the declarations that they filed in support of their motion for a TRO and a preliminary injunction.  (*See* Mot. at 2 n.1; *see also* Gertzog Decl. (Dkt. # 3); Cantrell Decl. (Dkt. # 4); Power Decl. (Dkt. # 5); Doe 1 Decl. (Dkt. # 6); Doe 2 Decl. (Dkt. # 7); Doe 3 Decl. (Dkt. # 8); Doe 4 Decl. (Dkt. # 9); Doe 5

1    Decl. (Dkt. # 10); Doe 6 Decl. (Dkt. # 11); Doe Decl. 7 (Decl. # 12); Doe Decl. 8 (Dkt.

2    # 13).)  As mentioned above, no party has filed a response to Doe Plaintiffs' motion.

3    (*See generally* Mot.)  The court now considers Doe Plaintiffs' motion.

### III.    ANALYSIS

5        Under the court's Local Rules, "if a party fails to file papers in opposition to a

6    motion," the court may consider such failure "as an admission that the motion has merit."

7    *See* Local Rules W.D. Wash. LCR 7(b)(2).  Because no Defendant has filed papers in

8    opposition to Doe Plaintiffs' motion, the court considers this as an admission on the part

9    of Defendants that Doe Plaintiffs' motion is meritorious.

10       In any event, Doe Plaintiffs have met the required standard for proceeding

11   pseudonymously.  Generally, under Federal Rule of Civil Procedure 10(a), a plaintiff

12   must name all of the parties in the title of the complaint.  *See* Fed. R. Civ. P. 10(a).  A

13   party is permitted to use pseudonyms in a civil action, however,  if "the party's need for

14   anonymity outweighs prejudice to the opposing party and the public's interest in knowing

15   the party's identity."  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068

16   (9th Cir. 2000) (internal citations omitted).  In evaluating the need for anonymity, the

17   court evaluates the following factors:  (1) the severity of the threatened harm; (2) the

18   reasonableness of the anonymous party's fears; and (3) the anonymous party's

19   vulnerability to such retaliation.  *Id.*  The court should also determine the precise

20   prejudice at each stage of the proceedings to the opposing party, whether the proceedings

21   may be structured so as to mitigate that prejudice, and whether the public's interest in the

22   case would be best served by requiring that the litigants reveal their identities.  *Id.*

ORDER- 3

1  The court finds that the declarations upon which Doe Plaintiffs rely establish that

2  (1) anti-abortion activism has recently focused its attention on fetal tissue donation and

3  research programs; (2) the number and severity of threats, including threats of violence,

4  to facilities that provide abortion services or conduct research involving fetal tissue, and

5  to the employees of these facilities, is rising; (3) some of the facilities at issue in this

6  proceeding have suffered acts of vandalism and arson in recent months and the number of

7  such incidents in general is on the rise; and (4) in light of these threats and incidents of

8  violence, Doe Plaintiffs reasonably fear harm should their identities become public.  (*See*

9  *generally* Gertzog Decl.; Cantrell Decl.; *see also* Doe 1 Decl. ¶¶ 14-16; Doe 2 Decl.

10  ¶¶ 12-14; Doe 3 Decl. ¶¶ 9-16; Doe 4 Decl. ¶¶ 11-13; Doe 5 Decl. ¶¶ 6-7; Doe 6 Decl.

11  ¶¶ 6-7; Doe 7 Decl. ¶¶ 6-7; Doe 8 Decl. ¶¶ 5-6.)  Thus, the first three factors that the

12  court considers—the severity of the threatened harm, the reasonableness of Doe

13  Plaintiffs' fears, and Doe Plaintiffs' vulnerability—weigh in favor of proceeding

14  pseudonymously.[1]

15  In addition, the court finds no prejudice to Defendants in permitting Doe Plaintiffs

16  to proceed pseudonymously at least until such time in this proceeding as the court makes

17  an ultimately ruling on the substance of Doe Plaintiffs' claims.  Doe Plaintiffs seek only

18  declaratory and injunctive relief.  (*See generally* SAC.)  Thus, the court agrees that this is

19  not a case in which a jury might improperly draw implications that Plaintiffs' claims have

20  

21  ───────────────

22  [1] In addition, disallowing Doe Plaintiffs to proceed pseudonymously would vitiate the relief Doe Plaintiffs seek—the redaction of their identities and identifying information from the requested documents—before the court determines the ultimate merit of their claims.

ORDER- 4

1    merit from the court's allowance of anonymity.  (*See* Mot. at 4); *see also Dollar Sys., Inc.*

2    *v. Avacar Leasing Sys., Inc.*, 890 F.2d 165, 170 (9th Cir. 1989) ("The [S]eventh

3    [A]mendment preserves the right to trial by jury of all legal claims," whereas "no right to

4    a jury trial exists" for equitable claims.)  Indeed, as noted above, if Defendants perceived

5    some prejudice as a result of Doe Plaintiffs' anonymity, they could have filed a response

6    to the motion, but chose not to do so.

7    The court further finds little, if any, prejudice to the public.  The substance of Doe

8    Plaintiffs' claims is fully accessible to the public (*see, e.g.*, SAC), and the public will

9    have access to the ultimate outcome of this case and all of the court's intermediate

10   decisions.  Thus, apart from the ability to ascertain the exact identities of Doe Plaintiffs,

11   the public's view is unobstructed.  In this instance, the court concludes that the public has

12   minimal, if any, interest in knowing the identity of Doe Plaintiffs—at least until such

13   time as Doe Plaintiffs' claims are ultimately resolved.

14   The court has evaluated all of the factors that the Ninth Circuit counsels the court

15   to assess when reviewing a request to proceed pseudonymously.  *See Does I thru XXIII*,

16   214 F.3d at 1068.  All of the relevant factors weigh in favor of granting Doe Plaintiffs'

17   motion.  The court also considers Defendants' failure to file any opposition to Plaintiffs'

18   motion as an admission that the motion has merit.  *See* Local Rules W.D. Wash. LCR

19   7(b)(2).  Accordingly, the court GRANTS Plaintiffs' motion to proceed pseudonymously.

20   The court will reassess this issue if, at the conclusion of this case, Doe Plaintiffs do not

21   prevail on the substance of their claims.

22   *//*

1

## IV.   CONCLUSION

2          Based on the foregoing analysis, the court GRANTS Doe Plaintiffs' motion to

3   proceed pseudonymously (Dkt. # 15).  The court will revisit the issue if Doe Plaintiffs do

4   not ultimately prevail on their underlying claims.

5          Dated this 29th day of August, 2016.

6

7

8          _____

9          JAMES L. ROBART
           United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 6