# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JANE AND JOHN DOES 1 - 10, individually and on behalf of others similarly situated,

Plaintiffs,

v.

UNIVERSITY OF WASHINGTON, a Washington public corporation; DAVID DALEIDEN, an individual; and ZACHARY FREEMAN, an individual,

Defendants.

No. 2:16-cv-01212-JLR

DEFENDANT UNIVERSITY OF WASHINGTON'S RESPONSE TO DEFENDANT DALEIDEN'S MOTION TO DISMISS

Defendant University of Washington ("the University" or "UW") hereby responds to Defendant Daleiden's Motion to Dismiss (Dkt. No. 49) regarding the issue of Eleventh Amendment immunity. Defendant Daleiden has moved to dismiss Doe Plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing Doe Plaintiffs' claims against the University "are barred by the eleventh amendment, sovereign immunity, and the Supreme Court's

DEFENDANT UNIVERSITY OF
WASHINGTON'S RESPONSE TO DEFENDANT
DALEIDEN'S MOTION TO DISMISS

1

**ATTORNEY GENERAL OF WASHINGTON**
University of Washington Division
4333 Brooklyn Avenue NE, 18th Floor
UW Campus Box 359475
Seattle, Washington 98195-9475
Phone (206) 543-4150   Fax (206) 543-0779

ruling in *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984)." Mot. at 1.[1]

### 1. Daleiden does not have standing to assert the University's Eleventh Amendment Immunity.

Daleiden's motion to dismiss relies largely on the University's Eleventh Amendment immunity.[2] However, Eleventh Amendment immunity is the University's to assert or to waive, and Daleiden does not have standing to assert Eleventh Amendment immunity on the University's behalf.

While Daleiden cites cases noting that the Court may raise Eleventh Amendment issues *sua sponte* (Daleiden Resp. to UW Ex Parte Mot. for Leave to File Supp. Pleading at 4 (Dkt. No. 62)), he neglects to cite another more recent case which clearly holds that Eleventh Amendment immunity is the state's to assert, and cannot be asserted by another party. *Trichler v. County of Lake*, 358 F.3d 1150 (9th Cir. 2004) (plaintiff does not have standing to bring immunity claim belonging to the state).

### 2. The University Has Consented to Federal Jurisdiction with Regard to Doe Plaintiffs' Claims.

The Eleventh Amendment generally protects states from being sued in federal court without their consent. Such consent can occur in a number of ways, not only by congressional or state legislative act.

In *Trichler*, the Ninth Circuit noted "that Eleventh Amendment immunity 'does not implicate a federal court's subject matter jurisdiction in any ordinary sense' and that it 'should be

---

[1] Daleiden also raised the issue of lack of subject-matter jurisdiction in his response to Plaintiffs' Motion for Preliminary Injunction, Br. in Opp. to Pl. Mot. for Prelim. Inj. at 1 (Dkt. No. 50), and in responding to UW's previous attempts to clarify its position on whether it would assert Eleventh Amendment immunity regarding the Doe Plaintiffs' complaint seeking declaratory and/or injunctive relief, Def. Resp. to UW's Ex Parte Mot. for Leave to File Supp. Pleading (Dkt. No. 62).

[2] Daleiden's Motion to Dismiss argues that Daleiden and Freeman must be dismissed if and only if the UW is dismissed. He argues that without UW in the case the claims against Daleiden and Freeman should be dismissed for failure to state a claim upon which relief can be granted, as constitutional claims against them cannot be supported. Mot. at 1-2. However, Daleiden is not requesting to be dismissed independent of UW also being dismissed; to the contrary, unless UW is dismissed he requests to remain. Mot at 5.

DEFENDANT UNIVERSITY OF
WASHINGTON'S RESPONSE TO DEFENDANT
DALEIDEN'S MOTION TO DISMISS

2

**ATTORNEY GENERAL OF WASHINGTON**
University of Washington Division
4333 Brooklyn Avenue NE, 18th Floor
UW Campus Box 359475
Seattle, Washington 98195-9475
Phone (206) 543-4150   Fax (206) 543-0779

treated as an affirmative defense.'" *Id.* at 1154 (citing *ITSI TV Prods., Inc. v. Agric. Ass'ns*, 3. F.3d 1289, 1291 (9th Cir. 1993)). Here, the University believes this Court is an appropriate forum for this action, insofar as Doe Plaintiffs are arguing federal constitutional claims (*e.g.* Second Amend. Compl. at 3, 8 (Dkt. No. 23)) and the University consents to the jurisdiction of the federal court for purposes of considering the issues of declaratory judgment and/or injunctive relief as raised by Doe Plaintiffs.

Daleiden argues that the legislature has not waived the state's immunity in federal court for Public Records Act ("PRA") cases, as the statute authorizing injunction actions pertaining to the release of public records only refers to bringing such an action in "superior courts." Mot. at 2, citing Wash. Rev. Code § 42.56.540. While it is true that the statute only expressly provides that an injunction in a PRA case may be sought in state superior court, what Daleiden overlooks is that Eleventh Amendment immunity may be waived by a state or its agencies on a case-by-case basis.

Contrary to Daleiden's assertions, the U.S. Supreme Court has long held that there are more ways to waive Eleventh Amendment immunity than just by congressional or state legislative action. States can waive their Eleventh Amendment immunity through their actions in litigation. *See, e.g., Clark v. Barnard*, 108 U.S. 436, 447, 2 S. Ct. 878, 27 L.Ed. 780 (1883) (state waives Eleventh Amendment immunity when it voluntarily appears as an intervenor in federal court); *Gardner v. New Jersey*, 329 U.S. 565, 574, 67 S. Ct. 467, 91 L.Ed. 504 (1947) (state waives Eleventh Amendment immunity when it voluntarily files in federal court); *Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613, 620, 122 S. Ct. 1640, 152 L.Ed.2d 806 (2002) (state waives immunity when it voluntarily agrees to remove case to federal court).

Daleiden asserts that the Attorney General does not have the authority to effectuate a waiver of the state's Eleventh Amendment immunity absent specific legislative approval.[3]

---

[3] The Washington cases Daleiden cites in support of this argument are mainly cases involving the state's general sovereign immunity, not the state's more limited immunity from suits without its consent in federal court under the Eleventh Amendment. The one Washington case cited that involves Eleventh Amendment immunity was decided in 1913, long before more recent United States Supreme Court holdings regarding how an agency's actions may waive

DEFENDANT UNIVERSITY OF
WASHINGTON'S RESPONSE TO DEFENDANT
DALEIDEN'S MOTION TO DISMISS

3

**ATTORNEY GENERAL OF WASHINGTON**
University of Washington Division
4333 Brooklyn Avenue NE, 18th Floor
UW Campus Box 359475
Seattle, Washington 98195-9475
Phone (206) 543-4150    Fax (206) 543-0779

However, the Attorney General has specific statutory authority to represent the state in court. Wash. Rev. Code. § 43.10.030. This general authority authorizes the Attorney General to defend the state and, by implication, to make procedural decisions connected with such defense that are approved by the client agency. If the legislature has generally waived sovereign immunity for a specific type of suit—which it clearly has with regard to suits under the PRA—the decision to remain in federal court, or to remove a case filed in state court to federal court, is within the purview of the Attorney General (in consultation with its agency client) in its role of determining how to best represent the interests of the State. *Cf. Jenkins v. Washington*, 46 F. Supp.3d 1110, 1117 (W.D. Wash. 2014) (making a tactical decision in a particular case to proceed in a federal forum did not waive Eleventh Amendment immunity as to subsequent case). If the Attorney General has the authority to remove a case to federal court (thereby waiving Eleventh Amendment immunity), it is only logical that the Attorney General can effectuate a decision by a client agency to litigate a case in federal court if it is initially filed there.

Here, the University has stated that it does not object to this Court considering the issues raised by Doe Plaintiffs (UW Supp. Resp. to Mot. for Prelim. Inj. (Dkt. No. 59)). The University reiterates that statement, and as expressed above, consents to the jurisdiction of the federal court for purposes of considering the issues of declaratory judgment and/or injunctive relief as raised by Doe Plaintiffs.

\>

\>

\>

\>

\>

---

Eleventh Amendment immunity as a matter of federal law. *Compare Title Guaranty & Surety Co. v. Guernsey*, 205 F. 91 (D. Wash. 1913) and *Lapides*, 535 U.S. 613 (2002).

DEFENDANT UNIVERSITY OF
WASHINGTON'S RESPONSE TO DEFENDANT
DALEIDEN'S MOTION TO DISMISS

4

**ATTORNEY GENERAL OF WASHINGTON**
University of Washington Division
4333 Brooklyn Avenue NE, 18th Floor
UW Campus Box 359475
Seattle, Washington 98195-9475
Phone (206) 543-4150   Fax (206) 543-0779

For the foregoing reasons, the University respectfully requests that Daleiden's motion to dismiss based on his assertion of Eleventh Amendment immunity on the University's behalf be denied.

Respectfully submitted this 6th day of September, 2016

        **ROBERT W. FERGUSON**
        Washington Attorney General

        */s/ Nancy S. Garland*
        **NANCY S. GARLAND, WSBA #43501**
        Assistant Attorneys General

        Washington Attorney General's Office
        University of Washington Division
        4333 Brooklyn Avenue NE, 18th Floor
        Seattle, Washington 98195-9475
        Phone: (206) 543-4150
        Facsimile: (206) 543-0779
        E-mail: nancysg@uw.edu

        Attorneys for Defendant the University of Washington

DEFENDANT UNIVERSITY OF WASHINGTON'S RESPONSE TO DEFENDANT DALEIDEN'S MOTION TO DISMISS

5

**ATTORNEY GENERAL OF WASHINGTON**
University of Washington Division
4333 Brooklyn Avenue NE, 18th Floor
UW Campus Box 359475
Seattle, Washington 98195-9475
Phone (206) 543-4150 Fax (206) 543-0779

# CERTIFICATE OF SERVICE

I certify, under penalty of perjury under the laws of the State of Washington, that I electronically filed the foregoing UW Response to Defendant Daleiden's Motion to Dismiss with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the attorneys of record.

DATED this 6th day of September, 2016.

/s/ Allison West
Allison West, Office Assistant

DEFENDANT UNIVERSITY OF WASHINGTON'S RESPONSE TO DEFENDANT DALEIDEN'S MOTION TO DISMISS

6

**ATTORNEY GENERAL OF WASHINGTON**
University of Washington Division
4333 Brooklyn Avenue NE, 18th Floor
UW Campus Box 359475
Seattle, Washington 98195-9475
Phone (206) 543-4150   Fax (206) 543-0779