UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOES 1-10, et al., | CASE NO. C16-1212JLR |
| Plaintiffs, | ORDER REGARDING MOTION TO DISMISS AND MOTION TO HOLD PLAINTIFFS' MOTION FOR CLASS CERTIFICATION IN ABEYANCE |
| v. | |
| UNIVERSITY OF WASHINGTON, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court are:  (1) Defendant David Daleiden's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (MTD (Dkt. # 49)); and (2) Mr. Daleiden's motion to hold Plaintiffs' motion for class certification in abeyance until after the court rules on Mr. Daleiden's motion to dismiss or for a 90-day extension of time to respond to Plaintiff's

1     motion for class certification (MTH (Dkt. # 55)).[1]  The court has considered the motions,

2     the parties' submissions concerning the motions, the relevant portions of the record, and

3     the applicable law.  Being fully advised,[2] the court GRANTS in part and DENIES in part

4     Mr. Daleiden's motion to hold Plaintiffs' motion for class certification in abeyance and

5     GRANTS Mr. Daleiden's motion to dismiss.  The court also GRANTS Plaintiffs leave to

6     amend their second amended complaint.  (SAC (Dkt. # 23).)  Plaintiffs must file their

7     third amended complaint within 14 days of the filing date of this order.  If Plaintiffs fail

8     to file a third amended complaint within this timeframe or file a third amended complaint

9     that fails to cure the jurisdictional deficiencies identified in this order, the court will

10     dismiss this action without prejudice for lack of subject matter jurisdiction.  In addition,

11     the court DIRECTS the clerk to re-note the following motions for the same day that

12     Plaintiffs' third amended complaint is due:  (1) Plaintiffs' motion for a preliminary

13     injunction (TRO/PI Mot. (Dkt. # 2)); (2) Plaintiffs' motion for class certification (MFCC

14     (Dkt. # 16)), and (3) Defendant University of Washington's ("UW") motion for leave to

---

[1] Mr Daleiden originally styled the second motion listed above as an "emergency motion" and noted it for the court's consideration on the same day that he filed it.  (*See* MTH at 1.)  There is no provision in the court's Local Rules for an "emergency motion" or for a motion noted on shortened time.  (8/18/16 Ord. (Dkt. # 60) at 1-2.)  Accordingly, the court re-noted Mr. Daleiden's motion for "the second Friday after filing" in accordance with the court's Local Rule for motions seeking relief from a deadline.  (*Id.* at 2-3 (citing Local Rule W.D. Wash. LCR 7(d)(2)(A)).)  The court admonishes counsel to conform the court's Local Rules when practicing in this District.

[2] No party has requested oral argument on either motion, and the court concludes that oral argument would not be of assistance to its disposition of these motions.  *See* Local Rule W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument.").

1  file a supplemental response to Plaintiffs' motion for a preliminary injunction (MFL

2  (Dkt. # 58)).[3]

3                          **II.      BACKGROUND**

4          On February 9, 2016, Mr. Daleiden issued a request under Washington State's

5  Public Records Act ("PRA"), RCW ch. 42.56, to UW seeking to "inspect or obtain copies

6  of all documents that relate to the **purchase, transfer, or procurement of human fetal**

7  **tissues**, human fetal organs, and/or human fetal cell products at the University of

8  Washington Birth Defects Research Laboratory from **2010 to present**."  (Power Decl.

9  (Dkt. # 5) ¶ 4, Ex. C (bolding in original).)  On February 10, 2016, Defendant Zachary

10  Freeman issued a similar PRA request to UW.  (*Id.* ¶ 6, Ex. E.)  Among other documents,

11  these PRA requests sought communications between UW or its Birth Defects Research

12  Laboratory, on the one hand, and Cedar River Clinics, Planned Parenthood of Greater

13  Washington and North Idaho, or certain individuals or employees of Cedar River and

14  Planned Parenthood, on the other hand.  (*Id.* at 1; *see also id.* ¶ 4, Ex. C at 1-2.)  Mr.

15  Daleiden's PRA request specifically lists the names of eight such individuals.  (*Id.* ¶ 4,

16  Ex. C at 1-2.)

17          On July 21, 2016, UW notified Plaintiffs that absent a court order issued by

18  August 4, 2016, it would provide documents responsive to Mr. Daleiden's PRA request

19  without redaction at 12:00 p.m. on August 5, 2016.  (Does 1, 3-8 Decls. (Dkt. ## 6, 8-13)

20  ¶ 3, Ex. A.)  On July 26, 2016, UW issued a similar notice to Plaintiffs regarding Mr.

21  _____

22      [3] The court will not consider these motions prior to the filing of an amended complaint
that contains allegations that properly support the court's exercise of subject matter jurisdiction.

1   Freeman's request and indicated that absent a court order UW would provide responsive

2   documents without redaction on August 10, 2016.  (Does 1, 3-4 Decls. ¶ 4, Ex. B.)[4]

3      On August 3, 2016, Plaintiffs filed a complaint on behalf of a putative class

4   seeking to enjoin UW from issuing unredacted documents in response to the PRA

5   requests.  (Compl. (Dkt. # 1).)[5]  Plaintiffs object to disclosure of the requested documents

6   in unredacted form because the documents include personally indentifying information

7   such as direct work phone numbers, work emails, personal cell phone numbers, and other

8   information.  (*See* SAC at 1 ("Doe Plaintiffs . . . seek to have their personal identifying

9   information withheld to protect their safety and privacy."); *see, e.g.*, Doe 5 Decl. ¶¶ 4-5

10  ("Any email contacts I had with the [Birth Defects Research Laboratory] would have

11  highly personal information such as my name, email address, and phone number. . . . My

12  name, email address, and phone number are information that I try to keep private when

13  related to where I work.").)

14     On the same day that they filed suit Plaintiffs also filed a motion seeking both a

15  temporary restraining order ("TRO") and a preliminary injunction against disclosure of the

16             —————————————

17    [4] Jane Doe 2 omitted exhibits from her declaration, but the other Doe declarations

18  sufficiently demonstrate that UW issued similar letters to individuals implicated in the relevant
    PRA request.

19    [5] Plaintiffs also filed an amended complaint and a second amended complaint on August

20  3, 2016.  (*See* FAC (Dkt. # 22); SAC.)  Plaintiffs' amended complaint amends allegations
    concerning jurisdiction and venue.  (*Compare* Compl. ¶¶ 17-18 (alleging jurisdiction under
    RCW 2.08.010 and RCW 4.28.020 and venue under RCW 42.56.540), *with* Am. Compl. ¶¶ 17-

21  18 (alleging jurisdiction under 28 U.S.C. § 1331 and venue under 28 U.S.C. § 1391(b)(2)).)
    Plaintiffs' second amended complaint corrects what appear to be typographical errors in

22  paragraph 18 of the amended complaint relating to venue.  (*Compare* FAC ¶ 18, *with* SAC ¶ 18.)

ORDER- 4

1    requested documents.[6]  (*See* TRO/PI Mot.)  In addition, Plaintiffs filed a motion for class

2    certification.  (*See* MFCC.)  Plaintiffs seek the certification of a class consisting of "[a]ll

3    individuals whose names and/or personal identifying information (work addresses, work

4    or cell phone numbers, email addresses) are contained in documents prepared, owned,

5    used, or retained by UW that are related to fetal tissue research or donations."  (*Id.* at 2.)

6         On August 3, 2016, the court granted Plaintiffs' motion for a TRO but set the TRO

7    to expire on August 17, 2016, at 11:59 p.m.  (TRO (Dkt. # 27) at 7.)  The court restrained

8    UW "from releasing, altering, or disposing of the requested documents or disclosing the

9    personal identifying information of Plaintiffs pending further order from this court."  (*Id.*

10   at 7.)  On August 17, 2016, the court extended the TRO "until such time as the court

11   resolves Plaintiffs' pending motion for a preliminary injunction."  (8/17/16 Ord. (Dkt. #

12   54) at 2.)  Plaintiffs' motion for preliminary injunction remains pending before the court.

13   (*See generally* Dkt.)

14        On August 15, 2016, Mr. Daleiden filed his motion to dismiss for failure to state a

15   claim and for lack of subject matter jurisdiction.  (*See* MTD.)  Plaintiffs and UW filed

16   oppositions to Mr. Daleiden's motion.  (*See* Pltf. MTD Resp. (Dkt. # 27); UW Resp.

17   (Dkt. # 71).)  In its opposition, UW declares that it "believes this [c]ourt is an appropriate

18   forum for this action," and it "consents to jurisdiction of the federal court for purposes of

19   considering issues of declaratory judgment and/or injunctive relief as raised by . . .

20

21   _____

     [6] On the same day, Plaintiffs also filed a motion to proceed in pseudonym.  (MTPP (Dkt.

22   # 15).)  Defendants did not oppose the motion (*see generally* Dkt.), and the court granted it on
     August 29, 2016 (8/29/16 Ord. (Dkt. # 68)).

1   Plaintiffs." (UW Resp. (Dkt. # 71) at 3; *see also* UW Supp. Resp. to TRO/PI Mot. (Dkt.

2   # 59) at 1-2 ("[T]he [UW] does not object to this [c]ourt considering the issues of

3   declaratory judgment and/or injunctive relief as raised by . . . Plaintiffs in their complaint

4   and motions for temporary restraining order and preliminary injunctive relief.").)

5       On August 18, 2016, Mr. Daleiden filed his motion to hold Plaintiffs' motion for

6   class certification in abeyance until after the court rules on Mr. Daleiden's motion to

7   dismiss. (*See* MTH.) Only Plaintiffs filed a response to this motion. (Pltf. MTH Resp.

8   (Dkt. # 65).) The court now considers both motions.

9                    **III.    ANALYSIS**

10  **A.  Motion to Hold Plaintiffs' Motion for Class Certification in Abeyance**

11      Mr. Daleiden argues that the court should either (1) postpone Plaintiffs' class

12  certification motion for 90 days pending class-related discovery, or (2) hold Plaintiffs'

13  class certification motion in abeyance until after the court decides Mr. Daleiden's motion

14  to dismiss. (*See generally* MTH.) Plaintiffs oppose Mr. Daleiden's request for a 90-day

15  postponement of their motion for class certification but acknowledge that Mr. Daleiden's

16  motion to dismiss "presents a threshold issue" that should be considered prior to other

17  substantive issues. (Pltf. MTH Resp. at 1-2.)

18      The court declines to postpone Plaintiffs' class certification motion for 90 days.

19  The parties can address issues surrounding the need for class-related discovery in their

20  briefing on that motion. However, because Mr. Daleiden's motion to dismiss addresses

21  the court's subject matter jurisdiction, the court considers the motion to dismiss prior to

22  Plaintiffs' motions for class certification and for a preliminary injunction. *See Steel Co.*

ORDER- 6

1 | *v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M.R.*

2 | *Co. v. Swan*, 111 U.S. 379, 382 (1884)) ("The requirement that jurisdiction be established

3 | as a threshold matter 'spring[s] from the nature and limits of the judicial power of the

4 | United States.'").  Thus, the court grants in part and denies in part Mr. Daleiden's motion

5 | to hold Plaintiffs' class certification motion in abeyance.

6 | **B.  Motion to Dismiss**

7 | Mr. Daleiden moves to dismiss Plaintiffs' second amended complaint for failure to

8 | state a claim under Federal Rule of Civil Procedure 12(b)(6) and for lack of subject

9 | matter jurisdicition under Rule 12(b)(1).  (*See* MTD at 1-2.)

10 | **1.  Standards**

11 | The issues raised by Mr. Daleiden's motion—sovereign immunity and subject

12 | matter jurisdiction—are properly brought under Rule 12(b)(1).  *See* Fed. R. Civ. P.

13 | 12(b)(1); *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).  However, because Mr.

14 | Daleiden's Rule 12(b)(1) motion is a facial challenge to the court's subject matter

15 | jurisdiction rather than a factual challenge,[7] the court applies the same legal standard that

16 | it would in considering a Rule 12(b)(6) motion to dismiss.  *Leite v. Crane Co.*, 749 F.3d

17 |

18 |

19 |

20 | [7] In a "factual" attack, the defendant "attack[s] the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  Unlike a facial attack, a Rule 12(b)(1) "factual" attack may be accompanied by extrinsic evidence.  *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987).  Mr. Daleiden offered no extrinsic evidence in support of his motion and has not launched a factual attack on the court's jurisdiction.  (*See generally* MTD.)

ORDER- 7

1  1117, 1121 (9th Cir. 2014) ("The district court resolves a facial attack [to its subject

2  matter jurisdiction] as it would a motion to dismiss under Rule 12(b)(6).").

3          Indeed, "[i]f the challenge to jurisdiction is a facial attack . . . the plaintiff is

4  entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made."

5  *San Luis & Delta–Mendota Water Auth. v. U.S. Dep't of the Interior*, 905 F. Supp. 2d

6  1158, 1167 (E.D. Cal. 2012)) (internal citation and quotation omitted).  For example, to

7  survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "only enough

8  facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*,

9  550 U.S. 544, 570 (2007).  Further, the court must "accept all factual allegations in the

10  complaint as true and construe the pleadings in the light most favorable to the nonmoving

11  party."  *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899–00 (9th Cir.

12  2007).  Finally, on a Rule 12(b)(6) motion, "a district court should grant leave to amend

13  even if no request to amend the pleading was made, unless it determines that the pleading

14  could not possibly be cured by the allegation of other facts."  *Cook, Perkiss & Liehe v. N.*

15  *Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990); *see also Balistieri v. Pacifica*

16  *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) ("A complaint should not be dismissed

17  under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of

18  facts in support of his claim which would entitle him to relief." (internal citations

19  omitted)).

20          **2.  UW & Eleventh Amendment Immunity**

21          Mr. Daleiden asserts that UW is an arm of the state of Washington and therefore

22  immune from suit under the Eleventh Amendment.  (MTD at 2-3.)  In general, states,

1  state agencies, and state officials acting in their official capacities are immune from suit

2  in federal court unless there is a valid abrogation of that immunity by Congress or an

3  unequivocal and express waiver of immunity by the state.  *See Sossman v. Texas*, 563

4  U.S. 277, 285 (2011); *Virginia Office for Prot. & Advocacy v. Stewart III*,  563 U.S. 247,

5  253-54 (2011).  Indeed, the Supreme Court specifically held that a state university that

6  did not consent to suit retained its sovereign immunity under the Eleventh Amendment as

7  an arm of the state and could not be sued in federal court.   *Raygor v. Regents of Univ. of*

8  *Minn.*, 534 U.S. 533, 547 (2002).  Here, however, UW expressly states that it "believes

9  that this [c]ourt is an appropriate forum for this action, insofar as . . . Plaintiffs are

10  arguing federal constitutional claims . . . and . . . consents to jurisdiction of the federal

11  court for purposes of considering the issues of declaratory judgment and/or injunctive

12  relief raised by . . . Plaintiffs."  (UW Resp. at 3.)  Plaintiffs argue that UW's express

13  consent to this court's jurisidiction waives any Eleventh Amendment immunity for

14  purposes of this suit.  (Pltf. MTD Resp. at 2-7.)

15        The Supreme Court views Eleventh Amendment immunity "as a 'personal

16  privilege which [the state] may waive at [its] pleasure.'"  *Hill v. Blind Indus. & Servs. of*

17  *Md.*, 179 F.3d 754, 760 (9th Cir. 1999) (quoting *Clark v. Barnard*, 108 U.S. 436, 447

18  (1883)), *opinion amended on denial of reh'g*, 201 F.3d 1186 (9th Cir. 1999); *see also*

19  *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("Eleventh

20  Amendment immunity is an affirmative defense, [and] . . . [b]ecause it is an affirmative

21

22

1    defense, it can be waived." (internal citations omitted)).[8]  However, a state's consent to

2    suit in federal court must be "unequivocally expressed."  *Pennhurst State Sch. & Hosp. v.*

3    *Halderman*, 465 U.S. 89, 99 (1984).  "[H]ence where a [s]tate voluntarily becomes a

4    party to a cause and submits its rights for judicial determination, it will be bound thereby

5    and cannot escape the result of its own voluntary act by invoking the prohibitions of the

6    11th Amendment."  *Gunter v. Atl. Coast Line R.R. Co.*, 200 U.S. 273, 284 (1906).  The

7    court concludes UW "unequivocally expressed" its consent to this court's jurisdiction in

8    this suit.  *See Pennhurst*, 465 U.S. at 99; (*see* UW Resp. at 3.)

9           Further, the court agrees with UW and Plaintiffs that the Assistant Attorney

10   General conducting this litigation on behalf of UW has the authority to waive the State's

11   sovereign immunity with respect to this suit.  The Washington legislature has granted the

12   Attorney General specific authority to represent the State and its agencies in court.  *See*

13   RCW 43.10.040 ("The attorney general shall . . . represent the state and all officials, . . .

14   and agencies of the state in the courts . . . in all legal or quasi legal matters, hearings, or

15   proceedings, and advise all officials . . . or agencies of the state in all matters involving

16   legal or quasi legal questions . . . .").  This provision authorizes the Attorney General to

17   _____

18       [8] Although the Supreme Court "briefly seemed to depart from that framework and treat
     the Eleventh Amendment as depriving the federal court of subject matter jurisdiction, . . . the
19   Court has since returned to its original understanding of Eleventh Amendment immunity" that
     the State can waive it.  *Hill*, 197 F.3d at 760 (comparing *Edelman v. Jordan*, 415 U.S. 651, 678
20   (1974) (stating that an Eleventh Amendment defense "sufficiently partakes of the nature of a
     jurisdictional bar"), with *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 389 (1998)
21   ("The Eleventh Amendment . . . does not automatically destroy original jurisdiction.  Rather, the
     Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense
22   should it choose to do so.  The State can waive the defense.  Nor need a court raise the defect on
     its own.  Unless the State raises the matter, a court can ignore it.")).

1    represent the state and its agencies and, by implication, to make procedural decisions

2    connected with such defense that are approved by the client agency.  *See id.*  If the

3    legislature has generally waived sovereign immunity for a specific type of suit in state

4    court, which it has with regard to suits under the PRA, *see* RCW 42.56.540, the decision

5    whether to remain in federal court or whether to remove a case filed in state court to

6    federal court, is within the purview of the Attorney General in its role of determining how

7    best to represent the interests of the State or one of its agencies.  *See Abreu v. New*

8    *Mexico Children, Youth & Families Dep't*, 646 F. Supp. 2d 1259, 1270 (D.N.M. 2009)

9    ("Because the private attorneys have the authority to represent the Defendants in this

10   case, they have the authority to waive the State's Eleventh Amendment immunity."); *cf.*

11   *Jenkins v. Washington,* 46 F. Supp. 3d 1110, 1117 (W.D. Wash. 2014) (ruling that

12   tactical decision in one case to proceed in federal court did not waive state's Eleventh

13   Amendment immunity in a subsequent related case); *see also Lapides v. Bd. of Regents of*

14   *Univ. Sys. of Ga.*, 535 U.S. 613, 623 (2002) (ruling that the state, which had statutorily

15   waived its immunity from state-law suit in state court, also waived its Eleventh

16   Amendment immunity from suit on state-law claims for money damages when it

17   voluntarily removed case to federal court).

18          The court concludes that if the Attorney General has the authority to remove a

19   case to federal court—thereby waiving Eleventh Amendment immunity—the Attorney

20   General logically can also waive Eleventh Amendment immunity by deciding (in

21   consulation with its client agency) to litigate a case in federal court if the case is initially

22   filed there.  Here, UW states unequivocally through counsel, who is an Assistant

ORDER- 11

1  Attorney General, that UW consents to federal court jurisdiction for purposes of the

2  declaratory and injunctive issues presented in this suit.  (UW Resp. at 4 ("[UW] reiterates

3  that [it] . . . consents to the juridiciton of the federal court for purposes of considering the

4  issues of declaratory judgment and/or injunctive relief as raised by . . . Plaintiffs.").)  The

5  court, therefore, concludes that UW has waived its Eleventh Amendment immunity for

6  purposes of this suit.

7      **3.  Federal Question Jurisdiction**

8          Whether UW has waived its Eleventh Amendment immunity, however, does not

9  fully resolve the issue of this court's subject matter jurisdiction.  Although Plaintiffs

10  assert that UW will violate their constitutional rights if it discloses the documents at issue

11  without redacting Plaintiffs' personally identifiying information (SAC ¶¶ 41-47),

12  Plaintiffs have not sued UW under any federal statute (*see generally id.*).  Mr. Daleiden

13  argues that there is no provision of federal law that creates a cause of action against state

14  entities for violations of Plaintiffs' constitutional rights.  (MTD at 4.)  For example, Mr.

15  Daleiden points out that under 42 U.S.C. § 1983, a plaintiff is required to bring a civil

16  rights claim against the State's officers and not the State itself.  (MTD at 4 (citing *Will v.*

17  *Michuigan  Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person

18  within the meaning of § 1983.").)

19  //

20  //

21  //

22  //

1    Plaintiffs respond that although a federal cause of action is a sufficient condition

2  for federal question jurisdiction, it is not a necessary condition under 28 U.S.C. § 1331.[9]

3  (Pltf. MTD Resp. at 10 (citing *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*,

4  545 U.S. 308, 317 (2005)).)  "For statutory purposes, a case can 'arise under' federal law

5  in two ways.  Most directly, a case arises under federal law when federal law creates the

6  cause of action asserted."  *Gunn v. Minton*, --- U.S. ---, 133 S. Ct. 1059, 1064 (2013)

7  (alteration omitted).  "But even where a claim finds its origins in state rather than federal

8  law," the Supreme Court has "identified a 'special and small category' of cases in which

9  arising under jurisdiction still lies."  *Id.*  Indeed, in certain cases federal question

10 jurisdiction "will lie over some state-law claims that implicate significant federal issues."

11 *Grable & Sons*, 545 U.S. at 312.  Specifically, "federal jurisdiction over a state law claim

12 will lie if a federal issue is:  (1) necessarily raised, (2) actually disputed, (3) substantial,

13 and (4) capable of resolution in federal court without disrupting the federal-state balance

14 approved by Congress."  *Gunn*, 133 S. Ct. at 1065.  Plaintiffs argue that their claims fall

15 within this type of federal question jurisdiction because UW's release of personally

16 identifying information in the documents at issue would violate their constitutional rights

17 of privacy and association.  (Pltf. MTD Resp. at 10 & n.2.)

18    The court concludes that Plaintiffs fail to establish "arising under" jurisdiction

19 based on 28 U.S.C. § 1331 because the federal issues they raise are not "substantial."  *See*

20 *Gunn*, 133 S. Ct. at 1065.  Courts evaluate "substantiality" by looking at the importance

21

22    [9] Section 1331 states:  "The district courts shall have original jurisdiction of all civil
actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

of the issue to the federal system as a whole.  *Id.* at 1067.  Issues that will "change the

real-world result" for future cases and future litigants are substantial.  *Id.*  The two

paradigmatic examples of "substantial" federal issues cited in *Gunn* involve the federal

government's "direct interest in the availability of a federal forum to vindicate its own

administrative action" and the "constitutional validity of an act of Congress which is

directly drawn in question."  *See id.* at 1066 (citing *Grable*, 545 U.S. at 315, and *Smith v.*

*Kansas City Title & Tr. Co.*, 255 U.S. 180, 201 (1921)).  Those issues of law were

"substantial" because they "could be settled once and for all and thereafter would govern

numerous" cases.  *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700

(2006).  "It is not enough that the federal issue [is] significant to the . . . parties in the

immediate suit; that will *always* be true when the state claim 'necessarily raise[s]' a

disputed federal issue, as *Grable* separately requires."  *Gunn*, 133 S. Ct. at 1066 (some

alterations added; italics and some alterations in original).  Plaintiffs fail to explain how

their constitutional claims meet this standard.  (*See* Ptlf. MTD Resp. at 10 & n.2.)

Accordingly, the court concludes that Plaintiffs' current allegations against fail to support

federal question jurisdiction and, therefore, the court lacks subject matter jurisdiction

over their claims as presently pleaded.

### 4.  Leave to Amend

Plaintiffs suggest that if the court lacks jurisdiction over their claims as presently

pleaded, they can amend their operative complaint to properly allege claims that support

the court's exercise of subject matter jurisdiction.  (Pltf. MTD Resp. at 10.)  Specifically,

Plaintiffs suggest that they could amend their complaint to add a claim under 42 U.S.C.

1    § 1983 against the UW official responsible for responding to Mr. Daleiden's and Mr.

2    Freeman's PRA requests and releasing documents allegedly in violation of Plaintiffs'

3    constitutional rights.  (*Id.*)  Section 1983 provides for a civil rights action against persons

4    who, while acting under color of state law, deprive others of a federal constitutional or

5    statutory right.  *See* 42 U.S.C. § 1983.  In addition, pursuant to *Ex Parte Young*, Plaintiffs

6    may sue state officials in their official capacities for declaratory or prospective injunctive

7    relief.  *See Ex Parte Young*, 209 U.S. 123, 149-56 (1908); *see also Ariz. Students' Assoc.*

8    *v. Ariz. Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016) ("A plaintiff may bring a

9    Section 1983 claim alleging that public officials, acting in their official capacity, took

10   action with the intent to . . . chill the plaintiff's First Amendment rights.").  It appears

11   from Plaintiffs' second amended complaint that Plaintiffs could allege facts to support a

12   claim under 42 U.S.C. § 1983 and *Ex Parte Young* against the UW official who, acting in

13   his or her official capacity, is responsible for reviewing and responding to Mr. Freeman's

14   and Mr. Daleiden's PRA requests.[10]

15        Plaintiffs also suggest that if they properly allege such a claim, the court could

16   exercise pendent or supplemental jurisdiction over their remaining state law claims under

17   the PRA.  *See* RCW 42.56.540; (Pltf. MTD Resp at 10).  The court agrees that these

18   _____

19        [10] In *Pennhurst*, the Supreme Court held that *Ex Parte Young* does not apply to a federal
     court's grant of relief against state officials on the basis of state law and that the Eleventh
20   Amendment precludes such relief.  465 U.S. at 106.  The Court further held that "this principle
     applies as well to state-law claims brought into federal court under pendent jurisdiction."  *Id.*
21   However, this stricture only applies where the state has not waived its Eleventh Amendment
     immunity.  *See Experimental Holding, Inc. v. Farris*, 503 F.3d 514, 520-21 (6th Cir. 2007) ("The
     federal courts are simply not open to such state law challenges to official state action, absent
22   explicit state waiver of the federal court immunity found in the Eleventh Amendment.").

ORDER- 15

1    claims would likely share a "common nucleus of operative fact" and "form part of the

2    same case or controversy" as is necessary for the court to exercise supplemental

3    jurisdiction.  *See Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) ("A state

4    law claim is part of the same case or controversy when it shares a 'common nucleus of

5    operative fact' with the federal claims and the state and federal claims would normally be

6    tried together."); *see also* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district

7    courts have original jurisdiction, the district courts shall have supplemental jurisdiction

8    over all other claims that are so related to claims in the action within such original

9    jurisdiction that they form part of the same case or controversy under Article III of the

10   United States Constitution.").  Further, "[u]nder Section 1367, it is not necessary that

11   there be an independent basis for federal jurisdiction . . . over state law claims asserted

12   against pendent parties."  *Teck Metals, Ltd. v. Certain Underwriters at Lloyd's London*,

13   No. CV-05-411-LRS, 2010 WL 1286364, at *3 (E.D. Wash. Mar. 29, 2010) (citing 28

14   U.S.C. § 1367).  Therefore, it appears that the court could exercise supplemental or

15   pendent jurisdiction over Plaintiffs' state law claims against all Defendants.

16          As noted above, "a district court should grant leave to amend . . . unless it

17   determines that the pleading could not possibly be cured by the allegation of other facts."

18   *Cook, Perkiss & Liehe*, 911 F.2d at 247; *see also Eminence Capital, LLC v. Aspeon, Inc.*,

19   316 F.3d 1048, 1052 (9th Cir. 2003) (granting leave to amend to correct jurisdictional

20   //

21   //

22   //

1  defects in the pleadings).[11]  Indeed, under factual circumstances similar to those presently

2  before the court, the Ninth Circuit recently held that the district court "abused its

3  discretion when it failed to grant [the plaintiff] leave to amend its complaint to conform

4  with the requirements of [*Ex Parte*] *Young*."  *Ariz. Students' Assoc.*, 824 F.3d at 871; *see*

5  *Lucero v. Hensley*, 920 F.Supp. 1067, 1075 (C.D. Cal. 1996) (granting leave to amend

6  under *Ex Parte Young* to name the defendants "with policy making authority over

7  religious practices" at a prison); *see also Swygert v. Veal*, No. 206CV00725ALA(P),

8  2008 WL 5070148, at *2 (E.D. Cal. Nov. 26, 2008) (granting leave to amend the

9  complaint to conform it to the strictures of *Ex Parte Young*).  Accordingly, although the

10  court grants Mr. Daleiden's motion to dismiss and dismisses Plaintiffs' second amended

11  complaint for lack of subject matter jurisdiction, the dismissal is without prejudice and

12  with leave to amend.

13      The court orders Plaintiffs to file their third amended complaint within 14 days of

14  the date this order is filed.  If Plaintiffs fail to timely file their third amended complaint or

15

16      [11] Mr. Daleiden argues that the court should deny Plaintiffs' request for leave to amend
their complaint because they did not comply with Local Rule LCR 15, which requires a party
17  moving for leave to amend to attach a copy of the proposed amended pleading to the motion as
an exhibit.  (MTD at 3 (citing Local Rule W.D. Wash. LCR 15).)  Here, however, Plaintiffs have
18  not moved to amend their complaint but have sought leave to amend in response to Mr.
Daleiden's motion to dismiss.  Accordingly, the court finds no violation of its Local Rules.

19      Mr. Daleiden also argues for the first time in reply that Plaintiffs fail to state a "plausible
claim of invasion of a constitutional right to informational privacy" (Pltf. MTD Reply (Dkt. #
20  73) at 7-10) or "a plausible claim of the constitutional right to association" (*id.* at 7-11).  The
court will not consider arguments raised for the first time in a reply brief.  *Zamani v. Carnes*, 491
21  F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003))
("The district court need not consider arguments raised for the first time in a reply brief.").

22

ORDER- 17

1   fail to remedy the jurisdictional deficienies identified in this order, the court will dismiss

2   this action without prejudice and also without leave to amend.  Finally, because the court

3   has dismissed the second amended complaint and will not rule on pending motions in the

4   absence of an operative complaint, the court also directs the Clerk to renote (1) Plaintiffs'

5   motion for preliminary injunction, (2) Plaintiffs' motion for class certification, and (3)

6   UW's motion for leave to file a supplemental response to Plaintiffs' motion for a

7   preliminary injunction for 14 days from the date this order is filed, which is the same day

8   on which Plaintiffs must file their third amended complaint.

9                          **IV.    CONCLUSION**

10          Based on the foregoing analysis, the court GRANTS in part and DENIES in part

11   Mr. Daleiden's motion to hold Plaintiffs' motion for class certification in abeyance (Dkt.

12   # 55).  The court GRANTS Mr. Daleiden's motion to dismiss Plaintiffs' second amended

13   complaint without prejudice and with leave to amend (Dkt. # 49).  The court ORDERS

14   Plaintiffs to file a third amended complaint no later than 14 days from the date on which

15   this order is filed.  If Plaintiffs fail to timely file a third amended complaint or fail to

16   remedy the jurisdictional deficiencies identified in this order, the court will dismiss

17   Plaintiffs' suit without prejudice and without leave to amend for lack of subject matter

18   jurisdiction.  Finally, the court DIRECTS the Clerk to renote Plaintiffs' motions for a

19   preliminary injunction (Dkt. # 2) and for class certification (Dkt. # 16) and UW's motion

20   //

21   //

22   //

1    for leave to file a supplemental response to Plaintiffs' motion for a preliminary injunction

2    (Dkt. # 58) for 14 days from the date on which this order is filed.

3          Dated this 4th day of October, 2016.

4

5

6          _____

7          JAMES L. ROBART
           United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 19