**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANE DOES 1-10 and JOHN DOES 1-10, individually and on behalf of others similarly situated;<br><br>           Plaintiffs-Appellees,<br><br> v.<br><br>UNIVERSITY OF WASHINGTON and PERRY TAPPER, Public Records Compliance Officer at the University of Washington, in his official capacity,<br><br>           Defendants-Appellees,<br><br> v.<br><br>DAVID DALEIDEN, an individual,<br><br>           Defendant-Appellant. | No.   16-36038<br><br>D.C. No. 2:16-cv-01212-JLR<br><br>ORDER[*] |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted July 13, 2017
Seattle, Washington

Before: TASHIMA, McKEOWN, and NGUYEN, Circuit Judges.

---

      [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

After David Daleiden requested public records from the University of Washington under Washington's Public Records Act, a group of individuals known as the "Doe Plaintiffs" brought this putative class action against Daleiden and the University to compel redaction of any personal identifying information in the records. Daleiden now appeals the district court's grant of a preliminary injunction prohibiting disclosure of "all personally identifying information or information from which a person's identity could be derived with reasonable certainty." We have jurisdiction under 28 U.S.C. § 1292(a)(1).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (citation omitted). We review the grant of a preliminary injunction for abuse of discretion and may remand where a district court's findings of fact and conclusions of law supporting the injunction are insufficient to permit meaningful review. *Fed. Trade Comm'n v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1211–12 (9th Cir. 2004). Here, a remand is appropriate.

The district court relied on a blanket finding that the entire putative class was engaged in protected First Amendment activity—a class that the University says could be as large as 600 people, although notices were sent to only 156 people according to the record. The district court then found that the entire putative class

would likely face threats, harassment, and violence if the records were disclosed without redaction, a danger that the court concluded would impermissibly chill protected First Amendment activity.

To prevail on their First Amendment claim, the Doe Plaintiffs must show that particular individuals or groups of individuals[1] were engaged in activity protected by the First Amendment and "show 'a reasonable probability that the compelled disclosure of personal information will subject'" those individuals or groups of individuals "to threats, harassment, or reprisals" that would have a chilling effect on that activity. *See John Doe No. 1 v. Reed*, 561 U.S. 186, 200 (2010) (quoting *Buckley v. Valeo*, 424 U.S. 1, 74 (1976)) (brackets omitted). Although we agree with the district court that there may be a basis for redaction where disclosure would likely result in threats, harassment, and violence, the court's order did not address how the Doe Plaintiffs have made the necessary clear showing with specificity as to the different individuals or groups of individuals who could be identified in the public records. The district court also made no

---

[1] The Doe Plaintiffs' motion to certify a class is currently pending in the district court. The district court may choose to rule on that motion before revisiting the preliminary injunction if creating sub-classes would be useful and appropriate. Considerations of commonality under Federal Rule of Civil Procedure 23 may bear some similarity to those related to particular individuals' entitlement to a preliminary injunction. We leave the timing of these decisions to the district court's discretion and note that a class-certification ruling is not a predicate to reissuing the preliminary injunction.

finding that specific individuals or groups of individuals were engaged in activity protected by the First Amendment and what that activity was.[2]

We remand for the district court to address how disclosure of specific information would violate the constitutional or statutory rights of particular individuals or groups of individuals. Because the district court is in the best position to deal with the nuances of these issues, we temporarily leave the preliminary injunction in place to allow the court to clarify the basis for any injunction.

**REVERSED** and **REMANDED**.  The preliminary injunction shall remain in place for a reasonable time not to exceed 120 days to allow the district court to enter the necessary findings of fact and conclusions of law supporting injunctive relief, consistent with this disposition.[3]

---

[2] We note that the district court improperly applied *Bainbridge Island Police Guild v. City of Puyallup*, 259 P.3d 190 (Wash. 2011), to conclude that the existence of publicly available information about certain individuals was "irrelevant" to their right "to claim a valid exemption" to the Public Records Act, and to avoid engaging in "fact-specific inquir[ies]" as to different individuals' constitutional and statutory rights.  To the contrary, affirmative and public association with matters discussed in a public record could be one of several considerations relevant to determining whether disclosure would violate an individual's rights, and a fact-specific inquiry is precisely what is required to make this determination. *See John Doe No. 1*, 561 U.S. at 197–202.

[3] Because we do not rely on any exhibits filed with Daleiden's motion for judicial notice, we deny the motion as moot.