UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOES 1-10, et al., | CASE NO. C16-1212JLR |
| Plaintiff, | ORDER |
| v. | |
| UNIVERSITY OF WASHINGTON, et al., | |
| Defendants. | |

Before the court is the order of the United States Circuit Court of Appeals for the Ninth Circuit reversing and remanding this court's order granting Plaintiffs Jane Does 1-10 and John Does 1-10's (collectively, "Doe Plaintiffs") motion for a preliminary injunction.[1] (*See* USCA Order (Dkt. # 113); *see also* PI Order (Dkt. # 88).) The Ninth Circuit further ordered that the court's "preliminary injunction shall remain in place for a

---

[1] The court stayed this matter pending the resolution of Defendant David Daleiden's appeal of the court's order granting Doe Plaintiffs' motion for preliminary injunction. (*See* Min. Entry (Dkt. # 109).) Because the Ninth Circuit has issued its ruling, the court now lifts the stay.

reasonable time not to exceed 120 days to allow the district court to enter necessary findings of fact and conclusions of law supporting injunctive relief . . . ."[2] (USCA Order at 4.)

This matter involves Mr. Daleiden's request to Defendant University of Washington ("UW") under Washington State's Public Records Act ("PRA"), RCW ch. 42.56, seeking copies of certain documents related to the purchase, transfer, or procurement of human fetal tissues at the UW Birth Defects Research Laboratory. (Power Decl. (Dkt. # 5) ¶ 4, Ex. C.) Mr. Daleiden's PRA request also specifically lists the name of eight individuals. (*See id.*) Doe Plaintiffs objected to the disclosure of the requested documents in unredacted form because the documents include personally identifying information. (*See* SAC (Dkt. # 23) at 1.) Doe Plaintiffs sought a preliminary injunction preventing unredacted disclosure of the documents, which the court granted. (*See* TRO/PI Mot. (Dkt. # 2); PI Order.)

In its order granting Doe Plaintiffs' motion for a preliminary injunction, the court found that Doe Plaintiffs "asserted valid constitutional interests." (PI Order at 13.) In so ruling, the court relied in part on *Planned Parenthood Association of Utah v. Herbert*, 828 F.3d 1245 (10th Cir. 2016). (*Id.* at 12.) In that case, the plaintiff asserted that its "associating with other Planned Parenthood providers who participate in lawful programs that allow abortion patients to donate fetal tissue for scientific research, . . . advocating for legal abortions, . . . associating with organizations for political, social and education

---

[2] December 12, 2017, is 120 days from the date on which the Ninth Circuit entered its order. (*See* USCA Order at 4.)

reasons, . . . and providing abortion services to . . . patients" were activities protected by the First Amendment. *Id.* at 1259 (brackets omitted); *see also id.* at 1251, 1258. The Tenth Circuit "ha[d] little trouble in concluding" that the plaintiff's assertion of First Amendment rights was "valid." *Id.* at 1259. The court also concluded that "research activity" and advocacy for the health and reproductive rights of women are forms of expression that fall within the scope of expression protected by the First Amendment. (PI Order at 13.) Although the court found that Doe Plaintiffs had asserted these "valid constitutional interests" (*id.*), its findings lacked sufficient specificity to pass muster with the Ninth Circuit. (*See* USCA Order at 3-4, 4-5.)

The Ninth Circuit ruled that to prevail on their First Amendment claim, "Doe Plaintiffs must show that particular individuals or groups of individuals were engaged in activity protected by the First Amendment and 'show "a reasonable probability that the compelled disclosure of personal information will subject"' those individuals 'to threats, harassment, or reprisals' that would have a chilling effect on that activity." (USCA Order at 3 (quoting *John Doe No. 1 v. Reed*, 561 U.S. 186, 200 (2010) (quoting *Buckley v. Valeo*, 424 U.S. 1, 74 (1976) (brackets omitted)) (footnote omitted).) Although the Ninth Circuit agreed with this court "that there may be a basis for redaction [of the documents Mr. Daleiden seeks] where disclosure would likely result in threats, harassment, and violence," the Ninth Circuit ruled that this court's order "did not address how the Doe Plaintiffs have made the necessary clear showing with specificity as to the different individuals or groups of individuals who could be identified in the public records." (*Id.*) The Ninth Circuit also ruled that this court "made no finding that specific individuals or

groups of individuals were engaged in activity protected by the First Amendment and what that activity was." (*Id.* at 3-4.) Accordingly, the Ninth Circuit remanded to allow the court "to address how disclosure of specific information would violate the constitution or statutory rights of particular individuals or groups of individuals." (*Id.* at 4.)

On remand, the court seeks the parties' input with respect to the Ninth Circuit's order. Accordingly, the court ORDERS the parties to file supplemental memorandum responding to the Ninth Circuit's guidance.[3] Because the Ninth Circuit found the district court's factual findings to be inadequate, the parties may file additional factual material in support of their supplemental memoranda. Just as on appeal in the Ninth Circuit, the court will realign the parties for purposes of this briefing schedule. The court ORDERS

---

[3] There are two tangential issues raised by the Ninth Circuit. First, the Ninth Circuit stated that the district court improperly applied *Bainbridge Island Police Guild v. City of Puyallup*, 259 P.3d 190 (Wash. 2011), to conclude that the existence of publicly available information about certain individuals was "irrelevant" to their right to claim a valid exemption to the Public Records Act. (USCA Order at 4 n.2.) Instead, the Ninth Circuit opined that "public association with matters discussed in a public record could be one of several considerations relevant to determining whether disclosure would violate an individual's rights." (*Id.*) The court directs the parties to discuss this portion of the Ninth Circuit's order when considering the preliminary injunction as it relates to the disclosure or redaction of the eight names specifically listed in Mr. Daleiden's PRA request.
    Second, the Ninth Circuit stated that the court "may choose to rule on th[e] motion [to certify a class] before revisiting the preliminary injunction if creating sub-classes would be useful and appropriate." (*Id.* at 3 n.1.) The Ninth Circuit noted that "[c]onsiderations of commonality under Federal Rule of Civil Procedure 23 may bear some similarity to those related to particular individuals' entitlement to a preliminary injunction." (*Id.*) Doe Plaintiffs' motion to certify a class does not request any sub-classes. (*See* MCC (Dkt. # 16).) Thus, unless Doe Plaintiffs revise their motion to request sub-classes that are relevant to the court's preliminary injunction analysis, the court does not believe that resolution of that motion prior to revisiting the preliminary injunction would be useful. The court, however, leaves to Doe Plaintiffs decisions concerning the re-noting, timing, and substance of their motion for class certification.

Doe Plaintiffs and Defendants University of Washington ("UW") and Perry Tapper to submit their respective opening memoranda and supplemental evidentiary materials (if any) no later than September 19, 2017. Defendant David Daleiden shall file his memoranda and supplemental evidentiary materials (if any) in response to Doe Plaintiffs' and UW and Mr. Tapper's memoranda no later than October 17, 2017. Doe Plaintiffs and UW and Mr. Tapper may file their reply memoranda no later than October 31, 2017. The parties shall limit their opening and responsive memoranda to 16 pages and reply memoranda to 8 pages. The court encourages the parties to limit their briefing to those issues raised by the Ninth Circuit on remand.

It is so ORDERED.[4]

Dated this 22nd day of August, 2017.

JAMES L. ROBART
United States District Judge

---

[4] The court removed Doe Plaintiffs' motion to certify a class and Mr. Daleiden's motion to dismiss from the court's calendar after the court stayed this matter pending the Ninth Circuit's appeal. (See Min. Entry (Dkt. # 109).) If the parties still want the court to consider those motions, they must re-note the motions or file modified versions of the motions on the court's calendar now that the court has lifted the stay. See supra n.1.