UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOES 1-10, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNIVERSITY OF WASHINGTON, et al., <br><br> Defendants. | CASE NO. C16-1212JLR <br><br> ORDER FOLLOWING SECOND APPEAL |

## I. INTRODUCTION

Before the court is Defendant David Daleiden's second notice of appeal (2d Notice of Appeal (Dkt. # 147)) regarding the court's order issuing a preliminary injunction (PI Order (Dkt. # 88)) and the court's order reissuing the preliminary injunction following remand from the Ninth Circuit Court of Appeals (Reissued PI Order (Dkt. # 130)). In addition, there are several pending motions, including: (1) Plaintiffs John Does 1-10 and Jane Does 1-10's (collectively, "Doe Plaintiffs") motion to certify a

class (MCC (Dkt. # 16)); (2) Mr. Daleiden's motion to clarify the preliminary injunction (MTC (Dkt. # 131)); (3) Doe Plaintiffs' motion for summary judgment and entry of a permanent injunction (MSJ (Dkt. # 135)); and (4) Mr. Daleiden's motion for relief from the deadline to respond to Doe Plaintiffs' motion for summary judgment (MFR (Dkt. # 140)). The purpose of this motion is to clarify the court's jurisdiction over these motions and the conduct of this litigation while Mr. Daleiden's second appeal is pending.

## II. BACKGROUND AND ANALYSIS

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc., Co.*, 459 U.S. 56, 58 (1982) (per curiam). However, "an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal." *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990); *see also* Fed. R. Civ. P. 62(a)(1). Accordingly, the Ninth Circuit's jurisdiction under 28 U.S.C. § 1292(a)(1), which permits appeals from preliminary injunctions, "extends only to matters inextricably bound up with the injunctive order from which the appeal is taken." *Paige v. State of Cal.*, 102 F.3d 1035, 1039 (9th Cir. 1996) (internal citations and quotation marks omitted).

While the court's initial preliminary injunction order was on appeal, the court issued an order to show cause asking "why Mr. Daleiden's motion to dismiss [Plaintiffs' third amended complaint] should not be taken off the court's calendar without prejudice to renoting the motion after the Ninth Circuit enters a ruling or otherwise disposes of Mr.

Daleiden's appeal?"  (OSC (Dkt. # 99) at 2.)  Mr. Daleiden agreed at that time that his motion should be stayed while the preliminary injunction was on appeal, and the other parties did not object.  (Daleiden Resp. (Dkt. # 104) at 1 ("Mr. Daleiden agrees . . . that his Motion to Dismiss . . . addresses issues involved with the interlocutory appeal and that his Motion should be taken off the calendar . . . ."); Plf. Resp. (Dkt. # 101) at 1 ("Plaintiffs do not object to Mr. Daleiden's motion to dismiss . . . being taken off the [c]ourt's calendar . . . ."); UW Resp. (Dkt. # 103) at 1 ("[Defendants University of Washington and Perry M. Tapper (collectively, "UW Defendants")] take no position on whether Mr. Daleiden's motion to dismiss should be taken off the court's calendar . . . .").)

Similar to Mr. Daleiden's motion to dismiss, Doe Plaintiffs' motion for summary judgment and entry of a permanent injunction addresses issues that are involved in Mr. Daleiden's second appeal and inextricably bound up with the reissued preliminary injunction order.  (*Compare* MSJ, *with* Reissued PI Order); *see KPMG LLP v. Kanam*, No. 3:15-CV-00129-SLG, 2016 WL 7494262, at *2 (D. Alaska Jan. 4, 2016) ("[W]hile the Court does retain jurisdiction to modify or suspend a preliminary injunction, the Court finds that [the plaintiff's] motion for summary judgment seeking permanent injunctive relief would unduly alter the status of the case on appeal and exceeds the jurisdictional authority of the district court pending the interlocutory appeal, as it would change the core question before the appellate panel.").  Accordingly, the court directs the clerk to remove this motion from the calendar, but without prejudice to Doe Plaintiffs' re-

noting or refiling the motion, as appropriate, following the Ninth Circuit's disposition of Mr. Daleiden's appeal.

Mr. Daleiden's motion to clarify the preliminary injunction and Doe Plaintiffs' motion to certify a class, however, are not inextricably bound with the issues on appeal. (*See* MTC; MCC.) First, as to the motion to clarify, Federal Rule of Civil Procedure 62(c) provides that "[w]hile an appeal is pending from an interlocutory order . . . that grants . . . an injunction, the court may suspend, modify, restore, or grant an injunction . . . ." Fed. R. Civ. P. 62(c). Further, the Ninth Circuit instructs that the district court may continue to supervise and administer the preliminary injunction while an appeal is pending. *See A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1099 (9th Cir. 2002) (concluding that the district court is authorized to continue supervising compliance with the injunction while an appeal is pending). Additionally, the court concludes that it has jurisdiction to consider Doe Plaintiffs' motion for class certification while Mr. Daleiden's second appeal is pending. *See Tustin v. Heckler*, 749 F.2d 1055, 1065-66 (3d Cir. 1984) (concluding that the court of appeals did not have jurisdiction to review the class certification order because it was not "inextricably bound" with the preliminary injunction issues on appeal); *see also United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002) (holding that "during an interlocutory appeal, the district court retains jurisdiction to address aspects of the case that are not the subject of the appeal."). Accordingly, these motions will remain on the court's calendar, and the court will decide them in due course.

In addition to the foregoing motions, the court also notes that Mr. Daleiden asserts the need to conduct discovery with respect to Doe Plaintiffs' motion for summary judgment. (*See generally* MFR; *see also* MSJ Resp. (Dkt. # 148) at 1-2; Breen Decl. (Dkt. # 148-1).) While this case was on appeal the first time, the court stayed the entire proceeding—except for the court's administration and enforcement of the preliminary injunction. (*See* Min. Entry (Dkt. # 109).) However, on August 22, 2017, following the Ninth Circuit's remand order (9th Cir. Order (Dkt. # 112)), the court lifted the stay (*see* 8/22/17 Order (Dkt. # 114) at 1 n.1). At that point, the parties should have sought new deadlines for and otherwise complied with the court's order to conduct an initial Federal Rule of Civil Procedure 26(f) conference, produce initial disclosures, and file a joint status report (JSR Order (Dkt. # 57); *see also* 12/5/16 Order (Dkt. # 95) (extending the JSR Order deadlines into January 2017)),[1] and Mr. Daleiden should have sought the discovery that he now insists is essential to his summary judgment response. Nevertheless, because the court stays its consideration of Doe Plaintiffs' summary judgment motion, there is now both time and opportunity for the parties to engage in previously neglected discovery. Further, because the court's consideration of Doe Plaintiffs' summary judgment motion is stayed, there is little, if any, prejudice to Doe Plaintiffs in moving ahead with this aspect of the litigation. Accordingly, the court orders

---

[1] If, after the court lifted the stay, one or more of the parties did not believe it was appropriate to proceed with a Rule 26(f) conference, initial disclosures, or a joint status report and discovery plan, then that party or parties should have sought a further stay of the court's order at that time. No party did. (*See generally* Dkt.)

the parties to comply with its order regarding initial disclosures and a joint status report with the following revised deadlines:

    Deadline for FRCP 26(f) Conference:        2/2/2018

    Initial Disclosures Pursuant to FRCP 26(a)(1):  2/16/2018

    Combined Joint Status Report and Discovery
    Plan as Required by FRCP 26(f)
    and Local Civil Rule 26(f):                     2/23/2018

(*See* JSR Order at 1.)[2]

Because the court stays consideration of Doe Plaintiffs' motion for summary judgment until after the Ninth Circuit disposes of Mr. Daleiden's appeal and affords the parties an opportunity to conduct discovery while the re-issued preliminary injunction is on appeal,[3] Mr. Daleiden's motion for relief from the deadline to respond to Doe Plaintiffs' motion for summary judgment is now moot. The court, therefore, denies it on that basis.

### III.    CONCLUSION

Based on the foregoing, the court STAYS its consideration of Doe Plaintiffs' motion for summary judgment (Dkt. # 135) and DIRECTS the Clerk to remove that

---

[2] If there is good cause to continue any of these deadlines, the parties may so state in a stipulation or engage in motion practice to bring the issue to the court's attention.

[3] This order does not constitute a ruling concerning the appropriateness of any specific discovery requested by any party. If a party believes that requested discovery is outside the bounds permitted under the Federal Rules of Civil Procedure or applicable case authority, and the parties are unable to resolve the discovery dispute on their own, the parties may bring the issue to the attention of the court. The court, however, prefers that the parties utilize the procedures outlined in Local Civil Rule 7(i) with respect to discovery disputes. *See* Local Rules W.D. Wash. LCR 7(i) (setting forth the procedures for telephonic motions).

motion from its calendar. The stay is without prejudice to Doe Plaintiffs' refiling or re-noting the motion, if appropriate, following the Ninth Circuit's disposition of Mr. Daleiden's appeal of the reissued preliminary injunction. Doe Plaintiffs' motion for class certification (Dkt. # 16) and Mr. Daleiden's motion to clarify the preliminary injunction (Dkt. # 131) will remain on the court's calendar, and the court will decide those motions in due course. In addition, the court DIRECTS the parties to comply with its order regarding initial disclosures and joint status report (Dkt. # 57) as modified and described herein. Finally, because the court stays Doe Plaintiffs' motion for summary judgment and affords the parties an opportunity for discovery pending the Ninth Circuit's disposition of Mr. Daleiden's second appeal, Mr. Daleiden's motion for relief from the deadline to respond to Doe Plaintiffs' motion is now moot. Accordingly, the court DENIES Mr. Daleiden's motion (Dkt. # 140) on that basis.

Dated this 16th day of January, 2018.

JAMES L. ROBART
United States District Judge