UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOES 1-10, et al.,<br><br>                         Plaintiffs,<br>      v.<br><br>UNIVERSITY OF WASHINGTON, et al.,<br><br>                         Defendants. | CASE NO. C16-1212JLR<br><br>ORDER GRANTING MOTION TO CLARIFY PRELIMINARY INJUNCTION |

## I.   INTRODUCTION

Before the court is Defendant David Daleiden's motion to clarify that the preliminary injunction in this case does not require the redaction of non-personal corporate information.[1] (Mot.; *see* Reissued PI (Dkt. # 130).) Jane Does 1-10 and John

---

[1] Mr. Daleiden uses the term "corporate" and "corporation" in his motion to mean "all for-profit corporations, not-for-profit corporations, government agencies and offices, and any other recognizable entity that is a live, identifiable human being." (Mot. (Dkt. # 131) at 1 n.1.) Plaintiffs adopted Mr. Daleiden's use of these terms "[i]n the interests of shared terminology in

ORDER - 1

Does 1-10 (collectively, "Doe Plaintiffs") and Defendants University of Washington and Perry Tapper (collectively, "UW") filed responses. (Doe Resp.; UW Resp. (Dkt. # 137).) The court has considered the motion, the parties' submissions filed in support of and opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised,[2] the court GRANTS the motion as described herein.

## II. BACKGROUND AND ANALYSIS

On November 30, 2017, following a remand from the Ninth Circuit Court of Appeals, the court reissued the preliminary injunction that it had originally imposed on November 16, 2016. (*See* Reissued PI at 45; *see also* PI (Dkt. # 88).) During the course of oral argument on November 29, 2017, counsel for UW indicated that UW had interpreted the court's original preliminary injunction to require redaction of certain entities' names where the name could provide the location of an individual. (*See* Reissued PI at 45 n.26; *see* Min. Entry (Dkt # 129).) Mr. Daleiden asserted that this interpretation prevented him from obtaining substantively useful information that was unrelated to Doe Plaintiffs' personally identifying information. (*See* Reissued PI at 45 n.26.) The court noted that to the extent that Mr. Daleiden believes that UW's redactions were more extensive than allowed under the court's preliminary injunction, he could file a motion seeking relief from the court. (*Id.*) On December 7, 2017, Mr. Daleiden filed a

---

the disposition of this motion." (Doe Resp. (Dkt. # 136) at 1 n.1.) Accordingly, the court will too.

[2] No party requested oral argument, and the court does not consider such argument to be helpful to its disposition of this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

motion asking the court to clarify that the reissued preliminary injunction does not require the redaction of non-personal, corporate information. (*See* Mot.)

UW filed a response explaining its application of the court's order to its process of redacting the documents at issue. (*See generally* UW Resp.) Reviewing UW's response, it is apparent that UW interpreted the court's preliminary injunction expansively with regard to its redaction of corporate information. (*See generally id.*) For example, UW interpreted the court's order requiring the redaction of phone, fax, email addresses and mailing addresses to include not only those items belonging to individuals but to organizations as well. (*See id.* at 2.) Despite its expansive interpretation, the court agrees that UW interpreted the preliminary injunction in "good faith," albeit too broadly in this area. (*See id.* at 4.) In any event, UW affirms that "[s]hould the court determine that modification of th[e] [preliminary injunction] is necessary with respect to organization names or other organization-related information, [UW] will . . . comply with that directive." (*Id.* at 4.)

Doe Plaintiffs respond that they "do not oppose Mr. Daleiden's motion." (Doe Resp. at 1.) Doe Plaintiffs affirm that they "have not sought, and do not now seek, the redaction of strictly corporate information, such as corporate names, corporate domain internet addresses, or corporate physical addresses." (*Id.*) Doe Plaintiffs also agree that, although the "portion of any [work or email] address containing personally identifying information should continue to the redacted," the portion of the address containing only corporate information should be released. (*See id.*) For example, as Mr. Daleiden points out, in the case of a work email address, only the local part of the address—before the

"@" symbol—is arguably personally identifying. (Mot. at 1 n.2.) The domain portion of the email address—after the "@" symbol—indicating a corporate URL[3] is neither personally identifying nor in any way private. (*See id.*) Thus, Mr. Daleiden and Doe Plaintiffs are largely in agreement that additional corporate information contained in the documents at issue should be released. Specifically, both Mr. Daleiden and Doe Plaintiffs agree that "non-personal corporate information, including corporate names, corporate domain internet addresses ('URLs'), [and] corporate physical addresses" should be released. (Prop. Order (Dkt. # 131-1) at 1-2; *see also* Doe Resp. at 1-2 ("[T]he redaction of strictly corporate information, such as corporate names, corporate domain internet addresses, or corporate physical addresses, is not required . . . .").)

Nevertheless, both Mr. Daleiden and Doe Plaintiffs offer qualifying language with respect to these corporate items. Mr. Daleiden asks the court to order the foregoing additional corporate information "wherever and however it appears." (Prop. Order (Dkt. # 131-1) at 2.) Doe Plaintiffs ask the court to order the foregoing additional information "unless an individual person's identity could be derived with reasonable certainty from such information either on its own or in concert with other information." (Doe Resp. at 2.) The court cannot envision how UW could apply Doe Plaintiffs' proposed qualifying language when executing the court's order. Further, Doe Plaintiffs have failed to demonstrate that the release of the listed corporate information—without their requested qualifier—will endanger any Doe Plaintiff. The court, however, believes that neither the

//

---

[3] "URL" is a common acronym for Uniform Resource Locator.

qualifying language offered by Mr. Daleiden nor the qualifying language offered by Doe Plaintiffs will aid UW in the administration of the court's preliminary injunction or is required to appropriately clarify the court's order. Accordingly, the court rejects both.

Based on the foregoing, the court grants Mr. Daleiden's motion as follows: The court clarifies that neither the preliminary injunction nor the reissued preliminary injunction require the redaction of non-personal corporate information, including corporate names,[4] the domain portion of work email addresses,[5] and corporate physical addresses.

### III. CONCLUSION

Based on the foregoing analysis, the court GRANTS Mr. Daleiden's motion (Dkt. # 131) as more fully described herein.

Dated this 23rd day of February, 2018.

JAMES L. ROBART
United States District Judge

---

[4] Doe Plaintiffs argue that individual titles should remain redacted. (Doe Resp. at 1.) Mr. Daleiden does not request the production of such titles. (*See generally* Mot.) Accordingly, individual titles shall remain redacted.

[5] The personal portion of any such work email address—appearing before the "@" symbol—shall remain redacted.