# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JANE DOES 1-10, et al.,<br><br>　　　　　　　Plaintiffs,<br>　v.<br><br>UNIVERSITY OF WASHINGTON, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C16-1212JLR<br><br>ORDER DIRECTING SUPPLEMENTAL BRIEFING ON CLASS CERTIFICATION MOTION |

Before the court is Plaintiffs Jane Does 1-10 and John Does 1-10's ("Doe Plaintiffs") motion for class certification. (MFCC (Dkt. # 16).) After reviewing the parties' memoranda, the court concludes that supplemental briefing from the parties on the issue of possible subclasses is necessary. Accordingly, the court DIRECTS the Clerk to renote this motion for March 26, 2018, and ORDERS the parties to submit supplemental briefing as described herein.

//

The court stayed its consideration of Doe Plaintiffs' motion for class certification while the court's original order issuing a preliminary injunction was on appeal. (*See* Min. Entry (Dkt. # 109); *see also* 1st Not. of App. (Dkt. # 98); PI (Dkt. # 88).) On remand, the Ninth Circuit Court of Appeals reversed and remanded, but kept the preliminary injunction in place for 120 days to allow the court "to enter the necessary findings of fact and conclusions of law supporting the injunctive relief." (9th Cir. Order (Dkt. # 113) at 4.) The Ninth Circuit explained that "Doe Plaintiffs must show that particular individuals or groups of individuals were engaged in activity protected by the First Amendment and 'show "a reasonable probability that the compelled disclosure of personal information will subject"' those individuals or groups of individuals to 'threats, harassment, or reprisals' that would have a chilling effect on that activity." (*Id.* at 3 (quoting *John Doe No. 1 v. Reed*, 561 U.S. 186, 200 (2010)).) The Ninth Circuit further stated that "the court's order did not address how Doe Plaintiffs have made the necessary clear showing with specificity as to the different individuals or groups of individuals who could be identified in the public records" at issue. (*Id.*)

In asking the court to reissue the preliminary injunction following remand from the Ninth Circuit, Doe Plaintiffs identified three sub-groups of plaintiffs: (1) advocates and practitioners "who advocate through speech or conduct, for organizations and/or entities that provide abortions and/or make available fetal tissue for medical research, including individuals who in fact participated in the procurement of fetal tissue for medical research purposes and/or arranged for the delivery of fetal tissue to the Lab, and staff associated with the same" (Doe Supp. Br. (Dkt. # 119) at 3); (2) "Lab staff" who

1  "facilitate[] the collection and/or dissemination of fetal tissue for medical research purposes, and staff associated with the same" (*id.*); and (3) researchers "whose efforts contribute to medical research that uses fetal tissue obtained from the Lab, and staff associated with the same" (*id.*). In addition, Doe Plaintiffs also implicitly identified another subgroup within each of the foregoing groups, consisting of the administrative or other staff members of each of the organizations engaged in advocacy or scientific research at issue here. (*See* Doe Supp. Br. at 8.)

Doe Plaintiffs argued, and the court agreed, that those individuals in group one—employees of organizations that advocate for continued access to abortion and women's reproductive rights and/or the continued ability to conduct fetal tissue research—are engaged in First Amendment-protected activity. (*See* Order Reissuing PI (Dkt. # 130) at 15-17.) Doe Plaintiffs also argued, and the court agreed, that individuals in groups one, two, and three are engaged in lawful activities critical to the conduct of fetal tissue research, and that the First Amendment also protects such research activity. (*Id.* at 17-20.) Finally, Doe Plaintiffs argued, and the court agreed, that staff members in the three groups who worked for organizations engaged in either fetal tissue research and/or advocacy for women's reproductive health services are entitled to the same First Amendment protections as the organizations that employ them because staff members are

//
//
//
//

inevitably associated with the work of the organizations with which they are affiliated.[1] (*Id.* at 20-24.)

Despite the Ninth Circuit specifically raising the issue of subclasses in its remand order (*see* 9th Cir. Order at 3, n.1) and Doe Plaintiffs' briefing in support of the reissuance of the preliminary injunction, which expressly identified three subgroups of plaintiffs (Doe Supp. Br. at 3), Doe Plaintiffs do not address the issue of subclasses in their supplemental brief in renewed support of their motion for class certification. (*See generally* Doe Supp. Br. on CC (Dkt. # 144); *see* Daleiden Supp. Br. on CC (Dkt. # 149) at 2 ("[Doe] Plaintiffs have not modified their Motion for Class Certification in any appreciable way to account for particular individuals or groups of individuals within their putative class.").) Indeed, Doe Plaintiffs stated in their supplemental brief in support of the reissuance of the preliminary injunction that they "anticipate[d] renewing their motion for class certification," and "[i]n doing so, . . . intend[ed] to update their delineation of the class in line with the groups identified [in their supplemental brief in support of reissuing the preliminary injunction]." (Doe Supp. Br. at 3 n.2.) Despite this statement, Doe Plaintiffs did not address the issue of subclasses in their supplemental brief on class certification. (*See generally* Doe Supp. Br. on PI (Dkt. # 144).)

The court, therefore, ORDERS the parties to submit simultaneous supplemental memoranda on the issue of subclasses relating to Doe Plaintiffs' motion for class

---

[1] The court also concluded that Doe Plaintiffs in all three groups demonstrated a reasonable probability that the compelled disclosure of personally identifying information would subject them to threats, harassment, or reprisals. (Order Reissuing PI at 25-31.)

certification. Specifically, the court ORDERS Doe Plaintiffs to address whether the creation of subclasses is appropriate in this case, and if not, why not; and if so, what subclasses would be appropriate, and why. The court similarly ORDERS Defendant David Daleiden to address why the creation of subclasses would not mitigate some or all of his concerns regarding typicality and commonality. (Daleiden Resp. (Dkt. # 63) at 3-11.) The parties may also address any other issues concerning subclasses that they believe should be brought to the court's attention.[2] The court ORDERS the parties to submit their supplemental memoranda no later than Monday, March 26, 2018, and to limit their memoranda to no more than 10 pages.[3] Finally, the court DIRECTS the Clerk to renote Doe Plaintiffs' motion for class certification (Dkt. # 16) for March 26, 2018.

Dated this 14th day of March, 2018.

JAMES L. ROBART
United States District Judge

---

[2] Defendants UW and Perry Tapper may, but are not required to, submit a joint memorandum on the issue of subclasses subject to the same page and time limits as the other parties.

[3] The court is comfortable with simultaneous briefing in this instance because the parties are familiar with the issue of subclasses and their potential relevance here.