UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOES 1-10, et al.,<br><br>               Plaintiffs,<br>   v.<br><br>UNIVERSITY OF WASHINGTON, et al.,<br><br>               Defendants. | CASE NO. C16-1212JLR<br><br>ORDER REGARDING DISCOVERY DISPUTE |

## I. INTRODUCTION

On July 10, 2018, pursuant to Local Rule LCR 7(i), the court conducted a telephonic hearing concerning a discovery dispute between Plaintiffs Jane Does 1-10 and John Does 1-10 (collectively, "Doe Plaintiffs") and Defendant David Daleiden. Prior to the telephonic hearing, the parties filed short letters with the court describing their dispute. (*See* Doe Ltr. (Dkt. # 178); Daleiden Ltr. (Dkt. # 179)); *see* Local Rules W.D. Wash. LCR 7(i). Specifically, Doe Plaintiffs seek a protective order regarding certain

written discovery requests that Mr. Daleiden served upon them. (*See* Doe Ltr.) Mr. Daleiden opposes Doe Plaintiffs' request for a protective order and seeks to compel responses to his written discovery requests. (*See* Daleiden Ltr.) Defendant University of Washington ("UW") takes no position on the discovery dispute between Doe Plaintiffs and Mr. Daleiden. (UW Ltr. (Dkt. # 177).) The court has reviewed the parties' written materials related to this dispute and heard the argument of counsel. Being fully advised, the court GRANTS in part and DENIES in part Doe Plaintiffs' request for a protective order, but without prejudice to Mr. Daleiden raising the issue again after his present appeal to the Ninth Circuit concludes.

## II. BACKGROUND

In his first interrogatory, Mr. Daleiden asks Doe Plaintiffs to "[i]dentify all Plaintiffs." (Daleiden Ltr. Ex. 1 (Dkt. # 179-1) at 4.) In his second interrogatory, he seeks "the information redacted and not disclosed in the requested documents that qualifies as 'personally identifying information or information from which [that] person's identity could be derived with reasonable certainty." (*Id.*) Mr. Daleiden propounds several other interrogatories and also requests the production of various documents. (*See id.* at 4-5; *Id.*, Ex. 2 (attaching requests for production).) Doe Plaintiffs object that Mr. "Daleiden improperly tries to use civil discovery to circumvent the [court's] reissued preliminary injunction." (Doe Ltr. at 1 (citing Reissued PI (Dkt. # 130)).) They also object that the discovery is not relevant or proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). (*See id.*) The court now considers the parties' dispute.

# III.  ANALYSIS

The court first addresses a preliminary jurisdictional issue.  On January 2, 2018, Mr. Daleiden appealed the court's reissued preliminary injunction.  (*See* 2d Not. of App. (Dkt. # 147); Reissued PI.)  A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc., Co*., 459 U.S. 56, 58 (1982) (per curiam).  However, "an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal." *Britton v. Co-op Banking Grp*., 916 F.2d 1405, 1412 (9th Cir. 1990); *see also* Fed. R. Civ. P. 62(a)(1).  Accordingly, the Ninth Circuit's jurisdiction under 28 U.S.C. § 1292(a)(1), which permits appeals from preliminary injunctions, "extends only to matters inextricably bound up with the injunctive order from which the appeal is taken." *Paige v. State of Cal*., 102 F.3d 1035, 1039 (9th Cir. 1996) (internal citations and quotation marks omitted).

If the court ordered Doe Plaintiffs to respond to Interrogatory Nos. 1 and 2, Mr. Daleiden would receive through discovery the material and information that he is prohibited from receiving by virtue of the court's reissued preliminary injunction.  This fact binds the issues in this discovery dispute inextricably with the issues on appeal.  Indeed, if the court ordered Doe Plaintiffs to respond to Mr. Daleiden's discovery requests, such an order would unduly alter the status of the core question before the appellate panel and, therefore, exceeds the jurisdictional authority of this court while the appeal is pending.  *See KPMG LLP v. Kanam*, No. 3:15-CV-00129-SLG, 2016 WL

7494262, at *2 (D. Alaska Jan. 4, 2016) (declining to rule on a motion for a permanent injunction because doing so "would unduly alter the status of the case on appeal and exceeds the jurisdictional authority of the district court pending the interlocutory appeal, as it would change the core question before the appellate panel").

The court, therefore, grants Doe Plaintiffs' request for a protective order with respect to Interrogatory No. 1 because that interrogatory seeks the identity of "all Plaintiffs" and the disclosure of this information is not allowed under the reissued preliminary injunction. (*See* Reissued PI at 44-45.) The court also grants a protective order to Doe Plaintiffs concerning Interrogatory No. 2 to the extent the interrogatory requests the disclosure of information that the reissued preliminary injunction prohibits.[1] (*See id.*) In his letter to the court, however, Mr. Daleiden represents that, in Interrogatory No. 2, he "does not request the information [that was] redacted" pursuant to the preliminary injunction, but rather only the "sort of information [that] has been redacted (e.g., 'office phone number,' 'email address,' etc.)" from the documents at issue in this case. (Daleiden Ltr. at 2.) Accordingly, the court orders Doe Plaintiffs to provide Mr. Daleiden with the "type of information" that has been redacted but not the actual redactions themselves.[2] (*See id.*) In addition, Doe Plaintiffs' response to Interrogatory

---

[1] Nevertheless, Mr. Daleiden may raise the discovery issue again, if appropriate, after his appeal to the Ninth Circuit is complete. At that time, the court will consider whether permitting the requested discovery, within the context of a protective order, is appropriate.

[2] As discussed below, Doe Plaintiffs need only provide this information as to the redactions related to Doe Plaintiffs themselves and not for absent class members.

No. 2 or any other interrogatory must be in pseudonymous form consistent with the reissued preliminary injunction.

Turning to the remaining discovery requests, the court notes that Mr. Daleiden's discovery requests are not limited to Doe Plaintiffs pseudonymously identified in the complaint or in declarations filed with the court, but rather extend to all absent class members. (*See* Daleiden Ltr. Ex. 1 at 2 ("The term 'all Plaintiffs' means Does plus all unnamed class members.").) Discovery of absent class members is disfavored and Mr. Daleiden has not made any showing warranting such discovery here. *See In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. C09-37 MJP, 2011 WL 1789975, at *1 (W.D. Wash. May 9, 2011). Accordingly, the court also grants Doe Plaintiffs' motion for protective order to the extent that Mr. Daleiden's discovery requests seek discovery from absent class members. The court thus requires Doe Plaintiffs to respond to Mr. Daleiden's discovery requests on their own behalf and not for all absent class members. *See supra* n.2. If appropriate, the court will revisit this ruling after Mr. Daleiden's appeal is complete upon the motion of any party. *See id.* (recognizing that "discovery from absent class members is generally disfavored and will therefore not be permitted unless (1) the defendant demonstrates a clear need for the information for trial of those aspects pertinent to the class claims, (2) the court is satisfied that the discovery requests are narrowly tailored to their purpose, and (3) the discovery is not intended to, and will not, impose undue burdens on the absent class members") (internal quotation marks omitted).

Therefore, with respect to Mr. Daleiden's remaining Interrogatory Nos. 3-7 and requests for the production of documents, the court requires Doe Plaintiffs to respond, but

only for themselves in pseudonymous form. Further, any documents that Doe Plaintiffs produce in response to Mr. Daleiden's requests for production shall be redacted in the same manner as the court directed in its reissued preliminary injunction. (*See* Reissued PI at 44-45; *see also* 2/26/18 Order (Dkt. # 155) at 5 (clarifying certain aspects of the Reissued PI).) If appropriate and on the motion of any party, the court will revisit this ruling after Mr. Daleiden's appeal is complete.

## IV. CONCLUSION

As described herein, the court GRANTS in part and DENIES in part the protective order Doe Plaintiffs' request with respect to Mr. Daleiden's written discovery requests. (*See* Doe Ltr.; Daleiden Ltr.; UW Ltr.)

Dated this 13th day of July, 2018.

JAMES L. ROBART
United States District Judge