|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | UNITED STATES DISTRICT COURT | |
| 8 | WESTERN DISTRICT OF WASHINGTON AT SEATTLE | |
| 9 | | |
| 10 | JANE DOES 1-10, et al., | CASE NO. C16-1212JLR |
| 11 | Plaintiffs, | ORDER DENYING DEFENDANT'S MOTION TO STRIKE UW'S AFFIRMATIVE DEFENSES |
| 12 | v. | |
| 13 | UNIVERSITY OF WASHINGTON, et al., | |
| 14 | Defendants. | |

## I. INTRODUCTION

Before the court is Defendant David Daleiden's motion to strike Defendant and Crossclaim Defendant University of Washington's ("UW") affirmative defenses to the crossclaim. (Mot. (Dkt. # 171).) The court has reviewed the motion, the submissions

//
//
//

the parties filed in support of and opposition to the motion, the other relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES the motion.

## II. BACKGROUND

This case arises out of written requests Mr. Daleiden sent to UW under the Washington Public Records Act ("PRA"), RCW ch. 42.56. (TAC (Dkt. # 77) at 1-2.) On August 3, 2016, Plaintiffs Jane Does 1-10 and John Does 1-10 (collectively, "Doe Plaintiffs") sued UW and Mr. Daleiden to prevent UW from releasing documents responsive to Mr. Daleiden's PRA requests without first redacting certain information.[2] (*See generally* Compl. (Dkt. # 1).)

On August 15, 2016, Mr. Daleiden filed a motion to dismiss arguing that UW, as an arm of Washington State, was immune from suit, and that if the court were to dismiss UW, it should dismiss Mr. Daleiden too. (*See* MTD (Dkt. # 49).) In response, UW stated that it consented to jurisdiction for purposes of Doe Plaintiffs' claims for declaratory and injunctive relief. (UW MTD Resp. (Dkt # 71) at 3.)

Based on its response to Mr. Daleiden's motion, the court found that UW waived its Eleventh Amendment immunity to the equitable claims raised by Doe Plaintiffs, but the court found a lack of subject matter jurisdiction on other grounds. (10/4/16 Order (Dkt. # 76) at 8-14.) The court granted Doe Plaintiffs leave to amend (*id.* at 14-18), and

//

---

[1] No party asked for oral argument, and the court determines that oral argument would not be helpful to its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(2).

[2] Doe Plaintiffs also sued Zachary Freeman (*see* Compl. ¶ 12), but the court subsequently dismissed him (*see* 12/27/16 Order (Dkt. # 105)).

they subsequently filed a third amended complaint in which they added Defendant Perry Tapper (*see* TAC ¶ 12). In March 2018, UW, Mr. Tapper, and Mr. Daleiden answered Doe Plaintiffs' third amended complaint. (*See* UW Ans. (Dkt. # 157); Daleiden Ans. (Dkt. # 158).) In his answer, Mr. Daleiden asserted crossclaims against UW. (Daleiden Ans. at 7-10.) Unlike Doe Plaintiffs' equitable claims against UW, Mr. Daleiden's crossclaims seek statutory penalties, attorney's fees, and costs. (*Id.* at 10.)

On March 26, 2018, UW answered Mr. Daleiden's crossclaims. (UW Ans. to CC (Dkt. # 163).) UW asserted three affirmative defenses: (1) failure to state a claim for which relief can be granted, (2) lack of subject matter jurisdiction, and (3) Eleventh Amendment immunity. (*Id.* at 4.) On April 16, 2018, Mr. Daleiden moved to strike these affirmative defenses based on Federal Rule of Civil Procedure 12(f). (*See* Mot. at 1 (citing Fed. R. Civ. P. 12(f)).) The court now considers Mr. Daleiden's motion.

### III. ANALYSIS

Federal Rule of Civil Procedure 12(f) provides that a court may, on its own or on a motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may only strike material from a pleading if it falls within one of those five categories. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010).

Mr. Daleiden argues that the court should strike UW's affirmative defenses of "failure to state a claim upon which relief can be granted" and "lack of subject matter jurisdiction" because they fail to give him "fair notice" of the "specifics" of these two defenses. (*See* Mot. at 2.) The Ninth Circuit, however, recently held that "the 'fair

notice' required by the pleading standards only requires describing . . . [an affirmative] defense in 'general terms.'" *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1274 (3d ed.1998)). In so holding, the Ninth Circuit implicitly declined to apply the *Iqbal*/*Twombly*[3] plausibility standard to the pleading of affirmative defenses. *See Walker v. Charter Commc'ns Inc.*, No. 3:15-cv-00556-RCJ-VPC, 2016 WL 3563483, at *3 (D. Nev. 2016) (finding no reason to alter its position that the *Iqbal* standard does not apply to affirmative defenses); *Fed. Trade Comm'n v. Vemma Nutrition Co.*, No. CV-15-01578-PHX-JJT, 2016 WL 3548762, at *1 (D. Ariz. 2016) (concluding that the *Twombly* standard does not apply to affirmative defenses). The court therefore denies Mr. Daleiden's motion to strike because UW sufficiently describes its affirmative defenses in "general terms." *See Kohler*, 779 F.3d at 1019.

In addition, UW may raise lack of subject matter jurisdiction at any point during the proceedings. *See* Fed. R. Civ. P. 12(h)(3). As a practical matter, striking this affirmative defense only to later permit Doe Plaintiffs to raise it wastes judicial resources. Further, Mr. Daleiden has not demonstrated that he will suffer any prejudice. *Hernandez v. Balakian*, No. CVF06-1383OWW/DLB, 2007 WL 1649911, at *1 (E.D. Cal. June 1, 2007) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1381 (3d ed. 1998)) ("Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party."). Thus, the court also denies Mr.

---

[3] *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-83 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-63 (2007).

Daleiden's motion to strike Doe Plaintiffs' "lack of subject matter jurisdiction" affirmative defense on this ground as well.

Mr. Daleiden also argues that "'failure to state a claim upon which relief can be granted' is not an affirmative defense under [Federal Rule of Civil Procedure] 8(c)." (Mot. at 2 (citing Fed. R. Civ. P. 8(c)).) However, Federal Rule of Civil Procedure 12(h)(2)(A) provides that a party may raise "[f]ailure to state a claim upon which relief may be granted . . . in any pleading allowed or ordered under [Federal] Rule [of Civil Procedure] 7(a)." *See* Fed. R. Civ. P. 12(h)(2). One of the pleadings allowed under Rule 7(a) is an answer to a crossclaim. *See* Fed. R. Civ. P. 7(a)(4); *see also Valley Cmty. Bank v. Progressive Cas. Ins. Co.*, No. 5:11-CV-00574-JF HRL, 2011 WL 1833116, at *3 (N.D. Cal. May 13, 2011) (citing *Hernandez*, 2007 WL 1649911, at *2). Thus, UW may raise this defense in its answer to Mr. Daleiden's crossclaim. Accordingly, the court denies Mr. Daleiden's motion on this additional ground. (*See* UW Ans. to CC at 4.)

Finally, Mr. Daleiden argues that the court should strike UW's "Eleventh Amendment immunity" affirmative defense because UW has waived its immunity in this case. (Mot. at 2.) However, UW expressly waived its Eleventh Amendment immunity only "for purposes of considering the issues of declaratory judgment and/or injunctive relief as raised by Doe Plaintiffs." (*See* UW MTD Resp. at 3.) UW did not expressly waive its Eleventh Amendment immunity to Mr. Daleiden's crossclaims for statutory penalties, fees, and costs. (*See* Resp. (Dkt. # 174) at 9.) Without ruling on the issue, the court notes that there is at least out-of-circuit authority for the position that a party may partially waive its Eleventh Amendment immunity in certain circumstances. *See Hankins*

*v. Finnel*, 964 F.2d 853, 856 (8th Cir. 1992) (providing that an Eleventh Amendment waiver may be partial or limited) (citing *WJM, Inc.v. Mass. Dep't of Pub. Welfare*, 840 F.2d 996, 1002-03 & n.8 (1st Cir. 1988), *abrogated on other grounds by Reoppel v. Massachusetts*, 936 F.2d 12 (1st Cir. 1991).[4] In any event, the issue is now moot because UW "has elected not to pursue this defense." (Resp. at 9.) Accordingly, the court denies as moot Mr. Daleiden's motion to strike UW's Eleventh Amendment immunity affirmative defense.

## IV. CONCLUSION

Based on the foregoing analysis, the court DENIES Mr. Daleiden's motion to strike UW's affirmative defenses (Dkt. # 171).

Dated this 19th day of July, 2018.

JAMES L. ROBART
United States District Judge

---

[4] Mr. Daleiden relies upon *Embury v. King*, 361 F.3d 562 (9th Cir. 2004), to argue that UW's waiver of its Eleventh Amendment immunity regarding Doe Plaintiffs' equitable claims extends to the entire case—including his crossclaim (*See* Mot. at 2.) *Embury*, however, involved claims that were added to the complaint following the state's removal of the action to federal court. *Embury*, 361 F.3d at 563. The Ninth Circuit held that by removing the case to federal court, the state had removed not just the original claims, but the entire case. *Id.* at 565. Thus, the state had waived its Eleventh Amendment immunity "over claims added in the amended complaint" as well. *Id.* at 566. The court is skeptical that *Embury* necessarily applies in the context of a crossclaim brought by another defendant in an action originally filed in federal court. Nevertheless, the court need not decide the issue because, as noted above, UW has elected not to pursue its Eleventh Amendment immunity defense. (*See* Resp. at 9.)