# THOMAS MORE SOCIETY
*A National Public Interest Law Firm*

Your Honor:

The parties met and conferred on Thursday, on Defendant Daleiden's letter (Dkt. 185, Exh. A) about each of the Doe Plaintiffs' responses (Dkt. 185, Exh. C[1]) to his discovery requests.[2] The parties were unable to reach consensus on three issues: (1) identification of the particular documents within the PRA response that include enjoined "personal identifying information" for Does 1-8; (2) discovery related to employment and job duties of Plaintiffs; and (3) depositions of Plaintiffs and their witnesses, including their two openly identified Declarants in support of their Preliminary Injunction motion.

## (1) Identification of Plaintiffs' particular documents in the PRA response

Defendant's Interrogatory 2 required that each Plaintiff "identify the information [by type] redacted and not disclosed in the requested [PRA] documents that qualifies as 'personally identify information,'" etc. This interrogatory seeks to determine what information is redacted, in which documents, for each Doe Plaintiff. This information will be useful for the depositions of each Doe Plaintiff and has the strong potential to narrow and clarify the issues in this case for summary judgment and/or trial.

Each Doe Plaintiff issued similar objections to the Interrogatory, including that "it calls for disclosure of information unknown to Plaintiff, given that the redactions at issue were applied by the University of Washington, not Plaintiff." Each Doe Plaintiff then followed the objections with the statement, "Subject to and without waiving objections, Plaintiff answers that, to the best of his/her knowledge, the type of information related to Plaintiff that was likely redacted includes:," followed by a list of potential types of information redacted. Defendant contends that Does should not be able to answer with the qualifier "likely" and should be required to identify their redacted documents in the production set.

None of Doe Plaintiffs identified the specific PRA production documents where the "likely" redactions could be found. None of Doe Plaintiffs indicated that they reviewed the PRA production to locate their specific documents or otherwise. None of Doe Plaintiffs indicated they reviewed or otherwise sought documents in their own custody or control, to definitively determine the redacted content.

First, it is unclear how Doe Plaintiffs could even answer this interrogatory, at all, if they did not either review the PRA production or their own original unredacted documents. Doe Plaintiffs are in superior position to know the extent of their documents in the PRA production—and they presumably have custody or control over the original unredacted versions. Second, any objections to the interrogatory were waived after the use of the boilerplate, "subject to and without waiving objections." *See, e.g., Herrera v. AllianceOne Receivable Mgmt.*, 2016 U.S. Dist. LEXIS 40474 (S.D. Cal. Mar. 28, 2016) ("Conditional responses and/or the purported reservation of rights by a responding party are improper and ultimately have the effect of waiving the objections to the discovery requests").

Third, if Plaintiffs truly cannot identify the relevant documents and are not in a superior position to

---

[1] Each of the eight Doe Plaintiffs served responses to the discovery requests, with nearly identical objections. For simplicity's sake, only one exemplary set of responses is referenced here. Should the other seven sets of responses be necessary for resolution of the matter, Defendant stands ready to provide them.

[2] Plaintiffs had refused to answer those requests, until ordered to do so by this Court. *Ord.*, 7/13/18, Dkt. 181.

make this identification, Defense counsel offered that Plaintiffs provide the identities of Does 1-8 to the University of Washington, which already has their identities (and that of all class members). Defendant would then request that the University run the search, whether by agreement or appropriate discovery.

Plaintiffs rejected this proposal. Having been allowed to proceed via pseudonym in this case, Plaintiffs then refused to provide names to Defense counsel, even under a confidentiality order. Due to their choice of litigation tactics, Defendant is at a severe and unfair disadvantage to determine (and litigate) how Plaintiffs' requested redactions relate to their alleged privacy and First Amendment interests.

Defendant thus respectfully requests that Doe Plaintiffs be compelled to answer this interrogatory fully and without qualification—or to respond why they cannot—and, if they cannot answer fully for any reason, that Plaintiffs be ordered to provide the Doe 1-8 information to the University of Washington.

**(2) Discovery related to employment and job duties of Plaintiffs**
Plaintiffs have refused to answer Defendant's Request for Production 6, as narrowed by Defendant's letter, for documents establishing Plaintiffs' employment status and "documents reflecting the job duties of Plaintiffs, as already identified by them in their responses to the Interrogatories, such as their First Amendment Activity (First Interrogatories, no. 3), their efforts to keep confidential or make public their involvement in abortion or fetal tissue (id., no. 4), and their interactions and exposure to the public (id., no. 5)." *See* Dkt. 185, Exh. A.

Defendant proposed receiving redacted pay stubs to verify employment, but Plaintiffs rejected that compromise, seeking *in camera* review—Defendant has no objection to such review. However, as to documents reflecting job duties, Defendant requests that Plaintiffs be compelled to produce those documents. Plaintiffs were ordered to and already have answered Defendant's Interrogatories 3, 4, & 5, relating to Plaintiffs' First Amendment Activity, efforts to keep confidential or make public their involvement in abortion or fetal tissue, and their interactions and exposure to the public.[3] The documents supporting or refuting Plaintiffs' discovery answers and their job duties that specifically relate to the issues at bar are absolutely relevant, proportionate, and well within the bounds of discoverable information under the Federal Rules.

**(3) Depositions of Plaintiffs and their witnesses**
Plaintiffs have taken a hard position against depositions in this matter. Defendant seeks to schedule depositions of the eight party plaintiffs and Plaintiffs' two Preliminary Injunction Declarants. There is no basis for a protective order or other relief from the dictates of Rule 26 and 30, which allow parties full discovery on all matters relevant to the claims and defenses, including oral depositions. This Court previously rejected Plaintiffs' blanket position against discovery and should reaffirm that ruling now, compelling Plaintiffs to fully participate in discovery via deposition under Rule 30.[4]

---

[3] Those answers were delivered "subject to and without waiving objections," which as noted previously, is a waiver of any objections. *See, e.g., Herrera v. AllianceOne Receivable Mgmt.*

[4] Plaintiffs have raised the possibility of a deposition on written questions, per Rule 31, but there is nothing in the Rule allowing a Court to force a party to give up its rights to examine witnesses with questions and follow-up questions in person, under oath, per Rule 30 and instead proceed under Rule 31.

Respectfully submitted,

Peter Breen
*Counsel for Mr. Daleiden*