**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANE DOES 1-10, individually and on behalf of others similarly situated; JOHN DOES 1-10, individually and on behalf of others similarly situated,<br><br>        Plaintiffs-Appellees,<br><br> v.<br><br>UNIVERSITY OF WASHINGTON, a Washington public corporation; PERRY TAPPER, Public Records Compliance Officer at the University of Washington, in his official capacity,<br><br>        Defendants-Appellees,<br><br> v.<br><br>DAVID DALEIDEN, an individual,<br><br>        Defendant-Appellant. | No.   18-35003<br><br>D.C. No. 2:16-cv-01212-JLR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted December 10, 2018
Submission Withdrawn April 11, 2019
Resubmitted March 24, 2020

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: TASHIMA, McKEOWN, and NGUYEN, Circuit Judges.

David Daleiden again appeals the district court's grant of a preliminary injunction arising from Daleiden's request of public records from the University of Washington under Washington's Public Records Act ("PRA"). A group of individuals referred to as the "Doe plaintiffs" challenged the release of documents. This matter is before us a second time. We remanded the case to the district court to reconsider the scope of its injunction. On reconsideration, the court issued a preliminary injunction that prohibits the University from disclosing "all personally identifying information or information from which a person's identity could be derived with reasonable certainty." We stayed Daleiden's second appeal pending a decision from the Washington Supreme Court related to the PRA. As it turns out, that decision—issued in late 2019—did not resolve the key disclosure issue here. Recognizing that the preliminary injunction hinges on the Doe plaintiffs' First Amendment rights, we affirm in part, reverse in part, and vacate in part.

We review the grant of a preliminary injunction for abuse of discretion and remand if the district court's decision is "based on either an erroneous legal standard or clearly erroneous factual findings." *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1096 (9th Cir. 2008).

"A plaintiff seeking a preliminary injunction must establish that he is likely

2

to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In the Ninth Circuit, "'if a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied.'" *Feldman v. Ariz, Sec'y of State's Office*, 843 F.3d 366, 375 (9th Cir. 2016) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1282, 1291 (9th Cir. 2013)) (internal marks omitted).

Because we agree with the district court that the balance of hardships tips precipitously in the favor of the Doe plaintiffs, we consider whether there is a serious question that goes to the merits. To prevail on their First Amendment claim, the Doe plaintiffs must show that particular individuals or groups of individuals were engaged in activity protected by the First Amendment and "'a reasonable probability that the compelled disclosure of personal information will subject'" those individuals or groups of individuals "'to threats, harassment, or reprisals'" that would have a chilling effect on that activity. *See John Doe No. 1 v. Reed*, 561 U.S. 186, 200 (2010) (quoting *Buckley v. Valeo*, 424 U.S. 1, 74 (1976)) (alterations omitted).

The district court did not err in concluding that Does 3, 4, and 5 were engaged in activity protected by the First Amendment, as they each took part in or were associated with advocacy for reproductive rights. *See NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462 (1958). And, without taking a position as to the ultimate merits, *see Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982), the district court did not err in concluding that whether the research activities of Does 7 and 8 constituted First Amendment protected activity posed a serious question that goes to the heart of their claims. *See, e.g., Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265, 312 (1978). However, the district court clearly erred in determining that Does 1, 2, and 6 were engaged in activity protected by the First Amendment. In making its findings, the court relied solely on the exceedingly thin and generalized declarations of these Doe plaintiffs, which fail to allege a particularized, personal link between the declarant and a claimed protected activity. We reverse and vacate the preliminary injunction with respect to Does 1, 2, and 6 and affirm in all other respects.

**AFFIRMED** in part, **REVERSED** in part, and **VACATED** in part. Each party shall bear its own costs on appeal.