HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOES 1 - 10, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, et al.,<br><br>Defendants. | No. 16-cv-1212-JLR<br><br>PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT |

## I.   INTRODUCTION

Plaintiffs brought this lawsuit after Defendant David Daleiden made a request to the University of Washington ("UW") under the Washington Public Records Act ("PRA"). Plaintiffs sought, and received, a preliminary injunction enjoining the UW from releasing records in response to Mr. Daleiden's PRA request absent redaction of Plaintiffs' personally identifying information.

This case has been heavily litigated, including extensive motion practice and multiple appeals. On November 18, 2022, Plaintiffs, Mr. Daleiden, and the UW participated in a settlement conference before the Honorable Michelle Peterson, resulting in settlement. Because Plaintiffs are a certified class, Plaintiffs now move for an Order approving the settlement.

PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL
OF SETTLEMENT - 1
(Case No. 16-cv-1212-JLR)

116904418.4 0099880-01061

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

## II. RELEVANT FACTS

On February 9, 2016, Mr. Daleiden submitted a request ("PR-2016-00109") to the UW under the PRA. Plaintiffs filed this case on August 3, 2016, on behalf of a putative class, to enjoin the UW from releasing records containing Plaintiffs' unredacted personally identifying information in response to PR-2016-00109. Dkt. 1. The Court entered a temporary restraining order on August 3, 2016. Dkt. 27. On November 15, 2016, the Court entered a preliminary injunction enjoining release of Plaintiffs' personally identifying information. Dkt. 88. The preliminary injunction was subsequently appealed and reissued multiple times. Dkt. Nos. 88, 130, 159, 197, 213, 219.

On March 5, 2018, Mr. Daleiden asserted a cross claim against the UW for alleged violations of the PRA in connection with PR-2016-00109. Dkt. 158. On April 14, 2018, the Court certified a class and three subclasses pursuant to Fed. R. Civ. P. 23(b)(2). Dkt. 172.

On August 31, 2022, Plaintiffs filed a renewed motion for summary judgment. Dkt. 234. The motion was stayed pending settlement discussions. Dkt. 253. On September 6 and 18, 2022, Mr. Daleiden submitted additional PRA requests to the UW for further, related records ("PR_2022_000663" and "PR_2022_000694").

Through counsel, the parties engaged in settlement discussions in September and October 2022. The case was referred to the Honorable Michelle Peterson for a settlement conference. Dkt. 255. On November 18, 2022, the parties participated in a settlement conference before Judge Peterson, which resulted in a settlement agreement (the "Settlement") that provides for dismissal of all claims.

## III. SETTLEMENT TERMS

The Settlement is not filed on the record but will be submitted to the Court directly for review in conjunction with this motion. Key terms of the Settlement include:

(1) The UW will make a supplemental disclosure of records responsive to PR_2016_00109 to (with the exception of John Doe 1) remove redactions to job

PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL
OF SETTLEMENT - 2
(Case No. 16-cv-1212-JLR)

116904418.4 0099880-01061

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

titles. Mr. Daleiden will withdraw his additional PRA requests (PR_2022_000663 and PR_2022_000694), and the UW will make a disclosure of additional, agreed records.

(2) All records disclosed by the UW to Mr. Daleiden in accordance with the Settlement will apply redactions to the personally identifying information of Plaintiffs and other affected individuals. With the exception of job titles (except for John Doe 1, whose job title shall remain redacted), "personally identifying information" is defined consistent with the Preliminary Injunction, as clarified, under Dkt. Nos. 88 and 130.

(3) The UW will pay Mr. Daleiden $30,000 in attorneys' fees and costs. Plaintiffs agree not to seek recovery of their attorneys' fees or costs incurred in this litigation from any party. Mr. Daleiden and the UW agree not to seek recovery from Plaintiffs of any attorneys' fees or costs.

(4) Plaintiffs' claims and Mr. Daleiden's counterclaims are dismissed with prejudice.

## IV.   LAW AND ARGUMENT

A settlement may be approved by the trial court if it is determined to be fair, adequate, and reasonable. Fed. R. Civ. P. 23(e)(2); *see also Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). Courts balance the following factors in making that determination:

(1) the strength of the plaintiffs' case;
(2) the risk, expense, complexity, and likely duration of further litigation;
(3) the risk of maintaining class action status throughout the trial;
(4) the amount offered in settlement;
(5) the extent of discovery completed and the stage of the proceedings;
(6) the experience and views of counsel;
(7) the presence of a governmental participant; and
(8) the reaction of the class members to the proposed settlement.

*Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004). "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s)

PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL
OF SETTLEMENT - 3
(Case No. 16-cv-1212-JLR)

advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982). The decision to approve or reject a proposed settlement is within the Court's discretion. *Moore v. Nat'l Ass'n of Sec. Dealers, Inc.*, 762 F.2d 1093, 1106 (D.C. Cir. 1985); *City of Seattle*, 955 F.2d at 1276.

The Settlement is fair and reasonable. The Settlement ensures ongoing protection of Plaintiffs' personally identifying information in records responsive to both Mr. Daleiden's prior PRA request and recent PRA requests. Except for job titles, redactions of personally identifying information required under the Settlement mirror redactions required under the preliminary injunction. The Settlement accounts for the preliminary injunctive relief obtained by Plaintiffs and the risks inherent in further litigation. The parties negotiated heavily at arms-length to arrive at the Settlement. Given the length of the case to date and the risks posed by further litigation, the Settlement is in Plaintiffs' best interest. Indeed, the Settlement achieves complete resolution for the entire class without further delay.

Likewise, the Settlement is the result of negotiations between experienced attorneys who are familiar with class action litigation in general, and with the legal and factual issues of this case in particular. Class counsel are qualified and experienced, and support the Settlement as fair, adequate, and reasonable, and in the best interests of the class as a whole. *See Reed v. Gen. Motors Corp.*, 703 F.2d 170, 175 (5th Cir. 1983) (noting that when experienced and skilled class counsel support a settlement, their views are given great weight); *see also D.T. by and through K.T. v. NECA/IBEW Family Med. Care Plan*, No. 2:17-cv-00004-RAJ, 2021 WL 4709805, at *2 (W.D. Wash. Oct. 8, 2021 ("A presumption of fairness and adequacy attaches to a class action settlement reached in arm's-length negotiations by experienced class counsel after meaningful discovery.").

Plaintiffs are certified as a class pursuant to Fed. R. Civ. P. 23(b)(2) because Plaintiffs sought only injunctive relief. Accordingly, the Settlement does not include an award of monetary

PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL
OF SETTLEMENT - 4
(Case No. 16-cv-1212-JLR)

116904418.4 0099880-01061

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

damages. Further, Plaintiffs' counsel handled this case pro bono, and in the interest of resolution, do not seek recovery of their attorneys' fees or costs. In light of these facts, there is no need for a fairness hearing.

There was sufficient discovery completed in this case to reach a settlement. Going into settlement negotiations, Plaintiffs did not need any additional discovery to litigate the case, as reflected by Plaintiffs' Renewed Motion for Summary Judgment, Dkt. 234. Finally, the class representatives support the Settlement and Plaintiffs' counsel has no reason to believe that absent class members will not support resolution at this stage.

## V. CONCLUSION

In light of the foregoing, Plaintiffs respectfully request that the Court approve the Settlement without further process.

Dated this 12th day of December 2022, at Seattle, Washington.

**STOEL RIVES LLP**

*s/Vanessa Soriano Power*
Vanessa Soriano Power, WSBA No. 30777
Jenna Poligo, WSBA 54466

**LEGAL VOICE**
Kim Clark, WSBA No. 51644
S. Julia Littell, WSBA No. 54106

**CORR CRONIN LLP**
Steven W. Fogg, WSBA No. 23528
Maia Robbins, WSBA No. 54451
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154-1051
Telephone: (206) 625-8600

*Attorneys for Plaintiffs*

PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL
OF SETTLEMENT - 5
(Case No. 16-cv-1212-JLR)

116904418.4 0099880-01061

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2022, I served a copy of the foregoing document on all CM/ECF Registered Participants of record for this case.

/s/Leslie Lomax
Leslie Lomax, Legal Practice Assistant

CERTIFICATE OF SERVICE - 1
(Case No. 16-cv-1212-JLR)

116904418.4 0099880-01061

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*