THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOES 1 - 10, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, et al.,<br>Defendants.,<br><br>    Defendant. | No. 16-cv-1212-JLR<br><br>JOINT STIPULATION FOR DISMISSAL OF CLAIMS WITH PREJUDICE SUBJECT TO THE COURT RETAINING JURISDICTION OVER THE PARTIES' SETTLEMENT AGREEMENT |

The parties, by and through their counsel, stipulate and agree as follows:

1. The parties have entered a Settlement Agreement in this matter, attached as Exhibit A.

2. All claims are dismissed with prejudice, pursuant to the Settlement Agreement.

3. The Court shall retain jurisdiction to enforce the terms of the Settlement Agreement until 60 days after production to Mr. Daleiden of all documents required to be produced to him under the Agreement, along with any additional time necessary for the Court to adjudicate any issues raised by the Parties prior to the passing of the 60 days after production.

///

///

///

JOINT STIPULATION FOR DISMISSAL
OF CLAIMS WITH PREJUDICE
(16-cv-1212-JLR) - 1

117684666.1 0099880-01061

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

| | | |
|---|---|---|
| 1 | **ROBERT W. FERGUSON** | **STOEL RIVES LLP** |
| 2 | Washington Attorney General | |
| 3 | *s/* Nancy S. Garland | *s/*Vanessa Soriano Power |
| | Nancy S. Garland, WSBA No. 43501 | Vanessa Soriano Power, WSBA No. 30777 |
| 4 | Assistant Attorney General | Jenna Poligo, WSBA 54466 |
| | Washington Attorney General's Office | |
| 5 | | **LEGAL VOICE** |
| | **JACKSON & NICHOLSON, P.S.** | Kim Clark, WSBA No. 51644 |
| 6 | John R. Nicholson, WSBA No. 30499 | |
| | *Attorneys for Defendants the University of* | **CORR CRONIN LLP** |
| 7 | *Washington and Perry Tapper* | Steven W. Fogg, WSBA No. 23528 |
| | | Maia Robbins, WSBA No. 54451 |
| 8 | | 1001 Fourth Avenue, Suite 3900 |
| | **THOMAS MORE SOCIETY** | Seattle, WA 98154-1051 |
| 9 | | Telephone: (206) 625-8600 |
| | *s/*Peter Breen | |
| 10 | Peter Breen, *pro hac vice* | *Attorneys for Plaintiffs* |
| | Thomas Brejcha, *pro hac vice* | |
| 11 | | |
| | **LiMANDRI & JONNA LLP** | |
| 12 | Jeffrey Trissell, *pro hac vice* | |
| 13 | **WILLIAM JOHN CRITTENDEN** | |
| | William J. Crittenden, WSBA No. 22033 | |
| 14 | *Attorneys for Defendant David Daleiden* | |

## ORDER

Based on the foregoing, the Court grants the parties' Joint Stipulation, dismisses all claims herein and will retain jurisdiction to enforce the Settlement Agreement as noted in the Joint Stipulation.

SO ORDERED this 16th day of December, 2022.

_____
The Hon. James L. Robart
U.S. District Judge

JOINT STIPULATION FOR DISMISSAL
OF CLAIMS WITH PREJUDICE
(16-cv-1212-JLR) - 2

117684666.1 0099880-01061

**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

# EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement Agreement & Mutual Release ("Agreement") is made by and between the Parties, as that term is defined below in Section I, and is effective as of December 5, 2022 (the "Effective Date").

### I.     DEFINITIONS & RECITALS

A. "Plaintiffs" means the class and three subclasses certified by the Court on April 14, 2018 (Dkt. 172).

B. The "University of Washington" or "UW" means Defendants University of Washington and Perry M. Tapper (in his official capacity as Public Records Compliance Officer at the University of Washington), and any past, present, or future predecessor, successor, assignee, attorney-in-fact, parent, subsidiary, affiliate, and division of the foregoing, including, without limitation, University of Washington's Birth Defects Research Laboratory, as well as, but not limited to, any director, officer, employee, attorney, insurer, or agent thereof.

C. "Mr. Daleiden" means Defendant David Daleiden.

D. "Parties" means collectively those individuals and entities defined in I. A-C.

E. On February 9, 2016, Mr. Daleiden submitted PR-2016-00109 to the UW seeking disclosure of records under the Washington Public Records Act ("PRA"). Through counsel, Mr. Daleiden submitted a PRA request to UW on September 6, 2022 (PR_2022_000663), seeking to update the 2016 PRA request disclosure, and a clarification of PR_2022_000663 on September 18, 2022 (designated PR_2022_000694). PR-2016-00109, PR_2022_000663, and PR_2022_000694 are collectively the "PRA Requests."

F. On August 3, 2016, Plaintiffs filed litigation on behalf of a putative class, *Jane Does 1-10 et al., v. University of Washington et al.*, W.D. Wash. Case No. 16-cv-1212-JLR (the "Lawsuit") to enjoin the UW from releasing records in response to Mr. Daleiden's PRA request PR-2016-00109 absent redaction of Plaintiffs' personally identifying information. Dkt. 1.

G. On August 3, 2016, the Court entered a Temporary Restraining Order that "RESTRAIN[ed] the University of Washington from releasing, altering, or disposing of the requested documents or disclosing the personal identifying information of Plaintiffs[.]" Dkt. 27.

H. On August 9, 2016, Mr. Daleiden notified the UW that he "does not seek the personal contact information of any individuals – including direct work phone numbers, work e-mails, personal addresses, and personal cell phone numbers – and we ask that any personal contact information be redacted in the documents produced in response to the request. Further, we clarify that the request does not seek the names of any individuals, except the eight individuals named in the request itself, and we ask that any names of any individuals, except the eight individuals named in the request itself, be redacted in the documents produced in response to the request." Dkt. 44, at 11-12.

1

I. A preliminary injunction was entered and subsequently reissued and affirmed, requiring that the UW "redact[] all personally identifying information or information from which a person's identity could be derived with reasonable certainty for all individuals. Such information includes but not limited to (a) information that identifies or provides the location of an individual, (b) information that would allow an individual to be identified or located, (c) information that would allow an individual to be contacted, (d) names of individuals, (e) phone numbers, (f) facsimile numbers, (g) email and mailing addresses, (h) social security or tax identification numbers, and (i) job titles." Dkts. 88, 130, 197, 213, 229.

J. On January 20, 2017, UW released its "Stage 1" disclosure of documents in response to PR-2016-00109. On June 7, 2017, UW released additional documents, as part of its "Stage 2 Final" disclosure to PR-2016-00109 (collectively, "PRA Disclosure 1").

K. On March 5, 2018, Mr. Daleiden asserted a cross-claim against UW for alleged violations of the PRA in connection with PR-2016-00109.

L. On March 8, 2018, the Court granted Mr. Daleiden's Motion to Clarify the Preliminary Injunction, holding that the injunction does not "require the redaction of non-personal corporate information, including corporate names, the domain portion of work email addresses, and corporate physical addresses." Dkt. 159. On April 29, 2018, UW re-disclosed the documents responsive to PR-2016-00109, removing previous redactions to non-personal corporate information.

M. On April 14, 2018, the Court certified a class and three subclasses. Dkt. 172.

N. On November 18, 2022, the Parties participated in a settlement conference before the Honorable Michelle Peterson. The Parties' settlement is memorialized in this Agreement. As more fully set forth below, to further the interests of the Parties, avoid the uncertainty of continued litigation and trial, and for other good and valuable consideration as set forth herein, the Parties agree to resolve and waive, mutually release, and otherwise compromise any and all claims asserted in the Lawsuit and/or that each Party to this Agreement may have against the other Party in connection with the Lawsuit or the PRA Requests.

O. Mr. Daleiden and the University of Washington vigorously contest the other Parties' respective claims against them and do not in any way admit the validity of those claims or any purported liability thereunder by this Agreement.

## II.   AGREEMENT

NOW, THEREFORE, in consideration of the actions, forbearances, and mutual promises of the Parties contained in this Agreement, the sufficiency of which are acknowledged, the Parties agree as follows:

1. **Definitions and Recitals.** The foregoing definitions and recitals set forth above are incorporated by reference.

2. ***Time, Manner, and Amount of Settlement Payment.***

   a. Within 30 days of November 18, 2022, the University of Washington shall pay Thirty Thousand Dollars and No Cents ($30,000.00) (the "Cross-Claim Settlement Amount") in attorney's fees to Mr. Daleiden's counsel. Payment shall be made to "Thomas More Society," Tax ID No. 36-4270023.

   b. Plaintiffs agree not to seek recovery from Mr. Daleiden or the University of Washington of their attorneys' fees or costs or any other expenses incurred in this Lawsuit.

   c. Mr. Daleiden and the University of Washington agree not to seek recovery from Plaintiffs of any attorneys' fees or costs or any other expenses incurred in this Lawsuit.

3. ***Global Release.*** This Agreement is intended to serve as a full and complete settlement of any and all claims the Parties may have against one another relating to the Lawsuit or the PRA Requests.

4. ***No Admission of Liability.*** The University of Washington and Mr. Daleiden do not admit any liability with regard to the claims at issue in this Lawsuit, including the cross-claim, and the agreement to provide or receive documents with redactions and the Cross-Claim Settlement Amount shall not be construed or portrayed by any party or anyone acting on behalf of a party in any other court or administrative action as an admission of guilt or liability under the Public Records Act, the United States and Washington Constitutions, or any other theory of recovery.

5. ***Withdrawal of PR-2022-000663, and PR-2022-000694.*** Mr. Daleiden agrees that, as of November 18, 2022, PR-2022-000663 and PR-2022-000694 are deemed withdrawn.

6. ***Supplemental Disclosure***. In the interest of resolving this Lawsuit, the UW agrees to make a supplemental disclosure subject to search requirements set forth in the Public Records Act (the "Supplement"):

   a. The UW shall conduct a reasonable search for and produce records responsive to the language of PR-2016-00109 for the time period of February 10, 2016 through November 18, 2022; and

   b. The UW shall conduct a reasonable search for and produce records from 2010 to November 18, 2022 pursuant to the following terms:

      i. All affiliation agreements and/or any contracts, memoranda of understanding, material transfer agreements, or rent or lease agreements, between the UW School of Medicine or UW Medicine and either Cedar River Clinics, or any Planned Parenthood entity, or any other abortion

provider from which the UW obtained fetal tissue;

ii. All documents and communications, including any policy or procedures and/or manuals, with the University Human Subjects Division or with any University of Washington Institutional Review Board (IRB) concerning:

1. The acquisition or use of human fetal tissue, human fetal organs, human fetal cell products, human fetal placenta and/or other human products of conception, from induced abortions;

2. Research using human fetal tissue, human fetal organs, human fetal cell products, human fetal placenta, and/or other human products of conception, from induced abortions;

3. Any exemptions granted by the IRB for any applications or submissions using human fetal tissue, human fetal organs, human fetal cell products, human fetal placenta, and/or other human products of conception, from induced abortions;

iii. All documents and communications with Dr. Sarah Prager, uwfp@uw.edu, Dr. Laurel Kuehl, Dr. Elizabeth Micks, Dr. Erin Berry, or Dr. Denise Bayuszik, concerning aborted fetal tissue or products of conception;

iv. Any and all evidence of payment associated with any of the categories (i) through (iii) above, including but not limited to, invoices, checks, purchase orders, wire transfers, bank transfers, warrants;

v. Tissue Request Forms related to aborted fetal tissue or products of conception (*see, e.g.*, page 1039 of PRA Disclosure 1) submitted to the University BDRL from 2010 to November 18, 2022;

vi. Written protocols of any kind for the isolation or dissection of specific organs and tissues obtained from induced abortion;

vii. All written records of fetal tissue specimens obtained by the University BDRL from 2010 to November 18, 2022;

viii. All communications and documents between Cedar River Clinics and UW entities relating to the "clinic services" provided by Cedar River Clinics to the University of Washington (*see, e.g.*, PRA Disclosure 1, pp. 58, 59, 64, 66, 86, 70, 71, 74-77), specifically including contracts and invoices;

ix. Grant applications, progress reports, final reports, and other correspondences between the UW and the National Institutes of Health related to human fetal tissue research at the University.

4

c. UW may apply any redactions to the responsive records in the Supplement that would be allowed or required by the Public Records Act and other applicable law if these records were being produced in a PRA response.

7. ***Redaction of Personally Identifying Information.*** Mr. Daleiden agrees that, consistent with the intent of his prior clarifications of his PRA request PR-2016-00109, PRA Disclosure 1 and the Supplement may be redacted in accord with the terms of the Preliminary Injunction Order, as further clarified by the Court, except for job titles which will not be redacted, with the exception of the job title of John Doe 1, whose job title, the parties agree, shall remain redacted. Redactions to PRA Disclosure 1 and the Supplement that have or will be applied are: "all personally identifying information or information from which a person's identity could be derived with reasonable certainty for all individuals. Such information includes but is not limited to (a) information that identifies or provides the location of an individual, (b) information that would allow an individual to be identified or located, (c) information that would allow an individual to be contacted, (d) names of individuals, (e) phone numbers, (f) facsimile numbers, (g) email and mailing addresses, and (h) social security or tax identification numbers," (Dkt. 88), but shall not include (y) job titles, except for the job title of John Doe 1, and (z) "non-personal corporate information, including corporate names, the domain portion of work email addresses, and corporate physical addresses" (Dkt. 159). The names of individuals (if any) not redacted in PRA Disclosure 1 shall not be redacted in the documents produced in relation to the Supplement; however, if an individual's name and/or information was not redacted in a published article but was redacted in other locations, that individual's name and/or information will still be redacted in the Supplement, except where it may appear in published articles.

8. ***Re-Disclosure of Records Responsive to PR-2016-00109.*** As part of this global settlement, UW will re-disclose the records previously produced in PRA Disclosure 1 with job titles unredacted, except for the job title of John Doe 1, directly to Mr. Daleiden, with a copy also provided to counsel for Plaintiffs at Stoel Rives LLP. All other redactions of PRA Disclosure 1 shall remain the same. Plaintiffs will coordinate with the UW to effect the exception applicable to John Doe 1.

9. ***Redactions to Supplement***. Before releasing records responsive to the Supplement to Mr. Daleiden, the UW will first disclose the records, with statutorily required or allowed redactions applied, to Plaintiffs' counsel at Stoel Rives LLP. Stoel Rives LLP will apply additional redactions to the Supplement described in Paragraph 7. Unless otherwise agreed, Stoel Rives LLP shall have six (6) weeks to apply redactions after receipt of records from the UW. After redactions have been completed, Stoel Rives LLP will provide the redacted Supplement to Mr. Daleiden, with a copy to UW.

10. ***No Opposition by Mr. Daleiden to Redactions to Supplement***. Mr. Daleiden agrees not to oppose redactions to the Supplement, regardless of whether the redactions apply to an individual currently within the class certified under the Lawsuit (Dkt. 172) or not, except

117700175.1 0099880-01061

as to those individuals (if any) whose identities were not redacted in PRA Disclosure 1; however, if an individual's name and/or information was not redacted in a published article, but was redacted in other locations, that individual's name and/or information will still be redacted in the Supplement, except where it may appear in published articles.  Specifically, Mr. Daleiden agrees that redactions to the Supplement may be applied without amendment to the class, and that this settlement encompasses any relevant individuals as if they were members of the certified class.

11. ***No Opposition by Plaintiffs to Release of Job Titles***.  Plaintiffs agree not to oppose the UW's release of job titles in the records responsive to PR-2016-00109 and the Supplement, with the exception of the job title of John Doe 1, which the parties agree shall remain redacted.

12. ***Mr. Daleiden's Representation.***  Mr. Daleiden has made certain representations in his sworn declaration in the Lawsuit (Dkt. 50-1), further articulated here. Mr. Daleiden affirms that his "public records request does not, and has never, requested the personal contact information of any individuals whatsoever," (Decl., par. 27), nor the names of the Does or other absent class members (other than "eight individuals who are already widely publicly identified with BDRL, fetal tissue processing, and abortion"), (Decl., par. 26). Mr. Daleiden represents that it is his firm belief that "there is absolutely no possibility that Plaintiffs will suffer any harm" in connection with the PRA response. (Decl., par. 46). Mr. Daleiden has sworn that he rejects "instilling fear for personal safety," believing such conduct absolutely unacceptable in connection with this and other controversial issues. (Decl., par. 47). Mr. Daleiden has been in possession of thousands of pages of PRA documents in this case for over five years. Mr. Daleiden represents that he has used those documents solely for salutary journalism and research purposes during those many years. He represents that this will remain his sole purpose for any future use of the documents, and he continues to reject "instilling fear for personal safety" as a part of his salutary journalistic efforts.

13. ***No Pending PRA Requests.***  Mr. Daleiden represents there are no other PRA requests submitted by him or on his behalf to the UW.

14. ***Dismissal of Lawsuit.*** This Agreement is contingent upon entry of an order granting final approval of this class-wide settlement and entry of the Parties' Joint Stipulation to dismiss. Plaintiffs will file a motion for approval of class action settlement and dismissal of Plaintiffs' claims within five (5) court days of the execution of this Agreement.  Mr. Daleiden and the UW agree not to oppose Plaintiffs' motion for approval, which will be filed as an "unopposed motion." The Parties will within five (5) court days after Plaintiffs' motion for approval is granted, file the attached Joint Stipulation to dismiss all claims with prejudice.  The Parties agree that the District Court will retain jurisdiction to enforce the terms of this Agreement until sixty (60) days after the production of all documents to Mr. Daleiden required to be produced to him under the Agreement, along with any additional time necessary for the Court to adjudicate any issues raised by the Parties prior to the passing of the sixty (60) days after production.

15. ***Integration.*** This Agreement is an integrated document and contains the entire agreement regarding the Parties' resolution of the claims between them regarding the settlement of the Lawsuit and resolution of the PRA Requests. This Agreement supersedes and controls any and all prior communications and/or agreements between any of the Parties or their representatives relative to these matters.

16. ***Washington Law.*** This Agreement shall be governed by and construed in accordance with the substantive laws of the State of Washington without reference or regard to Washington's or any other state's conflict or choice of law principles that would result in the application of any law other than the law of the State of Washington.

17. ***Severability.*** If any term, provision, covenant, or condition of this Agreement shall be held by a court of competent jurisdiction to be invalid, it shall be severed, and the remainder shall stand in full force and effect and shall in no way be affected, impaired or invalidated.

18. ***Binding Nature.*** The provisions of this Agreement shall inure to the benefit of and be binding on the Parties and their respective heirs, representatives, successors, and assigns.

19. ***Joint Effort.*** Preparation of this Agreement has been a joint effort of the Parties, and the resulting document(s) shall not be construed more severely against any one of the Parties than against any other.

20. ***Modification.*** The Parties agree that this Agreement may only be modified in writing signed by all Parties.

21. ***Agreement Read and Understood***. The Parties represent that they have each had, prior to the execution of this Agreement, the opportunity to review its contents with an attorney of their choosing, that they have read and understand the provisions of this Agreement, that they have not been given or relied upon any representations other than those expressly set forth in this Agreement, and that they have not been induced to enter into this Agreement by any representations other than those expressly set forth herein.

22. ***Warranty of Capacity to Execute Agreement.*** Each Party represents and warrants that it has the sole right and exclusive authority to execute this Agreement for the good and valuable consideration set forth herein; and that it has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Agreement. Plaintiffs' counsel is authorized to execute this Agreement on behalf of Plaintiffs.

23. ***Effectiveness.*** This Agreement shall become effective as of the Effective Date upon the execution by the Parties. Further, this Agreement may be signed in counterpart copies and shall be effective when each Party hereto has signed at least one copy, and an assembled set of such counterpart copies shall have the same force and effect as an original. A facsimile or computer-transmitted (PDF) signature shall be as binding as an original. At the

request of any Party, a Party having delivered a signature by facsimile or electronic mail shall promptly deliver an original signature as well.

**STOEL RIVES LLP ON BEHALF OF PLAINTIFFS**

By: _[signature]_
Printed Name: Jenna M. Poligo
Its: Counsel
Date: 12/5/2022

**DAVID DALEIDEN**

By: _[signature]_
Printed Name: David Daleiden
Its:
Date: 12/5/22

**UNIVERSITY OF WASHINGTON AND PERRY TAPPER**

By: _[signature]_
Printed Name: Perry Tapper
Its: Compliance Officer
Date: 12/8/2022

By: _Matt Weber_
Printed Name: Matt Weber
Its: Director, Claim Services
Date: 12/8/22
8

THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOES 1 - 10, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, et al.,<br>Defendants.,<br><br>    Defendant. | No. 16-cv-1212-JLR<br><br>[PROPOSED] JOINT STIPULATION FOR DISMISSAL OF CLAIMS WITH PREJUDICE SUBJECT TO THE COURT RETAINING JURISDICTION OVER THE PARTIES' SETTLEMENT AGREEMENT |

The parties, by and through their counsel, stipulate and agree as follows:

1. The parties have entered a Settlement Agreement in this matter, attached as Exhibit A.

2. All claims are dismissed with prejudice, pursuant to the Settlement Agreement.

3. The Court shall retain jurisdiction to enforce the terms of the Settlement Agreement until 60 days after production to Mr. Daleiden of all documents required to be produced to him under the Agreement, along with any additional time necessary for the Court to adjudicate any issues raised by the Parties prior to the passing of the 60 days after production.

///

///

///

[PROPOSED] JOINT STIPULATION FOR DISMISSAL
OF CLAIMS WITH PREJUDICE
(16-cv-1212-JLR) - 1

117684666.1 0099880-01061

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

| | |
|---|---|
| **ROBERT W. FERGUSON**<br>Washington Attorney General<br><br>s/<br>Nancy S. Garland, WSBA No. 43501<br>Assistant Attorney General<br>Washington Attorney General's Office<br><br>**JACKSON & NICHOLSON, P.S.**<br>John R. Nicholson, WSBA No. 30499<br>*Attorneys for Defendants the University of Washington and Perry Tapper*<br><br>**THOMAS MORE SOCIETY**<br><br>s/<br>Peter Breen, *pro hac vice*<br>Thomas Brejcha, *pro hac vice*<br><br>**LiMANDRI & JONNA LLP**<br>Jeffrey Trissell, *pro hac vice*<br><br>**WILLIAM JOHN CRITTENDEN**<br>William J. Crittenden, WSBA No. 22033<br>*Attorneys for Defendant David Daleiden* | **STOEL RIVES LLP**<br><br>s/<br>Vanessa Soriano Power, WSBA No. 30777<br>Jenna Poligo, WSBA 54466<br><br>**LEGAL VOICE**<br>Kim Clark, WSBA No. 51644<br><br>**CORR CRONIN LLP**<br>Steven W. Fogg, WSBA No. 23528<br>Maia Robbins, WSBA No. 54451<br>1001 Fourth Avenue, Suite 3900<br>Seattle, WA 98154-1051<br>Telephone: (206) 625-8600<br><br>*Attorneys for Plaintiffs* |

**ORDER**

Based on the foregoing, the Court grants the parties' Joint Stipulation, dismisses all claims herein and will retain jurisdiction to enforce the Settlement Agreement as noted in the Joint Stipulation.

SO ORDERED this _____ day of _____.

_____
The Hon. James L. Robart
U.S. District Judge

[PROPOSED] JOINT STIPULATION FOR DISMISSAL
OF CLAIMS WITH PREJUDICE
(16-cv-1212-JLR) - 2

117684666.1 0099880-01061

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900